IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> 1M SUNSHINE et al., <br><br> Defendants. | ) Case No. 18-cv-4651 <br> ) <br> ) **Judge Gary S. Feinerman** <br> ) <br> ) **Magistrate Judge Jeffrey Gilbert** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT INTUII LLC'S
MOTION TO LIFT THE TEMPORARY RESTRAINING ORDER
WITH RESPECT TO INTUII LLC**

Defendants Intuii LLC ("Intuii") and Jens Sorensen ("Sorensen") (collectively "Intuii" and "Sorensen" shall be referred to as Defendants) submits this Memorandum in support of its Motion to Lift the Temporary Restraining Order ("TRO") with respect to Intuii.

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

Intuii and Sorensen are not proper defendants in this action and they should not be subject to the TRO. Intuii is a California company founded over 15 years ago by Sorensen, a U.S. citizen residing in San Diego. Intuii has not sold a single accused product. Intuii previously listed two Uloveido products for sale, but both products appear to be genuine Uloveido products that Plaintiff was selling in its own Amazon marketplace. That is neither trademark infringement nor counterfeit activity. Intuii's conduct was and is entirely proper.

There is no basis to maintain the TRO against Intuii. Intuii never sold or offered to sell counterfeit products. Intuii is not a covert foreign counterfeiter, is not concealing its identity, and is not a risk to transfer assets to "offshore accounts." In fact, Intuii has decided to no longer

offer any Uloveido products for sale in the future and has implemented measures to prevent any Uloveido products from ever being listed in its marketplaces.

By contrast, the TRO is causing immediate and irreparable harm to Intuii. Without access to its PayPal and eBay accounts, Intuii will go out of business within a matter of days. Sorensen, the owner and Manager of Intuii, is a California resident who currently supports his family entirely by selling products through Intuii on eBay because he needs to work from home to care for his six-year-old autistic son. Sorensen is also responsible for financially supporting his parents, including his 79-year-old father suffering from advanced Parkinson's Disease. Intuii also supports several independent contractors. Thus, the equities tip sharply and decisively in favor of Intuii. The Court should lift the TRO with respect to Intuii.

## II. THE COURT SHOULD LIFT THE TRO WITH RESPECT TO INTUII

### A. Plaintiff Cannot Show A Likelihood of Success On The Merits With Respect to Intuii

Plaintiff cannot establish a likelihood of success on the merits because Intuii has not sold or offered to sell any counterfeit Uloveido products. Intuii listed two online ads offering to sell what appear to be *genuine* Uloveido items. "Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent." *NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987).

Intuii uses specialized computer software to identify products priced favorable in one online marketplace (*e.g.*, Amazon) and offers the item for sale at a slight markup in other online marketplaces (*e.g.*, Ebay). (Sorensen Decl., ¶ 4.) When a consumer purchases a product, Intuii places an order with the original seller and has the seller ship the product directly to the consumer. (*Id.*) The two Uloveido items that Intuii previously offered for sale were Uloveido products that Plaintiff was selling in its own Amazon marketplace. (*Id.* ¶¶ 8-9.) These were

genuine Uloveido products and if a consumer had purchased either of them from Intuii, Intuii would have purchased them from Uloveido's Amazon marketplace and Amazon would have shipped the genuine Uloveido item to the consumer. Reselling genuine branded products is not trademark infringement. *See NEC Elecs.*, 810 F.2d at 1509.

**B.      Plaintiff Cannot Shows Irreparable Harm Caused by Intuii**

This Court's finding of irreparable harm was based on the finding that "Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts." (Dkt. No. 16 at 2.) Plaintiff's Complaint repeatedly makes similar assertions against Defendants generally. (*See* Dkt. No. 1 ¶¶ 17-24.) However, those assertions simply do not apply to Intuii, who is a California LLC that is managed by a United States citizen residing in San Diego. There is no evidence that Intuii or Mr. Sorensen will engage in any of the behavior that worried Plaintiff or this Court.

Plaintiff also argued it would suffer "irreparable injury" because "Defendants' unauthorized use of the ULOVEIDO Trademark has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales." (Dkt. No. 13 at 9.) That is also not true with respect to Intuii. Intuii has never sold any Uloveido products and only offered for sale two genuine Uloveido products. (Sorensen Decl. ¶¶ 8-10.) Intuii is not currently offering any Uloveido products for sale and has taken measures to prevent its computer software from offering Uloveido products. (*Id.* ¶ 11.) While other Defendants may pose a risk of future infringement, there is no such risk with respect to Intuii. Thus, the TRO is improper with respect to Intuii because Plaintiff cannot show it will suffer irreparable harm.

### C. The Balance of Equities Tips Sharply In Intuii's Favor

Unlike Plaintiff, Intuii will suffer great and irreparable harm if the injunction remains in effect. This injunction has crippled Intuii's business by preventing it from accessing its online marketplace accounts. Without access to PayPal, Intuii is not able to fulfill orders and its independent contractors have already indicated they may look for work elsewhere. Intuii expects that it will be forced to shut down within days if it does not obtain relief from the TRO. (Sorensen Decl. ¶ 12.) Intuii's founder, Sorensen, relies on Intuii sales to support his family, including his six-year-old autistic son and his 79-year-old father with advanced Parkinson's Disease. (*Id.* ¶ 14.) Thus, the TRO is quite literally threatening the health of Mr. Sorensen's family.

Plaintiff argued that Intuii's harm was "due to actions unilaterally taken by Paypal" because Plaintiff "did not seek and currently does not have an asset restraining order in place for funds in any Paypal account or other financial accounts." (Zelkind Decl., Ex. 1.) That is inconsistent with the Plaintiff's argument before this Court that it needed to extend the TRO because it planned to "freeze funds in financial accounts identified by the third parties in proportion to the revenues garnered by Defendants as shown by the evidence received from these third parties." (Dkt. No. 18 at 2.)[1] Contrary to Plaintiff's assertions, the harm Intuii and Sorensen are suffering is directly due to the TRO and Plaintiff's actions.

Plaintiff will suffer no harm, whatsoever, from the TRO being lifted with respect to Intuii. In contrast, Intuii will likely go out of business and Mr. Sorensen will be unable to support his family. The equities tip sharply in favor of Intuii.

---

[1] Plaintiff's assertion that it would only freeze funds "in proportion to the revenues garnered by Defendants" did not happen. All of Intuii's funds have been frozen even though Intuii has not made *any* revenue on accused products.

If the Court denies this motion, however, it should at least amend the TRO to state that assets are *not* to be frozen and order third parties, including PayPal, to unfreeze Intuii's and Sorensen's assets.

### III. THE COURT SHOULD REQUIRE PLAINTIFF TO PAY INTUII'S DAMAGES

The Court should award Intuii its costs and damages because Plaintiff failed to conduct a reasonable inquiry before making representations about Intuii to this Court. If Plaintiff had conducted a reasonable inquiry, it would have realized that Intuii is a domestic company located in San Diego that did not sell or offer to sell counterfeit Uloveido products. Plaintiff should have recognized that Intuii only offered to sell genuine Uloveido products. No one is in a better position to make that determination than Plaintiff.

Even after Intuii told Plaintiff of these facts, Plaintiff still refuses to take action to limit the harm it is causing to Intuii. (Zelkind Decl., Ex. 1.) On August 10, Intuii contacted Plaintiff's counsel and explained why the TRO was improperly issued as to Intuii. (*Id.*) Plaintiff did not dispute that Intuii was a U.S. company or that Intuii offered to sell only genuine Uloveido products from Uloveido's Amazon marketplace. (*Id.*) Nevertheless, Plaintiff refused to lift the TRO. (*Id.*)

Although Plaintiff successfully argued against posting a bond, Plaintiff's authority stands for the opposite proposition.[2] The Court should order Plaintiff to pay Intuii's costs and damages.[3]

---

[2] In both cases relied on by the Plaintiff, the trial courts were actually ***reversed*** for not requiring a sufficient bond. *Rathmann Group v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989) (reversing trial court because it required only a $10,000 bond); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999) (finding the language of Rule 65 is "mandatory and unambiguous" and "failure to require a bond upon issuing injunctive relief is reversible error").

## IV. CONCLUSION

For all the reasons discussed above, the Court should grant Intuii's and Sorensen's motion, lift the TRO with respect to Intuii, and order Plaintiff to pay Intuii's and Sorensen's costs and damages caused by the TRO.

Respectfully submitted,

**COHON RAIZES & REGAL LLP**

Dated: August 15, 2018

By: */s/Carrie A. Dolan*
Carrie A. Dolan (Bar No. 6224808)
208 South La Salle Street
Suite 1440
Chicago, Illinois 60604
Phone: (312) 726-2252
Fax: (312) 726-0609
cdolan@cohonraizes.com

*Attorney for Defendants,*
Intuii LLC and Jens Sorensen

*OF COUNSEL*:

Michael K. Friedland (to be admitted *pro hac vice*)
Boris Zelkind (to be admitted *pro hac vice*)
Adam B. Powell (to be admitted *pro hac vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
michael.friedland@knobbe.com
boris.zelkind@knobbe.com
adam.powell@knobbe.com

---

[3] Intuii has not yet calculated the precise nature of its damages other than the attorney's fees it has incurred in filing this motion. (Sorensen Decl. ¶ 16.) Intuii respectfully requests that it be permitted to file an accounting of its damages separately if the Court grants its request.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants Intuii LLC and Jens Sorensen hereby certify that on **August 15, 2018**, a true and correct copy of **MEMORANDUM IN SUPPORT OF DEFENDANT INTUII LLC'S MOTION TO LIFT THE TEMPORARY RESTRAINING ORDER WITH RESPECT TO INTUII LLC** was filed electronically with the Clerk of Court through the Court's CM/ECF System, which will provide electronic notification of such filing to the following Counsel of Record:

L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th Avenue, Suite 1888
New York, NY 10001
ford@fordbanister.com
Mailing Address:
P.O. Box 3514 PMB 23332
New York, NY 10008
Telephone: (212) 574-8107

Charles E. McElvenny
Law Office of Charles E. McElvenny
20 North Clark Street, Suite 2200
Chicago, IL 60602
charlie@cemlawfirm.com
Telephone: (312) 291-8330

*Attorneys for Plaintiff,*
WEIFANG TENGYI JEWELRY TRADING CO., LTD.

Dated: August 15, 2018       By: */s/Carrie A. Dolan*
                                  Carrie A. Dolan (Bar No. 6224808)
                                  **COHON RAIZES & REGAL LLP**
                                  208 South La Salle Street
                                  Suite 1440
                                  Chicago, Illinois 60604
                                  Phone: (312) 726-2252
                                  Fax: (312) 726-0609
                                  cdolan@cohonraizes.com