**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-4651 |
| | ) | |
| v. | ) | **Judge Gary S. Feinerman** |
| | ) | |
| | ) | **Magistrate Judge Jeffrey Gilbert** |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF WEIFANG TENGYI JEWELRY TRADING CO., LTD.'S MOTION
TO WITHDRAW MOTION FOR PRELIMINARY INJUNCTION**

Comes Now, Plaintiff Weifang Tengyi Trading Co., Ltd. ("Plaintiff" or "Weifang") and moves the Court to withdraw its Motion for Preliminary Injunction as to the non-appearing Defendants. [Doc. 46] In support thereof, Plaintiff submits as follows:

1.      Plaintiff moved for a temporary restraining order on July 14, 2018 [Doc. 12] (hereinafter "the TRO"). The Court granted Plaintiff's application for TRO on July 24, 2018. [Doc. 16] Plaintiff moved to extend the TRO on July 31, 2018, [Doc. 17] which application the Court granted on August 1, 2018. [Doc. 21] Plaintiff moved to convert the TRO into a preliminary injunction on August 15, 2018. [Doc. 27] Defendants Jens Sorensen and Intuii LLC appeared on August 15, 2018 and moved on an emergency basis to lift the TRO [Doc. 31]

claiming that the business model of these Defendants, which allegedly involves the use of arbitrage software to identify items listed on Amazon and other platforms that might be resold on eBay and then, without the knowledge or consent of the original person or entity making the offer, lists items for sale on one or all of Defendants Intuii and Sorensen's fourteen eBay stores, where the items are sold at a markup to Plaintiff's price, is not violative of the Lanham Act. [Doc. 33 at ¶¶ 4, 9] The Court accepted the factual averments set out in Defendant Sorensen's declaration [Doc. 33] and the legal conclusion set out in the moving Defendants' memorandum of law in support of their motion for emergency relief from the TRO that the moving Defendants' admittedly unauthorized use of Plaintiff's ULOVEIDO mark does is not violative of the Lanham Act. [Doc. 32 at 1] The Court granted the moving Defendants' motion to lift the TRO on August 17, 2018 and then denied Plaintiff's motion for a preliminary injunction [Doc. 27] on August 20, 2018 without first permitting Plaintiff to be heard. Plaintiff again moved the Court for a preliminary injunction on August 20, 2018. [Doc. 46]

2.      At the August 23, 2018 hearing on Plaintiff's motion for preliminary injunction [Id.] the Court noted that "I understand that time is somewhat of the essence, so it's going to be a quick briefing schedule." [Hearing Trans. at 20:21-22]. The briefing schedule required that Defendants respond by August 30, 2018. Plaintiff was permitted to submit a reply brief by September 4, 2018. [Doc. 58] Defendants Intuii, LLC and Sorensen responded on August 30, 2018. [Doc. 64] Plaintiff submitted its reply on September 4, 2018. [Doc. 69] At the September 6, 2018 status hearing, the Court stated that it had reviewed all documents and submissions related to Plaintiff's motion for preliminary injunction and would do so again prior to issuing a

ruling. [Doc. 46] [Hearing Trans. at 8:13-16, 29:8-11] To date, the Court has not issued a ruling on Plaintiff's motion for preliminary injunction in spite of the acknowledged exigency.

3. Approximately two-hundred forty of the four hundred defendants listed on Amended Schedule A have now compromised their cases and/or been voluntarily dismissed. Additional defendants are now engaged in settlement negotiations.

4. All Defendants, with the exception of Defendants Intuii, LLC and Sorensen, who have agreed to waive service with a waiver packet having been delivered to them, were properly served on August 17, 2018. The answer deadline was September 7, 2018. [Doc. 72]

5. Plaintiff will soon move for default and default judgment against all defaulting Defendants. Plaintiff's motion for default and default judgment will include a request for a permanent injunction against all defaulting defendants. Thus, the passage of time since submission of Plaintiff's motion for preliminary injunction [Doc. 46] on August 20, 2018 has made the request for a preliminary injunction redundant with Plaintiff's impending request for a permanent injunction against the defaulting defendants.

6. The defaulting defendants will not be prejudiced by withdrawal of Plaintiff's motion for preliminary injunction. [Doc. 46]

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) That Plaintiff be permitted to withdraw its motion for preliminary injunction [Doc. 46] against the defaulting defendants without prejudice;

2) Such other relief as the Court deems necessary and appropriate.

Respectfully submitted this 17th day of September, 2018,

/s/ L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th, Avenue, Ste. 1888
New York, NY 10001
Mailing Address
PO Box 3514 PMB 23332
New York, NY 10008
Telephone: U.S No. 212-574-8107
Fax: (646) 365-3459
Email: ford@fordbanister.com
*Attorney for Plaintiff*