**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-4651 |
| | ) | |
| v. | ) | **Judge Gary S. Feinerman** |
| | ) | |
| | ) | **Magistrate Judge Jeffrey Gilbert** |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF L. FORD BANISTER, II**

I, L. Ford Banister, II, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the Courts of the State of New York and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Weifeng Tengyi Jewelry Trading Co., Ltd.  ("Weifeng" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

<u>Defendants Intuii and Jens Sorensen Have Refused to Participate in Settlement Negotiations</u>

2.      On August 15, 2018, Defendant's counsel, Mr. Boris Zelkind, placed on record a declaration which included all email communications between the parties at the time of

1

submission. Plaintiff, in its Memorandum of Law in Opposition to Defendants' Intuii LLC and Jens Sorensen's Emergency Motion to Lift the Temporary Restraining Order, objected to the inclusion of these communications as being in violation of FRE 408 and in derogation of the good faith negotiations entered into by Plaintiff. [Doc. 39 at 3]

3.      The referenced email chain shows that Plaintiff promptly responded to Defendants' communications and was conciliatory in tone, noting that it was "willing to quickly settle with your client at a reasonable amount, to dismiss its claims and to release Defendant from any complaint it may be entitled to submit to eBay or Paypal for violation of its user agreements." [Id. at 6] Plaintiff made a settlement demand, which Mr. Zelkind redacted from his declaration. [Id. at 5, 8]

4.      The complete, unredacted record of communications between counsel is attached hereto as Exhibit A. Contrary to Mr. Zelkind's representation to the Court at the October 24, 2018 hearing to the effect that Plaintiff had made an initial demand of $100,000 and then reduced it to $50,000 in light of factors which Plaintiff deemed mitigating, only a single demand of $50,000 has been made.

5.      In order to achieve settlement, undersigned counsel took the initiative to contact Defendants' Chicago counsel, Ms. Carrie Ann Dolan and Mr. Michael Williams, on or about August 17, 2018. I spoke with Ms. Dolan via phone on or about the same date. I made clear that Plaintiff was open to negotiations but that Defendant would need to make a counteroffer. I memorialized my conversation with Ms. Dolan in an email, attached hereto as part of Exhibit A, which states, in pertinent part, that "Plaintiff's demand of $50,000, though consistent with prior decisions, even where there are few if any sales, as outlined below, is and has been negotiable

since the time it was presented. Though the weekend is upon us, I will ask Plaintiff to be available to approve or reject any counteroffer." [Id.]

6.      To date, Defendants have not responded to Plaintiff's overtures for settlement.

Plaintiff Promptly Contacted Paypal When Requested to Do So By Defendants

7.      Upon request by Defendants of on or about August 23, 2018, Plaintiff, on the same date, forwarded this Court's order lifting the TRO as to the Defendants in opposition to Paypal. This was done as a reply all that included opposing counsel and copied the original detailed request from Defendants to Paypal. The email reads, in pertinent part, as follows: "Please see the attached order.  As per the attached TRO which was previously served on Paypal, Plaintiff did not seek and does not have an order relating to an asset restraint for this or any Defendant."

8.      On or about the same date, Defendants' counsel requested that a clarification email be sent to Paypal. As indicated by Plaintiff in open court on August 23, 2018, although Plaintiff did not consider it to be necessary as the initial dispatch from Plaintiff to Paypal was very clear, Plaintiff was prepared to send the requested clarification in the event that Defendants' account was promptly made accessible. [August 23, 2018 at Hearing Transcript 23:23-25 to 26:8] Defendants dispatched no further directions or clarification to Paypal after the August 23, 2018 hearing and received no further requests from Defendants to contact Paypal. The referenced email chain is attached hereto as Exhibit B.

(Date, Signature and Attestation on the Following Page)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 5th day of November, 2018 at Chengdu, Sichuan, China.

/s/ L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th, Avenue, Ste. 1888
New York, NY 10001
Mailing Address
PO Box 3514 PMB 23332
New York, NY 10008
Telephone: U.S No. 212-574-8107
Fax: (646) 365-3459
Email: ford@fordbanister.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WEIFANG TENGYI JEWELRY                )
TRADING CO., LTD                              )
                                                         )
                          Plaintiff,                 )          Case No. 18-cv-4651
                                                         )
            v.                                          )          **Judge Gary S. Feinerman**
                                                         )
                                                         )          **Magistrate Judge Jeffrey Gilbert**
                                                         )
1M SUNSHINE et al.                           )
                                                         )
                          Defendants.            )
_____ )


**<u>EXHIBIT A</u>**

# Re: [SPAM] Re: ULOVEIDO--Def. 169--eBay: diaperdisco--Case No. 18-cv-4651

### Ford Banister

Sat 8/18/2018 5:49 AM

To: Carrie Dolan <cdolan@cohonraizes.com>;

Cc: J Michael Williams <mwilliams@cohonraizes.com>; Michael.Friedland <Michael.Friedland@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Boris.Zelkind <Boris.Zelkind@knobbe.com>; Charles McElveeny <charlie@cemlawfirm.com>;

Bcc: Client Contact <contact@fordbanister.com>;

Ms. Dolan,

   It was a pleasure speaking with you a few minutes ago. To memorialize, Plaintiff's demand of $50,000, though consistent with prior decisions, even where there are few if any sales, as outlined below, is and has been negotiable since the time it was presented. Though the weekend is upon us, I will ask Plaintiff to be available to approve or reject any counteroffer.

Best Regards,
L. Ford Banister, II
Attorney and Counselor at Law

**The Law Office of L. Ford Banister, II**

244 5th Ave. Ste. 1888
New York, NY 10001
**Telephone:** +1 212-574-8107
**Fax:** +1 646-365-3459

**Confidentiality Warning:** This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail. If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

**From:** Carrie Dolan <cdolan@cohonraizes.com>
**Sent:** Saturday, August 18, 2018 5:01 AM
**To:** Ford Banister

**Cc:** J Michael Williams; Michael.Friedland; Adam.Powell; Boris.Zelkind; Charles McElveeny
**Subject:** Re: [SPAM] Re: ULOVEIDO--Def. 169--eBay: diaperdisco--Case No. 18-cv-4651

I am available. My direct line is 312-658-2204.

Carrie A. Dolan
Cohon Raizes & Regal LLP
208 S. LaSalle Street, Suite 1440
Chicago, IL 60604
312-658-2204 direct
312-726-0609 fax

Sent from my iPhone

On Aug 17, 2018, at 3:54 PM, Ford Banister <ford@fordbanister.com> wrote:

> Mr. Williams and Ms. Dolan,
>
> Please advise as to whether one of you is available to speak regarding resolution of this matter.
>
>
> Best Regards,
> L. Ford Banister, II
> Attorney and Counselor at Law
>
> **The Law Office of L. Ford Banister, II**
> 244 5th Ave. Ste. 1888
> New York, NY 10001
> **Telephone:** +1 212-574-8107
> **Fax:** +1 646-365-3459

**Confidentiality Warning**: This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail. If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

**From:** Boris.Zelkind <Boris.Zelkind@knobbe.com>
**Sent:** Wednesday, August 15, 2018 12:52 AM
**To:** Ford Banister; charlie@cemlawfirm.com
**Cc:** Michael.Friedland; Adam.Powell
**Subject:** RE: ULOVEIDO--Def. 169--eBay: diaperdisco--Case No. 18-cv-4651

Mr. Banister,

The TRO you obtained prohibits PayPal from "enabling others to sell" the accused products (TRO at ¶1.b) and from "using" or "linking to" online marketplace accounts of the defendants (TRO at ¶1.g). With the current TRO in place, PayPal has no choice but to freeze the account of any accused defendant. That is why we asked for your cooperation in notifying PayPal that Plaintiff does not object to PayPal allowing Intuii and Mr. Sorensen to access their accounts. Thus, it is your conduct that is the direct cause of the irreparable harm to Intuii and Mr. Sorensen.

You seem to be misunderstanding my point about foreign defendants. We are not arguing whether most of the defendants are foreign entities. We are pointing out that Intuii and Mr. Sorensen, as US entities and residents, are not the defendants you have identified in your suit. The grounds for your TRO, and the basis for the Court's order granting the TRO, do not apply to Intuii and Mr. Sorensen. Thus, we asked you to take immediate steps to lift the TRO with respect to our clients. You are refusing.

We are not misapplying the first sale doctrine. It is neither trademark infringement nor an act of counterfeiting to offer to sell genuine Uloveido products. Your own TRO is properly limited to activity involving non-genuine Uloveido products. We provided you evidence of the source of Intuii's two product listings; they appear to be genuine Uloveido items. You have not provided any evidence that those products are not genuine. Thus, the express language of the TRO does not apply to Intuii's product listings.

Moreover, there is no irreparable harm to the Plaintiff that would justify the TRO with respect to Intuii and Mr. Sorensen. As I have indicated in my previous email, Intuii and Mr. Sorensen are not selling any Uloveido products and have not been selling such products for some time. In fact, Mr. Sorensen has set up filters to prevent any Uloveido products from being listed on his online marketplaces. Further, because Intuii and Mr. Sorensen are US entities and residents, there is no risk of them concealing their location, identity, or assets if Plaintiff ultimately succeeds on the merits.

For at least the above reasons, Plaintiff's refusal to lift the TRO against Intuii and Mr. Sorensen is in bad faith. Indeed, your reason for demanding $50,000 is not tied to Plaintiff or its products. Instead, you state that Intuii and Mr. Sorensen have sold entirely *unrelated* products and have enough money to pay your demand. Thus, unless you take steps to lift the TRO with respect to Intuii and Mr. Sorensen immediately, we are left with no choice but to seek expedited relief from the court, including sanctions for Plaintiff's litigation misconduct.

**Boris Zelkind**
Partner
Boris.Zelkind@knobbe.com
858-707-4117 **Direct** / 858-682-6883 **Cell**

**Knobbe Martens**
12790 El Camino Real
San Diego, CA 92130
www.knobbe.com/boris-zelkind

---

**From:** Ford Banister <ford@fordbanister.com>
**Sent:** Tuesday, August 14, 2018 3:56 AM
**To:** Boris.Zelkind <Boris.Zelkind@knobbe.com>; charlie@cemlawfirm.com
**Cc:** Michael.Friedland <Michael.Friedland@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** ULOVEIDO--Def. 169--eBay: diaperdisco--Case No. 18-cv-4651

Mr. Zelkind,

   Your communications below unfortunately went to my junk box. I just checked it and am responding to you below upon receipt.

   As I previously informed you, Plaintiff did not seek and currently does not have an asset restraining order in place for funds in any Paypal account or other financial accounts. Any restraint now in place is due to actions unilaterally taken by Paypal. Plaintiff can do no more than provide you and Paypal with a copy of the TRO which clearly sets out the relief afforded. The references to the Defendants being in foreign jurisdictions is well founded as most are, even though they claim to be elsewhere, including, often, in the United States. The additional references that you cited to accounts being swept is a finding of fact in support of the expedited third party discovery afforded to Plaintiff. In short, you are arguing against and threatening sanctions for the exercise of injunctive relief which Plaintiff did not seek and does not have. As I explained to you when we last spoke, the typical practice in multiparty trademark infringement cases, in the Northern District of Illinois and elsewhere, is for plaintiffs to apply for and then receive an *ex parte* TRO, unlimited in scope, freezing

U.S. based assets. Plaintiff has been very responsible in departing from this practice and investigating prior to seeking asset restraining orders as appropriate.

The injunctive relief suspending your client's eBay accounts is properly issued as Defendant did in fact, of his own admission, offer for sale, without prior authorization, goods bearings Plaintiff's very distinctive Uloveido mark. The argument that Plaintiff, who made no sales, was offering genuine goods seems to be based on a misunderstanding of first sale doctrine which I would encourage you to review prior to attempting to submit to a court. Further, as I am sure you are aware, trademark infringement does not require that sales occur.  An offer of sale alone is sufficient for liability to arise under the Lanham Act. See 15 U.S. Code § 1114. Courts in the Northern District of Illinois have awarded substantial damages with minimal or no sales. Moreover, as you and your client should be aware, the sale of counterfeits through the eBay platform is in violation of eBay's policies and terms of use. Even without an order from the Court, eBay would likely suspend your client's accounts and refer you to Plaintiff for resolution of the complaint. Defendant can claim no undue harm where, as here, he assumed the risk of his tortious conduct.  That Defendant is a U.S. based individual who is proficient in the English language, is knowledgeable of intellectual property and has been sued before for copyright infringement, notwithstanding the fact that he may have settled the case prior to entry of a judgment, are aggravating factors in determining the scope of damages which should be assessed against Defendant.

In addition, while I am not aware of the culture of your firm or in your home district in California, the threats of monetary sanctions and references to "blatant abuse" of injunctive relief  are not well taken and do not constitute a well formed argument on behalf of your client. However, as this is the first case we have worked together, I will overlook it and will not hold it against you or your clients provided it does not persist going forward.

As is fully set out below, Plaintiff is willing to quickly settle with your client at a reasonable amount, to dismiss its claims, and to release Defendant from any complaint it may be entitled to submit to eBay or Paypal for violation of its user agreements.

Plaintiff is seeking statutory damages pursuant to 15 USC Section 1117(c) for your client's use of one or more counterfeit trademarks. Courts consider a variety of factors beyond sales in formulating a statutory damages award, including wide exposure over the Internet, the value of our clients' trademarks, and sufficient deterrence of defendants and similarly situated intentional and unintentional online counterfeit sellers.

In recent similar cases in this District, courts have entered summary judgment in favor of the trademark owners, found willful infringement, and awarded substantial statutory damage awards exceeding $100,000 even though there were minimal sales – see below.

- *H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co.*, et al., 2017 U.S. Dist. LEXIS 207613 (N.D. Ill. Dec. 18, 2017) (declining to reduce asset restraint, entering summary judgment and awarding $150,000 in statutory damages, noting "the fact that defendant's counterfeiting took place online favors a higher statutory damages award because online counterfeiting can reach a much wider audience than counterfeiting through a physical store.");

- *NBA Properties, Inc., et al. v. Yan Zhou, et al.*, 2017 U.S. Dist. LEXIS 148971 (N.D. Ill. Sept. 14, 2017) (awarding $150,000 in statutory damages, finding unpersuasive defendant's claim that they were "unfamiliar with Plaintiffs' trademarks, that they never physically handled the counterfeit merchandise, and that they only made minimal sales.");

- *Luxottica USA LLC v. The Partnerships, et al.*, 2017 U.S. Dist. LEXIS 29999 (N.D. Ill. Mar. 2, 2017) (summary judgment and awarding $100,000 in statutory damages "because [defendant] advertised [counterfeit goods] on the internet, allowing for distribution far greater than if it sold the hats in a brick-and-mortar store.");

- *Luxottica Group S.p.A. v. Hao Li, et al. and Richemont International SA, et al. v. Luo Liang, et al.*, 2017 U.S. Dist. LEXIS 21818 (N.D. Ill. Feb. 15, 2017) (summary judgment and awarding $120,000 in statutory damages and attorney fees for use of WAYFARER in item title and offering to sell earrings bearing a counterfeit VCA Alhambra trademark);

- *River Light V, L.P. and Tory Burch LLC v. Zhangyali, et al.*, 2016 U.S. Dist. LEXIS 111301 (N.D. Ill. Aug. 22, 2016) (summary judgment and awarding $100,000 for one infringed mark and finding that defendant acted with "reckless indifference to the trademark owner's rights" by failing to perform due diligence of its product listings);

- *Monster Energy Company v. Chen Wensheng, et al.*, 15-cv-4166 (N.D. Ill. June 30, 2016) (Docket Entry No. 137) (summary judgment and awarding $1 million in statutory damages despite zero represented sales);

- *Bulgari, S.p.A. v. Zou Xiaohong, et al.*, 2015 U.S. Dist. LEXIS 140606, at *7 (N.D. Ill. Oct. 15, 2015) (summary judgment and awarding $100,000 for three represented sales);

- *Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *7-10 (N.D. Ill. June 18, 2015) (summary judgment and awarding $150,000 for three infringed marks, holding that even though there was no evidence submitted that defendant was a "large-scale counterfeiter," defendant's online sale of counterfeit goods made plaintiff's actual losses difficult to calculate and justified a substantial award);

Plaintiff has expended substantial time, money, and other resources in advertising and promoting their trademarks, including the ULOVEIDO Trademark. As a result, products sold under Plaintiff's Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from plaintiff. Given the distinctiveness of Plaintiff's Trademark, your client knew or should have known that it was a trademark owned by our client.

Because no documents have been provided, we conclude that your client sold the accused products to American consumers without conducting any due diligence as to whether they were authorized to use Plaintiff's Trademarks. Any reasonable inquiry would have revealed that your client's use of Plaintiff's Trademark was unauthorized, and therefore counterfeit. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." See *Monster Energy Company v. Meng Chun Jing, et al.*, 2015 U.S. Dist. LEXIS 86956, at *12 (N.D. Ill. July 6, 2015). Such a reckless disregard for our client's trademark rights amounts to willfulness in this circuit, which also makes attorney fees mandatory. Id.

Likewise, Courts in this district have routinely rejected the "I didn't know" argument. See *Monster Energy Company v. Chen Wensheng, et al.*, 15cv-4166 (N.D. Ill. June 30, 2016) (The court is not persuaded otherwise by defendants' unsubstantiated assertions that these "are the actions of an un-informed Chinese citizen that made a mistake.)"; *Bulgari, S.P.A. v. Zou Xiaohong*, et al., No. 15 C 5148, 2015 WL 6083202, at *2 (N.D. Ill. Oct. 15, 2015) (rejecting as unsubstantiated the defendant's argument that the infringement was not willful because, "growing up in a remote farmland, the defendant] was not familiar with European luxury products or brand names, including BVLGARI" was unsubstantiated).

In light of the above, plaintiff is willing to settle this matter for $50,000. This amount is reasonable in light of prior awards against Internet-based counterfeiters, the value of the plaintiff Trademarks, steps taken by our client to protect their trademarks and to sufficiently deter your client and similarly situated online counterfeit sellers. It is also well under the maximum award available for *non-willful* conduct pursuant to 15 USC Section 1117(c).

This offer will expire on August 16, 2018. If the offer is acceptable to your client, we will prepare and send an agreement.

Best Regards,
L. Ford Banister, II
Attorney and Counselor at Law

**The Law Office of L. Ford Banister, II**

244 5th Ave. Ste. 1888
New York, NY 10001
**Telephone:** +1 212-574-8107
**Fax:** +1 646-365-3459

**Confidentiality Warning:** This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail. If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

---

**From:** Boris.Zelkind <Boris.Zelkind@knobbe.com>
**Sent:** Tuesday, August 14, 2018 10:49 AM
**To:** Ford Banister; charlie@cemlawfirm.com
**Cc:** Michael.Friedland; Adam.Powell
**Subject:** RE: Fwd: Your account has been limited until you provide some additional information

Ford/Charlie,
I have not seen a response to my urgent email below.  I have tried twice to reach Ford by telephone today, but have been unable.  I am still hopeful that you will respond to my email and take action to lift the TRO against our client.  However, the urgency of the situation cannot be overstated.  Unless we hear back from you, we will need to seek the Court's assistance to lift the TRO and we will request monetary sanctions.  We look forward to your response.
Very Truly, Boris

**Boris Zelkind**
Partner
Boris.Zelkind@knobbe.com
858-707-4117 **Direct** / 858-682-6883 **Cell**
**Knobbe Martens**
12790 El Camino Real
San Diego, CA 92130
www.knobbe.com/boris-zelkind

---

**From:** Boris.Zelkind
**Sent:** Sunday, August 12, 2018 10:07 PM
**To:** Ford Banister <ford@fordbanister.com>
**Cc:** charlie@cemlawfirm.com
**Subject:** RE: Fwd: Your account has been limited until you provide some additional information

Ford,

I appreciate that you provided the alleged evidence so quickly, but as I have looked into this matter further, it is apparent that my client should not have been implicated in this action and is not subject of the TRO.  You must take immediate steps to lift the TRO against Intuii LLC and/or Mr. Jens Sorensen, including immediately restoring his PayPal and eBay accounts.

As an initial matter, the Complaint in *Weifang Tengyi Jewelry Trading v. The Partnerships and Unincorporated Associations Identified in Sch. A*, Case no. 18-cv-4651 (ND Ill) (herein referred to as "WTJT Litigation") identifies defendants as "individuals and business entities who, upon information and belief, reside in the People's Republic of China and other foreign jurisdictions."  Complaint, ¶17.  In moving for a TRO you pointed to the problem of illicit and pervasive foreign counterfeiting, including the "covert nature of offshore infringing activity."  Memo in support of motion, p. 2.  The Court's TRO is based on the premise that Defendants are foreign entities or individuals who "target their business activities toward consumers in the United States" and "are likely to … move assets from accounts in U.S.-based financial institutions, including PayPal accounts **to offshore accounts.**"  TRO at pp. 1-2 (emphasis added).  The Court justified the drastic remedies in the TRO against these foreign defendants, explaining that "proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party."  *Id.* at p. 2.  Intuii LLC and Mr. Jens Sorensen, reside in San Diego, California.  Mr. Sorensen is a San Diego resident and Intuii LLC

("Intuii") is a California LLC, with its principal place of business located at 9347 Vervain Street, San Diego CA 92129.  Intuii and Sorensen are not the defined defendants of this suit.  Intuii and Jens Sorensen do not traffic in counterfeit merchandise and there is no risk of hiding money in "offshore accounts."  Intuii and Jens Sorensen are not the targets of the TRO you sought or the Court granted.  Thus, Intuii and/or Jens Sorensen, are not properly named defendants and to the extent the TRO you obtained erroneously sweeps them in with covert foreign defendants, you must take immediate steps to lift the TRO against Intuii and/or Jens Sorensen.

Additionally, although Intuii and Jens Sorensen did not sell any accused products, it appears that the products they briefly offered for sale were genuine Uloveido products.  My clients' products come directly from Amazon.com.  The products listed in Mr. Sorensen's online stores originate from listings on Amazon.  When a consumer orders an item from my client's eBay store, Mr. Sorensen purchases the items from Amazon, which then drop ships it to the customer.  The source of Intuii's two Uloveido product listings was the Uloveido store on Amazon.  You can trace the source of Mr. Sorensen's two product listings by following the links:

https://www.amazon.com/gp/offer-listing/B06Y2X9X9F
https://www.amazon.com/gp/offer-listing/B072TVY3ZG

Thus, as you can see, these appear to be genuine Uloveido products.

Moreover, there are no damages here whatsoever and the TRO is being used to shut down my client's PayPal accounts in a blatant abuse of the court order.  As you have admitted, Intuii/Sorensen have not sold any allegedly counterfeit products.  The two listings you identified from the diaperdisco eBay store were both removed without any product being sold.  In fact, both listings were terminated before Mr. Sorensen ever learned of the WTJT Litigation.  Even if the listings had briefly displayed counterfeit products, rather than genuine items from the Uloveido Amazon store, that would have been de minimis at best.  Intuii and Mr. Sorensen respect intellectual property rights of others and whenever they discover or learn of any allegations of infringement in their store, they take immediate action.  Intuii and Mr. Sorensen had no knowledge of allegations relating to the Uloveido marks until receiving an email from PayPal that included reference to the WTJT Litigation.  Not only has my client's PayPal account been frozen, but his eBay accounts are being shut down as well.  Your action is doing immediate and irreparable harm to his business.

I do not want to get caught up arguing about obviously irrelevant issues, and thus will not respond to your misguided reference to an earlier copyright litigation involving Intuii other than to point out that the matter was dismissed very quickly and without any judgment against Intuii.

With every passing day, due to your actions, Intuii and Mr. Sorensen are losing thousands of dollars and incurring irreparable harm to their business reputation and ability to conduct business in the future.  A rudimentary investigation would have revealed that Intuii and Mr. Jens Sorensen do not fit the definition of defendants in the WTJT Litigation or the basis for the relief granted in the TRO.  Moreover, my clients never sold any alleged items and appear to have briefly offered only genuine Uloveido products.  Thus, we must receive immediate assurance that you will:

1)  contact the Court on Monday, August 13, 2018 and seek to lift the TRO with respect to Intuii LLC and Jens Sorensen;
2)  immediately contact PayPal in writing instructing PayPal to restore Jens Sorensen's Intuii PayPal account;
3)  immediately contact eBay in writing instructing eBay to restore Jens Sorensen's eBay accounts, including diaperdisco; and
4)  dismiss Intuii and Jens Sorensen from the WTJT Litigation.

We prefer to avoid having to move ex parte seeking immediate relief from the TRO, where we would seek sanctions for the harm stemming from your conduct.

**Boris Zelkind**
Partner
Boris.Zelkind@knobbe.com
858-707-4117 **Direct** / 858-682-6883 **Cell**
**Knobbe Martens**
12790 El Camino Real
San Diego, CA 92130
www.knobbe.com/boris-zelkind

**From:** Ford Banister <ford@fordbanister.com>
**Sent:** Friday, August 10, 2018 11:03 PM
**To:** Boris.Zelkind <Boris.Zelkind@knobbe.com>

**Cc:** charlie@cemlawfirm.com
**Subject:** Re: Fwd: Your account has been limited until you provide some additional information

Boris,

   Please call me Ford. The evidence specific to your client that is currently on record is attached. Evidence received from eBay, below, shows that your client posted two separate items that included the Uloveido trademark in the product description on their storefront at diaperdisco. Registration info shows that at least the eBay store diaperdisco and the Paypal account associated  with the  email address diaperdisco.ebay@intuii.com are registered personally to Jens Sorensen.


There do not appear to be any sales of Uloveido items, at least through the eBay store diaperdisco. Plaintiff does consider that to be mitigating. However, this is outweighed by several aggravating factors. The financial data received from Paypal shows that Defendant is running quite a large business with $773,732.14 received through this Paypal account alone in the past three months. Defendant can afford to pay for IP clearance prior to posting. This is a U.S. based business with English speaking owners who have infringed a word mark. Most significantly, the business owner is very aware of IP rights, having applied for five different trademarks and having recently been sued for copyright infringement in the Southern District of California, *Luminence, LLC v. Intuii*, LLC, Case No. 3:17-cv-02207-BAS-WVG (SD. Cal.), in which you were counsel of record.
In light of the evidence and your client's history of intellectual property violations, which may well be ongoing as there are many branded goods now on their storefronts, a judge in the Northern District of Illinois would likely award $100,000 on summary judgment with the minimum award being $50,000.

To consider settlement, our client requires the following information:

•                          The name of the individual and/or company that owns and operates the Internet Store, and the address of that individual and/or company,

•                          A complete accounting of sales, including corroborating documentation supporting your representation of the number of units sold and the total revenue generated,

•                          Supplier information, and

•                          Documents evidencing clearance procedures implemented by your client prior to
listing products for sale, including procedures for verifying that products are authorized.

 Please note, we have no extension agreement in place regarding the response deadline and any extension request must be explicitly made in writing and prior to the response deadline.

If Defendant would like to propose a settlement amount in furtherance of an agreed compromise prior to making disclosures and unsealing of attached Schedule A, then, with consideration of the anticipated award referenced above, I will review and forward Defendant's proposal to Plaintiff.

I look forward to corresponding with you further.

eBay Reg Info:

diaperdisco
1524009375
Jens
Sorensen
diaperdisco.ebay@intuii.com
9347 Vervain St
San Diego
CA
92129
United States
1524009375001

eBay Sales Info:

Item No.: 122987512337. Seller ID:1524009375

diaperdisco

Available: 1
Sold: 0

Item Description:
Uloveido Double Pointed V Shape Adjustable Wedding Rings Rose Gold Crystal Gold

Item No.: 123010521049
Seller ID: 1524009375

diaperdisco

Available: 1
Sold: 0

Item Description:
Uloveido Rainbow Mystic Topaz Lucky Elephant Pendant Necklace Silver Plated

Paypal Info:

Registered to Jens Sorenson at [diaperdisco.ebay@intuii.com](mailto:diaperdisco.ebay@intuii.com) on Feb. 19, 2011.

Account Balance: $10,607.44 USD

Total Amount Sent (USD Equiv): $12,498.67 USD
Total Amount Received: $8,107,110.79 USD
Amount Received:
Current Month: $2,363,164.53
USD Last 3 Months: $773,732.14, USD $644,857.11, USD$238,755.22

eBay Stores:

From Counsel:

arapaimidae
buttercreampie
chocochipcupcake
diaperdisco
guapore
ica_nanay
intuii
rio_casiquiare
teles_pires
tibure
tigre_tambo
trombetas
ucayali
yapura

https://www.ebay.com/usr/diaperdisco

eBay member since Aug 30, 2016.

https://www.ebay.com/str/yapura

8,477 Items for Sale. eBay member since Jan 31, 2017.

https://www.ebay.com/str/ucayali/

7,657 Items for Sale. eBay member since Jan 30, 2017.

https://www.ebay.com/str/telespires
8,363. Items for Sale. eBay member since Sep 24, 2016.

https://www.ebay.com/str/intuii/

7,844 Results. Items for Sale.

**INTUII TM REG. INFO**

Serial Number
Reg. Number
Word Mark
Check Status
Live/Dead
1
78531655
PATENT PIONEER
TSDR
DEAD
2
78128873
IDEA
TSDR
DEAD
3
78128864
IDEA BOND
TSDR
DEAD
4
78128857
IDEA SHARE
TSDR
DEAD
5
78128845
IDEA STOCK
TSDR
DEAD

**Litigation History**

*Luminence, LLC v. Intuii*, LLC, Case No. 3:17-cv-02207-BAS-WVG (SD. Cal.)
Represented by Counsel in Contact.

Best Regards,
L. Ford Banister, II
Attorney and Counselor at Law

**The Law Office of L. Ford Banister, II**
244 5th Ave. Ste. 1888
New York, NY 10001
**Telephone:** +1 212-574-8107
**Fax:** +1 646-365-3459

Confidentiality Warning: This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail. If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

**From:** Boris.Zelkind <Boris.Zelkind@knobbe.com>
**Sent:** Saturday, August 11, 2018 10:54 AM
**To:** Ford Banister
**Cc:** charlie@cemlawfirm.com
**Subject:** RE: Fwd: Your account has been limited until you provide some additional information

Mr. Banister,
I appreciate you calling me back.  I can confirm that my client does not have any Wish stores.  Intuii has several eBay stores and one Bonanza store.  The eBay store names are:

| |
|---|
| arapaimidae |
| buttercreampie |
| chocochipcupcake |
| diaperdisco |
| guapore |
| ica_nanay |
| intuii |
| rio_casiquiare |
| teles_pires |
| tibure |
| tigre_tambo |
| trombetas |
| ucayali |
| yapura |

The Bonanza store name is intuii.

Please send me any evidence that you believe support the allegations in the complaint relating to these store names.

Sincerely, Boris

**Boris Zelkind**
Partner
Boris.Zelkind@knobbe.com
858-707-4117 **Direct** / 858-682-6883 Cell
**Knobbe Martens**
12790 El Camino Real
San Diego, CA 92130
www.knobbe.com/boris-zelkind

---

**From:** Boris.Zelkind
**Sent:** Friday, August 10, 2018 11:32 AM
**To:** 'ford@fordbanister.com' <ford@fordbanister.com>
**Subject:** Fwd: Your account has been limited until you provide some additional information

Mr. Banister,
This firm represents Intuii, LLC in intellectual property matters.  Yesterday, Intuii, LLC ("Intuii"), a California Limited Liability Co, located in San Diego, CA received the notice below from Paypal, indicating that its account was being frozen and instructing Intuii to contact you directly.  Intuii is located in California and Mr. Sorensen, Intuii's Manager, also resides in San Diego, CA.  I do not believe that my client is a defendant in the lawsuit referenced below.  Intuii is not a foreign entity and has no connection with China.  It is imperative that I speak with you immediately as my client's business is being irreparably harmed by having its PayPal assets frozen.  Feel free to call me at 858-707-4117 or let me know when you are available to speak.
Sincerely, Boris Zelkind

**Boris Zelkind**
Partner
858-707-4117 **Direct** / 858-682-6883 Cell
**Knobbe Martens**

---------- Forwarded message ----------
From: <service@paypal.com>
Date: Thu, Aug 9, 2018 at 11:50 AM
Subject: Your account has been limited until you provide some additional information
To: "paypal@intuii.com" <paypal@intuii.com>


Dear Jens Sorensen:

We received a court order on August 9, 2018, affecting your access to your
PayPal account due to possible infringement of intellectual properties of
Weifang Tengyi Jewelry Trading Co., Ltd. . Until further notice, your
ability to send payments, receive payments, withdraw funds, or access the
funds in your PayPal account has been limited.

A judgment order may follow and require us to take further actions on the
funds in your PayPal account. If you have any questions about this
infringement action, it is important that you contact the plaintiff's
representative outlined below to respond to this issue:

The Law Office of L. Ford Banister, II
ford@fordbanister.com

Court order details
Court: U.S. District Court for the Northeen District of Illinois
Plaintiff: Weifang Tengyi Jewelry Trading Co., Ltd.
Court case number: Weifang Tengyi Jewelry Trading Co., Ltd. v. The
Partnerships, et al; Case No. 18-cv-4651

If you have any questions, please contact us by clicking Help at the bottom
of the PayPal homepage.

Sincerely,
PayPal

**************************************************

???Jens Sorensen:

???August 9, 2018,??????,?????????Weifang Tengyi Jewelry Trading Co., Ltd.
?????,?????????? 。 ??????????,????、 ??、 ????,??????????????????? 。

???????????,???????PayPal?????????? 。 ??????????,?????????????????,????????????:

The Law Office of L. Ford Banister, II
ford@fordbanister.com

????????:
??:U.S. District Court for the Northeen District of Illinois
??:Weifang Tengyi Jewelry Trading Co., Ltd.
??????:Weifang Tengyi Jewelry Trading Co., Ltd. v. The Partnerships, et al;
Case No. 18-cv-4651

????????,???PayPal?????"??"???? 。

??,
PayPal

**************************************************

Jens Sorensen??:

???August 9, 2018,??????,?????????Weifang Tengyi Jewelry Trading Co., Ltd.
?????,??????????。 ?????????,????、 ??、 ????,?????????????????。

??????????,??????? PayPal

?????????。 ??????????,?????????????????,????????????:

The Law Office of L. Ford Banister, II
[ford@fordbanister.com](mailto:ford@fordbanister.com)

????????
??:U.S. District Court for the Northeen District of Illinois
??:Weifang Tengyi Jewelry Trading Co., Ltd.
??????:Weifang Tengyi Jewelry Trading Co., Ltd. v. The Partnerships, et al;
Case No. 18-cv-4651

???????,???? PayPal ????? 「??」????。

PayPal ??

Copyright ©2018 PayPal, Inc. All rights reserved. PayPal is located at 2211
N. First St., San Jose, CA 95131.

PayPal Email ID PP1589

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WEIFANG TENGYI JEWELRY )
TRADING CO., LTD )
            )
            Plaintiff, )    Case No. 18-cv-4651
            )
    v. )    **Judge Gary S. Feinerman**
            )
            )    **Magistrate Judge Jeffrey Gilbert**
            )
1M SUNSHINE et al. )
            )
            Defendants. )
_____ )

**<ins>EXHIBIT B</ins>**

# RE: Service of Order for Weifang Tengyi Jewelry Trading Co., Ltd. v. The Partnerships, et al, Case No. 18-cv-4651 (N.D. Ill.)

### Boris.Zelkind

Thu 8/23/2018 5:13 AM

To: Ford Banister <ford@fordbanister.com>; charlie@cemlawfirm.com <charlie@cemlawfirm.com>;

Cc: Michael.Friedland <Michael.Friedland@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Carrie Dolan (cdolan@CohonRaizes.com) <cdolan@CohonRaizes.com>; Lindsey.Goll <Lindsey.Goll@knobbe.com>;

Mr. Banister,
The email below that you sent to PayPal is confusing in that you attach the original TRO and ask PayPal to "see the attached order." You then go on to discuss the original TRO and you do not even mention the order which lifts the TRO with respect to Intuii LLC and Jens Sorensen. You do not state that the TRO has been lifted with respect to Intuii LLC and Mr. Sorensen. This is confusing. Regardless of your alleged intentions with the original TRO, we asked you to notify PayPal that the TRO you obtained has been held to not apply to Intuii LLC and Mr. Sorensen. Please clarify this point immediately. We are concerned that without this clarification, PayPal will continue to maintain the restriction on Mr. Sorensen's Intuii account.
Sincerely, Boris

**Boris Zelkind**
Partner

Boris.Zelkind@knobbe.com

858-707-4117 **Direct** / 858-682-6883 **Cell**

**Knobbe** **Martens**

12790 El Camino Real
San Diego, CA 92130

www.knobbe.com/boris-zelkind

---

**From:** Ford Banister <ford@fordbanister.com>
**Sent:** Wednesday, August 22, 2018 1:51 PM
**To:** Boris.Zelkind <Boris.Zelkind@knobbe.com>; charlie@cemlawfirm.com; EE Omaha Legal Specialist <EEOMALegalSpecialist@paypal.com>; wwalcott@paypal.com; dbecker@paypal.com
**Cc:** Michael.Friedland <Michael.Friedland@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Carrie Dolan (cdolan@CohonRaizes.com) <cdolan@CohonRaizes.com>; Lindsey.Goll <Lindsey.Goll@knobbe.com>
**Subject:** Service of Order for Weifang Tengyi Jewelry Trading Co., Ltd. v. The Partnerships, et al, Case No. 18-cv-4651 (N.D. Ill.)

Jill,

    Please see the attached order. As per the attached TRO which was previously served on Paypal, Plaintiff did not seek and does not have an order relating to an asset restraint for this or any Defendant.
Best Regards,
L. Ford Banister, II
Attorney and Counselor at Law

**The Law Office of L. Ford Banister, II**
244 5th Ave. Ste. 1888
New York, NY 10001
**Telephone:** +1 212-574-8107
**Fax:** +1 646-365-3459

**Confidentiality Warning:** This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail. If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

**From:** Boris.Zelkind <Boris.Zelkind@knobbe.com>
**Sent:** Thursday, August 23, 2018 2:45 AM
**To:** Ford Banister; charlie@cemlawfirm.com
**Cc:** Michael.Friedland; Adam.Powell; Carrie Dolan (cdolan@CohonRaizes.com); Lindsey.Goll
**Subject:** Intuii's PayPal Account

Mr. Banister,

We were surprised to find out today that you have not notified PayPal about the Court's August 17th order to lift the TRO with respect to Jens Sorensen and Intuii LLC.  Mr. Sorensen attempted to notify PayPal immediately on August 18th but today he was informed that the request to remove all restrictions from Mr. Sorensen's Intuii PayPal account needs to come from you and you have not done so.  According to PayPal, "the court order has to come from Mr. Bannister's office, that is the only way they can accept it."  Thus, we demand that you immediately forward the Court's order, which is attached hereto for your convenience, to at least the following PayPal addresses: EEOMALegalSpecialist@paypal.com; wwalcott@paypal.com; and dbecker@paypal.com.  Along with sending a copy of the order, we request that you instruct PayPal that PayPal should remove all restrictions on Mr. Sorensen's and Intuii, LLC accounts that resulted from the Weifang litigation (*Weifang Tengyi Jewelry Trading Co., Ltd. v. The Partnerships, et al*, Case No. 18-cv-4651) because the Court held that the "TRO shall have no force and effect on any non-parties, including PayPal, in privity with Intuii, LLC, Jens Sorensen, or the eBay and Bonanza stores under which they operate."

As I said above, we are surprised you have not already notified PayPal as you did when you obtained the TRO in the first place.  Unless you immediately take the requested action, we will notify the court and request that the Court sanction this conduct.
Sincerely, Boris

**Boris Zelkind**

Partner

858-707-4117 **Direct** / 858-682-6883 **Cell**

# Knobbe Martens

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.