**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD | ) ) ) |
| | ) Case No. 18-cv-4651 |
| | ) |
| Plaintiff, | ) **Judge Gary S. Feinerman** |
| | ) |
| | ) **Magistrate Judge Jeffrey Gilbert** |
| v. | ) |
| | ) |
| | ) |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A" | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS INTUII LLC AND JENS SORENSEN'S
ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT AND
COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

Defendants Intuii LLC and Jens Sorensen (collectively referred to as "Intuii" or "Defendants") submit their answer and affirmative defenses to Plaintiff Weifang Tengyi Jewelry Trading Co., Ltd.'s ("Plaintiff" or "Weifang") Amended Complaint ("Complaint") as follows:

**ANSWER**

1.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER:** Intuii admits that this Court has subject matter jurisdiction over this action.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Defendant Names/ Aliases in Schedule A attached hereto. (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using counterfeit versions of Weifang's trademark. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or has sold products using counterfeit versions of Weifang's federally registered trademark to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Weifang substantial injury in the State of Illinois.

**ANSWER:** Intuii admits that this Court has personal jurisdiction over Intuii LLC and that venue is proper in this judicial district as to Intuii LLC. Intuii lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2 of the Complaint, and therefore denies the same.

3.      This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's ULOVEIDO trademark, which is covered by U.S. Trademark Registration No. 5,017,523 ("ULOVEIDO"). The ULOVEIDO Registration is valid, subsisting, and in full force

and effect. A true and correct copy of the federal trademark registration certificate for the ULOVEIDO mark is attached hereto as Exhibit A.

**ANSWER:** Intuii admits that Exhibit A to the Complaint purports to be a copy of a federal trademark registration for the ULOVEIDO mark, U.S. Trademark Registration No. 5,017,523. Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint, and therefore denies the same.

4.     The Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiff's products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's registered ULOVEIDO trademark as well as to protect unknowing consumers from purchasing unauthorized ULOVEIDO products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable ULOVEIDO trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

**ANSWER:**  Intuii denies the allegations of paragraph 4 of the Complaint as they relate to Intuii and lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2 of the Complaint, and therefore denies the same.

5.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, each defendant has offered to sell and ship infringing products into this Judicial District.

**ANSWER:** Intuii admits that this Court has personal jurisdiction over Intuii LLC.  Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint, and therefore denies the same.

6.      Plaintiff WEIFANG TENGYI JEWELRY TRADING CO., LTD. is a Limited Company having its principal place of business at No. 360, Dongfeng East St, Kuiwen, Weifang, Shandong, China 261000.

**ANSWER:** Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies the same.

7.      Plaintiff is engaged in the business of distributing and retailing Boxes of precious metal; Bracelets; Earrings; Jade; Jewellery; Jewellery cases; Jewelry ornaments; Necklaces; Rings; Wristwatches and other items throughout the world, including within the Northern District of Illinois District (collectively, the "Uloveido Products") under the Federally registered ULOVEIDO trademark identified in Paragraph 3, above. Defendants' sales of Counterfeit Products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

**ANSWER:** Intuii denies that Intuii LLC or Jens Sorensen has caused any irreparable harm to Plaintiff.  Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint, and therefore denies the same.

8.     Plaintiff is the owner of all rights, title and interest in and to the ULOVEIDO mark, U.S. Trademark Registration No. 5,017,523. The registration is valid, subsisting, unrevoked and uncancelled. The registration for the ULOVEIDO mark constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the ULOVEIDO mark pursuant to 15 U.S.C. § 1057(b).

**ANSWER:**  Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies the same.

9.     Plaintiff's ULOVEIDO mark is a recognized symbol of high-quality jewelry and accessories. As detailed below, Plaintiff has been using the mark since November 25, 2013 in connection with the advertising and sale of Plaintiff's Products in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

**ANSWER:**  Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies the same.

10.     The ULOVEIDO mark has been widely promoted, both in the United States and throughout the world. Consumers, potential consumers and other members of the public recognize that Plaintiff's Products sold in the United States originate exclusively with Plaintiff.

**ANSWER:**  Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies the same.

11.     As of the date of this filing, Plaintiff's Products are sold around the globe, in the United States, Russia, UK, Germany, Spain, Canada, Australia, France, Ukraine, Brazil and Israel.

**ANSWER:**  Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies the same.

DM2\9406061.2

12.     Plaintiff maintains quality control standards for all products bearing the ULOVEIDO mark. Genuine products bearing the ULOVEIDO mark are distributed through Plaintiff's internet stores on the Amazon, Wish and eBay platforms. Sales of Plaintiff's ULOVEIDO products via Plaintiff's internet stores represent the majority of Plaintiff's business. The internet stores feature proprietary content, images and designs exclusive to Plaintiff.

**ANSWER:** Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore denies the same.

13.     Plaintiff's ULOVEIDO mark is highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff's ULOVEIDO Products have generated millions of dollars in revenue since the ULOVEIDO mark's first use in commerce.

**ANSWER:** Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies the same.

14.     The ULOVEIDO mark has never been assigned or licensed to any of the Defendants in this matter.

**ANSWER:** Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies the same.

15.     Plaintiff's ULOVEIDO mark is a symbol of Plaintiff's quality, reputation and goodwill and has never been abandoned.

**ANSWER:** Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies the same.

16.     Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the ULOVEIDO mark.

DM2\9406061.2

**ANSWER:** Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore denies the same.

17.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China, Israel, Morocco, Turkey, Vietnam, Ireland, Sweden, Canada, Romania or other foreign jurisdictions as well as within the United States. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell counterfeit and infringing ULOVEIDO products to consumers within the United States, including Illinois and in this Judicial District.

**ANSWER:** Intuii admits that Intuii, LLC is a California corporation having its principal place of business in San Diego that operates several online retail marketplaces on eBay. Intuii further admits that Jens Sorensen is an individual residing in San Diego, California. Intuii denies that Intuii, LLC or Jens Sorensen ever offered for sale, sold, or continues to sell counterfeit and infringing ULOVEIDO products. Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint, and therefore denies the same.

18.     The success of Plaintiff's ULOVEIDO brand has resulted in its counterfeiting and infringement. Plaintiff has identified numerous domain names linked to marketplace listings on platforms such as eBay and Wish, including the Defendant Internet Stores, which were offering for sale, selling, and importing counterfeit and infringing ULOVEIDO products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the

DM2\9406061.2

Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2013 was over $1.74 billion, up from $1.26 billion in 2012. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

**ANSWER:** Intuii denies that Intuii LLC or Jens Sorensen has ever offered for sale, sold, or imported counterfeit and infringing ULOVEIDO products. Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint, and therefore denies the same.

19. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine ULOVEIDO products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from that of an authorized retailer. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. Plaintiff has not licensed or authorized Defendants to use its ULOVEIDO trademark and none of the Defendants are authorized retailers of genuine ULOVEIDO products.

DM2\9406061.2

**ANSWER:** Intuii admits that Intuii LLC or Jens Sorensen have no license agreement with Plaintiff. Intuii denies the remaining allegations of paragraph 19 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint and therefore denies same.

20. Upon information and belief, Defendants also deceive unknowing consumers by using the ULOVEIDO trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for ULOVEIDO products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine ULOVEIDO products.

**ANSWER:** Intuii denies the allegations of paragraph 20 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and therefore denies same.

21. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, to avoid detection, Defendants register Defendant Domain Names using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their

9

identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

**ANSWER:** Intuii denies the allegations of paragraph 21 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint and therefore denies same.

22.     There are also similarities among the Defendant Internet Stores. For example, some of the Defendant websites have virtually identical layouts. In addition, the counterfeit and/or infringing products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit and/or infringing ULOVEIDO products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML   user-defined variables, domain redirection, lack of contact information identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

**ANSWER:** Intuii lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies the same.

23.     Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is

received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit and infringing goods shipped through the mail and express carriers.

**ANSWER:** Intuii denies the allegations of paragraph 23 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint and therefore denies same.

24.　　Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, the foreign Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

**ANSWER:** Intuii denies the allegations of paragraph 24 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint and therefore denies same.

25.　　Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the ULOVEIDO trademark in connection with the advertisement, distribution, offering for sale, and sale of counterfeit products into the United States

11

and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell counterfeit and infringing ULOVEIDO products into the United States, including Illinois.

**ANSWER:** Intuii denies the allegations of paragraph 25 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint and therefore denies same.

26.     Defendants' use of the ULOVEIDO trademark in connection with the advertising, distribution, offering for sale, and sale of counterfeit products, including the sale of counterfeit and infringing ULOVEIDO products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**ANSWER:** Intuii denies the allegations of paragraph 26 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and therefore denies same.

### COUNT I
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

27.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Intuii repeats and realleges its responses to paragraphs 1-26 of the Complaint as though fully set forth herein.

28.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the ULOVEIDO trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The ULOVEIDO trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the ULOVEDIO trademark.

DM2\9406061.2

**ANSWER:** Intuii denies the allegations of paragraph 28 of the Complaint.

29. Defendants have sold, offered to sell, marketed, distributed, and advertised, and/or are still selling, offering to sell, marketing, distributing, and advertising products in connection with the ULOVEIDO trademark without Plaintiff's permission.

**ANSWER:** Intuii admits that it listed for sale two genuine ULOVEIDO products on its online marketplaces and that those two products were never purchased from its marketplaces. Intuii denies the remaining allegations of paragraph 29 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint and therefore denies same.

30. Plaintiff is the exclusive owner of the ULOVEIDO trademark. Plaintiff's United States Registration for the ULOVEIDO trademarks (Exhibit A) is in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the ULOVEIDO trademark and are willfully infringing and intentionally using counterfeits of the ULOVEIDO trademarks. Defendants' willful, intentional and unauthorized use of the ULOVEIDO trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

**ANSWER:** Intuii denies the allegations of paragraph 30 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of the Complaint and therefore denies same.

31. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER:** Intuii denies the allegations of paragraph 31 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 of the Complaint and therefore denies same.

32.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well known ULOVEIDO trademark.

**ANSWER:** Intuii denies the allegations of paragraph 32 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint and therefore denies same.

33.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit ULOVEIDO products.

**ANSWER:** Intuii denies the allegations of paragraph 33 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Complaint and therefore denies same.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

34.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Intuii repeats and realleges its responses to paragraphs 1-33 of the Complaint as though fully set forth herein.

35.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit ULOVEIDO products has created and is creating a likelihood of confusion, mistake, and deception

among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit ULOVEIDO products by Plaintiff.

**ANSWER:** Intuii denies the allegations of paragraph 35 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Complaint and therefore denies same.

36. By using the ULOVEIDO trademarks in connection with the sale of counterfeit ULOVEIDO products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products.

**ANSWER:** Intuii denies the allegations of paragraph 36 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint and therefore denies same.

37. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit ULOVEIDO products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER:** Intuii denies the allegations of paragraph 37 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Complaint and therefore denies same.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et. seq.)

38. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Intuii repeats and realleges its responses to paragraphs 1-37 of the Complaint as though fully set forth herein.

DM2\9406061.2

39.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit ULOVEIDO products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine ULOVEIDO products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

**ANSWER:**  Intuii denies the allegations of paragraph 39 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the Complaint and therefore denies same.

40.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

**ANSWER:**  Intuii denies the allegations of paragraph 40 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Complaint and therefore denies same.

41.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**ANSWER:**  Intuii denies the allegations of paragraph 41 of the Complaint as they relate to Intuii. Further answering, Intuii lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint and therefore denies same.

DM2\9406061.2

## ANSWER TO PRAYER FOR RELIEF

To the extent that a response to Plaintiff's prayer for relief is required, Intuii denies that Plaintiff is entitled to any relief or judgment against Intuii. Intuii respectfully request that the Court enter judgment in its favor and against Plaintiff Weifang Tengyi Jewelry Trading Co., Ltd., and that the Court award such other and further relief as is equitable and just.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Intuii asserts the following defenses. Intuii reserves the right to amend and supplement its Answer as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

42.     Plaintiff's claims for relief fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (WAIVER, ESTOPPEL AND LACHES)

43.     Plaintiff's claims for relief are barred by the doctrines of waiver, estoppel, and/or laches.

## THIRD AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT/FAIR USE)

44.     Plaintiff's claims for relief fail because the products that were offered for sale by Intuii were genuine ULOVEIDO products from Plaintiff's own online Amazon.com store. Any use of the ULOVEIDO mark by Intuii has been to fairly and accurately describe authentic products of the Plaintiff.

DM2\9406061.2

## FOURTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

45.     Plaintiff is aware that Intuii offered only genuine ULOVEIDO products from Plaintiff's own online Amazon.com store, and, thus, Plaintiff comes to this Court with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (TRADEMARK MISUSE)

46.     Plaintiff is attempting to interfere with legitimate commerce by preventing Intuii from selling or offering to sell genuine ULOVEIDO products.  Plaintiff is relying on a trademark registration to attempt to block commerce that uses Plaintiff's mark to fairly and accurately describe authentic products of the Plaintiff.  Plaintiff's conduct constitutes trademark misuse.

## SIX AFFIRMATIVE DEFENSE
## (FIRST SALE DOCTRINE)

47.     Plaintiff's claims for relief are barred by the first sale doctrine because the product at issue was Plaintiff's own product that was being sold by Plaintiff's official online Amazon.com store.

## SEVENTH AFFIRMATIVE DEFENSE
## (NO DAMAGES)

48.     Plaintiff's claims for relief fail in whole or in part to the extent Plaintiff suffered no damages.

## ADDITIONAL DEFENSES

49.     Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

DM2\9406061.2

## PRAYER FOR RELIEF

WHEREFORE, Defendants Inutii LLC and Jens Sorensen pray that the Court enter judgment in its favor and against Plaintiff Weifang Tengyi Jewelry Trading Co., Ltd., including the following:

A.     That all claims against Intuii be dismissed with prejudice and that all relief requested by Plaintiff against Intuii be denied;

B.     That Intuii be awarded attorney's fees incurred herein pursuant to 15 U.S.C. §1117(a);

C.     That Intuii be awarded costs of suit incurred herein, plus interest; and

D.     That Intuii be awarded such other and further relief as the Court deems equitable and just.

## COUNTERCLAIM
### (Abuse of Process)

For their counterclaims, Counterclaim-Plaintiffs Intuii LLC and Jens Sorensen (collectively referred to herein as "Intuii") allege as follows against Counterclaim-Defendant Weifang Tengyi Jewelry Trading Co., Ltd. ("Weifang"):

1.     This Court has diversity jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims.

2.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1391(c) because Weifang is subject to this Court's personal jurisdiction.

3.     This Court has personal jurisdiction over Weifang, which has availed itself of this Court by making claims of alleged infringement.

DM2\9406061.2

4.      Counterclaim-Plaintiff Intuii, LLC is a San Diego company that operates several online retail marketplaces on eBay.

5.      Counterclaim-Plaintiff Jens Sorensen is a San Diego resident who owns and operates Intuii, LLC.

6.      Upon information and belief, Counterdefendant Weifang Tengyi Jewelry Trading Co., Ltd. is a Limited Company having its principal place of business at No. 360, Dongfeng East St, Kuiwen, Weifang, Shandong, China 261000.

7.      Upon information and belief, Weifang is engaged in the business of distributing and selling jewelry under the ULOVEIDO trademark, which is has been registered by the U.S. Patent and Trademark Office as Registration No. 5,017,523.

8.      On or about July 5, 2018, Weifang brought this action against foreign counterfeiters of its ULOVEIDO mark, U.S. Trademark Registration No. 5,017,523, under seal.

9.      Weifang filed an *ex parte* motion for a temporary restraining order under seal against all defendants.

10.     Weifang contended that all defendants, including Intuii LLC and Sorensen, were foreign entities who reside in the People's Republic of China and other foreign jurisdictions. Weifang argued that a sealed temporary restraining order was necessary because defendants "could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts."

11.     Weifang alleged that all defendants, including Intuii LLC and Sorensen, sold counterfeit, imitation ULOVEIDO products, causing irreparable harm.

DM2\9406061.2

12.      Based on those representations, Weifang obtained the requested relief of a sealed temporary restraining order.

13.      On August 9, 2018, Intuii LLC received notification from PayPal that its account was being restricted due to an order that was issued in a pending litigation involving Counterclaim-Defendant.   The email informed Intuii LLC that "[u]ntil further notice, your ability to send payments, receive payments, withdraw funds, or access the funds in your PayPal account has been limited."  The email further instructed Intuii LLC to contact "The Law Office of L. Ford Banister, II" with any questions about the pending litigation.

14.      On August 10, 2018, Intuii LLC reached out to Weifang as instructed in the PayPal email.

15.      Over the next several days, Intuii's attorney informed Weifang's attorney that neither Intuii, LLC, nor Jens Sorensen were foreign nationals and that Intuii had not sold counterfeit ULOVEIDO products.  Intuii LLC informed Weifang that it had offered for sale two genuine ULOVEIDO products from Weifang's official online Amazon.com marketplace.  Intuii LLC further informed Weifang that neither of the two genuine products were ever purchased by consumers or anyone else and that both listings had previously been removed from Intuii LLC's marketplaces.

16.      Since then, Weifang has continued to pursue its counterfeiting action against Intuii, filing numerous pleadings and unnecessarily forcing Intuii to spend money defending a baseless claim on the merits, and one where Weifang has no damages in any event.

17.      Weifang filed this action for extortionate purposes.  Upon information and belief, Weifang performed little if any due diligence and pre-filing fact investigation, and then named more than a hundred a defendants intending to see what sums it could extort from the defendants.

DM2\9406061.2

Weifang then demanded five figure sums of money from Intuii in exchange for their dismissal from the lawsuit, regardless of whether Weifang has suffered actual damages or not.

18.     Weifang's improper purposes in bringing this action are illustrated by the facts alleged in the foregoing paragraphs of this counterclaim.

19.     Having obtained a sealed TRO, Weifang elected to take advantage of the TRO as it applies to Intuii LLC and Jens Sorensen, even though it was immediately informed and does not dispute that Intuii LLC has its principal place of business in California, that it operates in the United States, that Sorensen resides in San Diego, and that neither has ever sold a counterfeit imitation ULOVEIDO product.

20.     In short, Weifang succeeded in disrupting the business of Intuii, LLC and Jens Sorensen, two U.S.–based defendants, contrary to the allegations of the complaint and the arguments of its motion in support of a TRO.

21.     Weifang's counterfeiting claims against Intuii are objectively unreasonable. Weifang has continued to prosecute this action against Intuii LLC because it knows that continued defense will impose senseless costs on Intuii—in other words, only because the action is extortionate in character if not necessarily in provable intention.

22.     The foregoing acts of Weifang constitute an abuse of process under Illinois common law.

23.     Weifang's action in filing this lawsuit is part of an attempt by Weifang to fabricate causes of action, leading to issuance of legal process in an attempt to misuse or pervert regular and lawful court process in a tortious and improper way.

24.     Weifang's suit is oppressive because it lacks merit and has a high cost of defense.

25.     Weifang's oppressive suit has caused and continues to cause damage to Intuii.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaim-Plaintiffs pray that the Court:

A.      Enter judgment in favor of Intuii LLC and Jens Soresen and against Weifang in an amount, to be proved at trial, consisting of the damages suffered by Intuii as a result of Weifang's wrongful conduct including but not limited to the attorneys' fees and costs incurred defending against Weifang's claims in its Amended Complaint as well as the attorneys' fees and costs incurred by Intuii in prosecuting its counterclaim;

B.      Award Intuii LLC and Sorenson such other and further relief as this as the Court may deem just and proper.

Respectfully submitted,

**INTUII LLC and JENS SORENSEN**

DATED:  November 13, 2018                    By:     */s/ Boris Zelkind*_____
                                                              One of its Attorneys

Boris Zelkind (admitted *pro hac vice*)
Meghan C. Killian (to be admitted *pro hac vice*)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2267
Facsimile: (619) 923-2673
BZelkind@duanemorris.com
MCKillian@duanemorris.com

Carrie A. Dolan
J. Michael Williams
**COHON RAIZES & REGAL LLP**
208 South La Salle Street, Suite 1440
Chicago, Illinois 60604
Phone: (312) 726-2252
Fax: (312) 726-0609
cdolan@cohonraizes.com
mwilliams@cohonraizes.com

DM2\9406061.2

## JURY DEMAND

Defendants and Counterclaim-Plaintiffs Intuii LLC and Jens Soresen hereby demand a trial by a jury on all issues herein so triable.

Respectfully submitted,

**INTUII LLC and JENS SORENSEN**

DATED:  November 13, 2018                By:   */s/ Boris Zelkind* _____
                                                     One of its Attorneys

Boris Zelkind (admitted *pro hac vice*)
Meghan C. Killian (to be admitted *pro hac vice*)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2267
Facsimile: (619) 923-2673
BZelkind@duanemorris.com
MCKillian@duanemorris.com

Carrie A. Dolan
J. Michael Williams
**COHON RAIZES & REGAL LLP**
208 South La Salle Street, Suite 1440
Chicago, Illinois 60604
Phone: (312) 726-2252
Fax: (312) 726-0609
cdolan@cohonraizes.com
mwilliams@cohonraizes.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants and Counteclaim-Plaintiffs Intuii LLC and Jens Sorensen hereby certify that on **November 13, 2018**, a true and correct copy of **DISCLOSURE STATEMENT OF DEFENDANT INTUII LLC AND JENS SORENSEN'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT AND COUNTERCLAIM AND DEMAND FOR JURY** was filed electronically with the Clerk of Court through the Court's CM/ECF System, which will provide electronic notification of such filing to the following Counsel of Record:

L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th Avenue, Suite 1888
New York, NY 10001
ford@fordbanister.com

Charles E. McElvenny
Law Office of Charles E. McElvenny
20 North Clark Street, Suite 2200
Chicago, IL 60602
charlie@cemlawfirm.com

Attorneys for Plaintiff, WEIFANG TENGYI JEWELRY TRADING CO., LTD.

Adam Edward Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com

Attorneys for Defendant, GLOROUS.WORLD

Dimitar Plamenov Genov
Vladislavovo 229-4-129
Varna/Varna/9023
Bulgaria
mrdimitargenov@gmail.com
PRO SE

Nick Darker
1775 E Palm Canyon Dr., #110-1060
Palm Springs, CA 92264
ognyangenov85@gmail.com
PRO SE

Dated: November 13, 2018            By: /s/ Boris Zelkind
                                    Boris Zelkind (admitted *pro hac vice*)
                                    **DUANE MORRIS LLP**
                                    750 B. Street, Suite 2900
                                    San Diego, CA 92101
                                    Tel: (619) 744-2267
                                    Fax: (619) 923-2673
                                    BZelkind@duanemorris.com

-1-