**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-4651 |
| v. | ) ) ) | **Judge Gary S. Feinerman** |
| 1M SUNSHINE et al. | ) ) ) | **Magistrate Judge Jeffrey Gilbert** |
| Defendants. | ) ) | |

**PLAINTIFF WEIFANG TENGYI JEWELRY TRADING CO., LTD'S MOTION TO SEVER DEFENDANTS INTUII LLC AND JENS SORENSEN PURSUANT TO FRCP 21 AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, WEIFANG TENGYI JEWELRY TRADING CO., LTD ("Weifang" or "Plaintiff") hereby moves the Court to sever Defendants Intuii LLC and Jens Sorensen pursuant to FRCP 21. In support thereof, Plaintiff respectfully submits the following Memorandum of Law.

1

**MEMORANDUM OF LAW**

I.      **BACKGROUND AND PROCEDURAL POSTURE**

In order to combat widespread infringement, counterfeiting and unauthorized use of its federally registered ULOVEIDO trademark, Plaintiff brought the current action alleging trademark infringement and counterfeiting (Count I), false designation of origin (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III) on July 5, 2018. [Doc. 1] Plaintiff submitted its Amended Complaint on August 15, 2018. [Doc. 26] All Defendants, with the exception of Intuii and Sorensen, were properly served on August 17, 2018 [Doc. 72] as permitted by the Court's August 1, 2018 grant of Plaintiff's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3). [Docs. 19 & 21] Defendants Intuii and Sorensen waived service on September 14, 2018 [Docs. 100 & 101] and filed their answer to the amended complaint and a counterclaim for abuse of process on November 13, 2018. [Doc. 116] Therein, Defendants Intuii and Sorensen did not assert an objection to joinder. [Id.] Plaintiff moved for default and default judgment against the remaining defendants on November 25, 2018. [Doc. 121] On November 19, 2018, the Court required, *sua sponte,* that Plaintiff show in writing by December 3, 2018 that Defendants Intuii LLC and Jens Sorensen have been properly joined with the other Defendants pursuant to Civil Rule 20(a)(2). [Doc. 119] Plaintiff, having assessed the current case posture and applicable case law, in light of the Court's requirement, respectfully submits that severance is in the interest of judicial efficiency and is otherwise proper and now moves to sever Defendants Intuii LLC and Jens Sorensen pursuant to FRCP 21.

II. STANDARD OF LAW

Federal Rule of Civil Procedure 20(a)(2), states that persons may be joined "in one action as defendants if: (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." The Supreme Court has instructed that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). District courts interpret Rule 20 liberally to achieve its purpose and exercise "wide discretion" in deciding whether to sever a party. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Per the clear language of Rule 21, the remedy for misjoinder is severance, not dismissal of an action. See Fed. R. Civ. P. 21; *Grasty v. Cambridge Integrated Servs. Grp., Inc*., Case No. 13-cv-2522 (N.D. Ill., November 3, 2014) citing *Lee v. Cook Cnty*., 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed.").

III. ARGUMENT

    a) **Defendants Intuii LLC and Jens Sorensen Were Properly Joined With the Other Defendants at Time of Filing**

In its Amended Complaint, [Doc. 26] as in its initial Complaint, [Doc. 1] Plaintiff described the difficulty in identifying the Defendants, determining the scope of their counterfeiting network and preventing Defendants from avoiding liability through the use of

anonymous storefronts and false registration data. [Doc. 26 at ¶¶ 19-24] These are common challenges in combating the unauthorized online use of trademarks and other intellectual property online. These challenges are consistently recounted in the complaints submitted in trademark infringement lawsuits heard before this Court. On the basis on these well founded claims, joinder of multiple parties logically believed to be involved in the operation of a counterfeiting network or acting as joint tortfeasors in the infringement of intellectual property is permitted. Defendants Intuii LLC and Sorensen have failed to raise an objection, in their Answer to the Amended Complaint [Doc. 116] or elsewhere, to joinder. To the extent that the Defendants in error oppose the instant motion or claim error in their initial joinder with the now Defaulting Defendants, Plaintiff respectfully submits that the Court's consideration of Defendants opposition should be tempered by the fact that a nationwide search of the PACER database reveals that Defendant Jens Erik Sorensen has been involved, as both plaintiff and defendant, in extensive intellectual property related litigation encompassing approximately one hundred and twenty-seven listed actions. In at least one of these cases, *Sorensen v. Lexar Media, Inc. and Does 1-100*, Case No. 08-00095 at Doc. 1 (N.D. Cal. Jan 7, 2008), in addition to the named lead defendant, Sorensen sued "Defendant DOES 1-100" who he alleged were "other persons, entities, presently unidentified, that are also engaged, directly or indirectly, in the manufacture, import, sale and/or offer for sale in the United States of the products accused of infringement herein," [Id. at ¶ 3, Attached Exhibit A] apparently acknowledging the propriety of joining anonymous or as yet unidentified defendants in a single action and the difficulty of proceeding against unknown parties where details of the allegedly infringing activities are wholly within the knowledge of the tortfeasors. See generally FRCP 26 Notes of Advisory Committee on

Rules—1993 Amendment, Subdivision C. ("A party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.")

### b) Plaintiff's Instant Motion to Sever Defendants Intuii LLC and Jens Sorensen is Timely and Otherwise Proper

Under Fed. R. Civ. P. 21, the court has broad discretion to "at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." See *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). See *Martinez v. Haleas*, No. 07-cv-6112 at *3-4 (N.D. Ill. Mar. 30, 2010) "Because Rule 21 unequivocally states that 'the court may at any time, on just terms, add or drop a party,' [any] argument that [Plaintiff] waived [its] right to file a misjoinder motion is without merit." *Walgreen Co. v. Networks–USA V, Inc.*, Case No. 12-cv-1317 (N.D. Ill., Dec. 17, 2012) citing Fed.R.Civ.P. 21. Plaintiff's instant motion in response to the Court's required briefing of whether Defendants Intuii LLC and Jens Sorensen are properly joined with the remaining Defaulting Defendants is timely and otherwise proper.

### c) Prosecution of Plaintiff's Claims Against Defendants Intuii LLC and Jens Sorensen May Involve Separate Witnesses, Fact Finding and Discovery

As noted above, Federal Rule of Civil Procedure 20(a)(2), states that persons may be joined "in one action as defendants if: (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." "Although 'transaction or occurrence' is not defined in Rule 20(a), courts interpret this term as 'comprehend[ing] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship... When

5

the plaintiffs' claims require individual fact finding and discovery, different witnesses and testimony, and separate questions to answer, they generally do not constitute [the] same transaction or occurrence and cannot be joined." *Adkins v. Ill. Bell Tel. Co.*, Case No. 14-cv-1456 at *14 (N.D. Ill., March 24, 2015) (Citation Omitted) In its Answer to the Amended Complaint, Defendants Intuii and Sorensen deny, based on a lack of knowledge, any association with the Defaulting Defendants. [Doc. 116 at ¶ 22] Plaintiff received only minimal and unverified initial disclosures from Defendants. [Doc. 34] Plaintiff's ability to investigate the relationship between Defendants Intuii and Sorensen has been hampered by the Court's lifting of the temporary restraining order [Doc. 44] in its entirety, rather than in part, to include the grant of expedited discovery included in the initial TRO [Doc. 16] that Plaintiff sought to utilize to investigate its claims and the Court's denial of Plaintiff's motion for a preliminary injunction [Doc. 45] which would have effectuated the continuation of the grant of expedited discovery authorized by in the initial TRO [Doc. 16] Rather, upon Plaintiff's motion, [Doc. 84] the Court entered a separate order for expedited discovery which excluded Defendants Intuii and Sorenson. [Doc. 90]

While Plaintiff may later in discovery uncover a connection between the Defaulting Defendants and Defendants Intuii and Sorensen, without stating so directly or presenting an objection that joinder is improper, said Defendants have throughout held that as purported U.S. based entities and persons, they are not the Defendants identified in Plaintiff's initial Complaint [Doc. 1] and TRO. [Doc. 16] [See Doc. 34 at 5, 9-10, 16; Doc. 32 at 1; Doc. 62 at 2-4] Defendants Intuii and Sorensen have demurred from briefing the question of the significance of the location of the Defendants as it relates to the appropriateness of the temporary and preliminary injunctive relief as requested by Plaintiff. [Doc. 114] Neither the Court's orders

6

lifting the TRO as to Defendants Intuii LLC and Sorensen, [Doc. 44] denying the initial motion for preliminary injunction [Doc. 45] or the limited commentary of the Court at the August 23, 2018 hearing regarding the location of the Defendants [Hearing Trans. at 5:18-23] shed any light on the import of this wholly collateral question. To the extent that the location of the Defendants is of any import as to the merits or to joinder, as it seems Defendants may contend, then these as yet to be clearly articulated concerns support Plaintiff's instant motion for severance, assuming that Defendants Intuii and Sorensen are in fact U.S. based persons. Assuming but not admitting that Defendants Intuii and Sorensen have truthfully denied their connection with the Defaulting Defendants, [Doc. 116 at ¶ 22] Plaintiff acknowledges that under these circumstances the actions of Defendants Intuii and Sorensen in violation of the Lanham Act may not be viewed as "arising out of the same transaction, occurrence, or series of transactions or occurrences" as required for joinder pursuant to Rule 20(a)(2)(a) and should be severed pursuant to Rule 21.

   **d)**   **Prosecution of Plaintiff's Claim Against Defendants Intuii LLC and Jens Sorensen Involve Questions of Fact and Law That Are Not Common to All Defendants**

Of the four-hundred originally named defendants, only Defendants Intuii LLC and Sorensen have filed an answer. Defendants Intuii LLC and Sorensen share common questions of fact with the Defaulting Defendants in that it is alleged that all used Plaintiff's ULOVEIDO mark with authorization and in violation of the Lanham Act utilizing online sales platforms. [Doc. 26] At least at this stage, there is a common question of law as to whether they are properly joined with the Defaulting Defendants. See *SITE B, LLC v. Does 1-51*, Case No. 13-cv-5295 (N.D. Ill. March 7, 2014) (Analyzing joinder under the Copyright Act in the context of anonymous "swarm" download infringements.) However, the defenses set forth by

Defendants Intuii LLC and Sorensen are unique to them. "Regardless of the parties' ability to resolve certain aspects of the claims, individual inquiries into the facts and circumstances of each Plaintiffs' accessibility challenges, to at least some degree, is inevitable. To the extent that a jury would be involved in that process, the Court is concerned with the prejudice that could result from the jury confusing evidence as to one plaintiff and applying it to another. Without severance of each plaintiff's claim, a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial. This would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder of plaintiffs." *Equal Rights Ctr. v. Kohl's Corp.*, Case No. 14-cv-8259 at *4 (N.D. Ill., August 11, 2017) (Internal Citation Omitted) Moreover, assuming the truthfulness of Defendants' denial of association with the Defaulting Defendants, it appears that, as in *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442-43 (7th Cir. 2006) "[t]he validity of the claims before [the Court] does not depend, as a matter of law, on the outcome of the severed claims." Under the totality of the circumstances, severance is in the interest of judicial efficiency and clear analysis of the issues.

      e)     **Misjoinder Does Not Result in Dismissal but Severance and Reassignment**

"When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *Gaffney*, 451 F.3d at 441 ("Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability."). Plaintiff's claim against Intuii LLC and Sorensen should be treated as a separate suit and assigned a separate

docket number. See *Lee*, 635 F.3d at 971. "Since severance is the creation of 'multiple docket numbers for the action already on file'—not dismissal and re-filing—the [severed] Plaintiff[s] should not be required to pay filing fees in the instant case." *Equal Rights Ctr. v. Kohl's Corp.*, Case No. 14-cv-8259 at *5 (N.D. Ill., August 11, 2017) citing *Jackson v. Welborn*, No. 12-CV-961-JPG at *1 (S.D. Ill. Nov. 2, 2012).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully submits that the Court grant the following relief:

a)  That Defendants Intuii LLC and Jens Sorensen be severed from the instant case;

b)  The the Clerk of Court be directed to create a single separate docket entry for Plaintiff's claim against Intuii LLC and Sorensen;

c)  That Plaintiff be granted leave to file a second amended complaint addressing its specific claim against Intuii LLC and Sorensen;

d)  That upon severance the case be re-assigned by lot;

e)  That the deadline for Plaintiff's response to Defendants Intuii LLC and Sorensen's Counterclaim for abuse of process, including the answer and any motion to dismiss, be stayed and extended until the Court resolves the instant motion;

f)  That the deadline for any motion to strike Defendants Intuii LLC and Sorensen's affirmative defenses be stayed and extended until the Court resolves the instant motion;

g)  Any further and additional relief that the Court deems necessary and appropriate.

(Date and Signature on the Following Page)

Dated this 26th day of November, 2018.

> Respectfully submitted,
>
> <u>/s/ L. Ford Banister, II</u>
> The Law Office of L. Ford Banister, II
> 244 5th, Avenue, Ste. 1888
> New York, NY 10001
> Mailing Address
> PO Box 3514 PMB 23332
> New York, NY 10008
> Telephone: U.S No. 212-574-8107
> China No. 86 18565619293
> Fax: (646) 365-3459
> Email: ford@fordbanister.com
> *Attorney for Plaintiff*