**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-4651 |
| | ) | |
| v. | ) | **Judge Gary S. Feinerman** |
| | ) | |
| | ) | **Magistrate Judge Jeffrey Gilbert** |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF WEIFANG TENGYI JEWELRY TRADING CO., LTD.'S MOTION TO DISMISS DEFENDANTS INTUII LLC AND JENS SORENSEN'S COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES, Weifang Tengyi Jewelry Trading Co., Ltd., Plaintiff in the above styled civil action, by and through counsel, and moves the Court to dismiss Defendants Intuii LLC and Jens Sorensen's Counterclaim for abuse of process with prejudice and in support states as follows:

## I. INTRODUCTION

"There is a difference between zealously advocating for one's clients and unnecessarily disparaging opposing counsel." *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 591 (7th Cir. 2009) Such attacks are not only unnecessary and distracting, but they do not assist the Court

1

in resolving the matter and give the impression, whether accurate or not, that the party resorting to such attacks is itself taking a position that is unsupported by the law or facts because it has resorted to such distractions. Thus it is in the instant case where Defendants Intuii LLC and Jens Sorensen ("Defendants" or "Intuii Defendants") have persistently made vague and conclusory allegations of "bad faith," by both Plaintiff and its counsel, which, when challenged, they have demurred from attempting to define. [Oct. 1, 2018 Hearing Trans. 8-16] The counterclaim for abuse of process that Plaintiff now moves to dismiss, along with the affirmative defenses which Plaintiff contemporaneously moves to strike, is a continuation of the Intuii Defendants' unfortunate tactics. The dismissal of the Intuii Defendants' counterclaim will, hopefully, be their conclusion.

## II.    STANDARD OF LAW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

III.     SUMMARY OF THE ARGUMENT

Under Illinois law, "[t]he only elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Pace v. Timmerman's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 757 (7th Cir. 2015) citing *Kumar v. Bornstein*, 354 Ill.App.3d 159, 290 Ill.Dec. 100, 820 N.E.2d 1167, 1173 (2004). "To satisfy the first element, a plaintiff must plead facts showing the defendant instituted proceedings against the plaintiff for an improper purpose, such as extortion, intimidation, or embarrassment." *Forza Techs., LLC v. Premier Research Labs*, LP, 2015 IL App (1st) 142640-U (Ill. App., 2015). "To determine whether the second element has been sufficiently alleged, the court must assess whether the complaint asserts that 'process has been used to accomplish some end which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing that he could not legally and regularly be compelled to do.'" *Harmon v. Gordon*, Case No. 10-cv-1823, 2011 WL 290432, at *3 (N.D. Ill. Jan. 27, 2011) citing *Reed v. Doctor's Assoc. Inc.*, 824 N.E.2d 1198, 1206 (Ill. App. Ct. 2005). "A claim for abuse of process can only proceed where the plaintiff has suffered an actual arrest or a seizure of property." This requirement is sometimes known as a 'special injury.'" *Neil v. Nesbit*, Case No. No. 13-cv-03809 at *8 (N.D. Ill., September 27, 2014) (Citations Omitted) "Because the tort of abuse of process is not favored under Illinois law, the elements must be strictly construed." *Slep-Tone Entertainment Corp. v. Coyne et al.*, Case No. 13-cv-02298 at *14 (N.D. Ill. January 8, 2015) citing *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 929-30 (Ill. App. 2003). Further, Plaintiff has immunity from Defendants' claim under the *Noerr-Pennington* doctrine. Finally, to the extent

they seek recompense for damages allegedly incurred due to a wrongfully obtained TRO, no damages are available due to the rule that damages flowing from injunctive relief are limited to the amount of the bond, if any.

## IV.    ARGUMENT

### a)    As a Disfavored Cause of Action, Illinois Law Requires That the Elements of a Claim for Abuse of Process Be Strictly Construed

Abuse of process is a "narrow tort" that is "not favored under Illinois law", and its "elements must be strictly construed." *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill.App.3d 177, 183-184 (2nd Dist. 2003) (citing *Erlich v. Lopin-Erlich*, 195 Ill.App.3d 537, 539 (1st Dist. 1990)). "Free access to the courts as a means of settling private claims or disputes is a fundamental component of our judicial system, and courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights. . . ." *Lyddon v. Shaw*, 56 Ill. App. 3d 815, 821-22, 372 N.E.2d 685, 690 (2d Dist. 1978) Courts in this judicial district routinely dismiss claims for abuse of process where, as here, as is fully set out below, a plaintiff's complaint fails to meet minimal pleading requirements.  See *Slep-Tone Entertainment Corp. v. Coyne et al.*, Case No. 13-cv-02298 at *14 (N.D. Ill. January 8, 2015) (Feinerman, J.); *Sequoia Fin. Solutions, Inc. v. City of Chi.*, Case No. 14-cv-3065 at *9-11 (N.D. Ill., December 9, 2014) (Feinerman, J.); *Villarreal v. Arnold*, Case No. 16-cv-00603 at *6-9 (N.D. Ill., December 20, 2016) (Shah, J.); *Neil v. Nesbit*, Case No. No. 13-cv-03809 at *8 (N.D. Ill., September 27, 2014 ) (Wood, J.); *Harmon v. Gordon*, Case No. 10-cv-18233 at *3 (N.D. Ill. Jan. 27, 2011) (Kocoras, J.); *McDuffie v. Loney*, Case No. 16-cv-8860 at *7, 11 (N.D. Ill., December 6, 2017) (Durkin, J.) and *Roehl v. Merrilees*, Case No. 11-cv-4886 at *20-21

(N.D. Ill., April 10, 2012). (Zagel, J,) In fact, courts only seldom sustain claims of abuse of process when challenged at the pleading stage.

    **b)      The Intuii Defendants Have Failed to Allege the Existence of an Improper Purpose or Motive**

    The crux of the Intuii Defendant's abuse of process claim is that they speculate that Plaintiff filed the instant suit without sufficient investigation, demanded settlements from the defendants, including the Intuii Defendants, and then did not immediately dismiss those claims without compensation upon being contacted by the Intuii Defendants' counsel. [Doc. 161 at ¶¶ 19] The Intuii Defendants contend that Plaintiff "demanded exorbitant sums of money from Intuii in exchange for the promise of releasing of the restrictions on Intuii's assets, notwithstanding Intuii's innocence." [Id.] This does not come close to alleging the type of ulterior motive that gives rise to a claim for abuse of process under Illinois law but rather reveals a fundamental misunderstanding of the purpose and elements of the tort and a very apparent failure to conduct even a minimal investigation prior to putting the claim forth. It is well established that "[t]he mere institution of a proceeding, even if brought simply to harass the other party or to coerce a settlement, does not constitute abuse of process." *Harmon v. Gordon*, Case No. 10-cv-18233 at *3 (N.D. Ill. Jan. 27, 2011) citing *Doyle v. Schlensky*, 458 N.E.2d 1120, 1128 (Ill. App. Ct. 1983) "These allegations, even if accepted as true, do not demonstrate an improper use of the legal process that would help [Plaintiff] accomplish a collateral and improper purpose." *Id.* See also *Edelson PC v. Bandas Law Firm PC*, Case No. 16-cv- 11057 (N.D. Ill., July 20, 2018) ("This fact militates against expanding abuse of process liability to cover settlement demands that are, as explained earlier, difficult to distinguish from lawful hard bargaining or from demands to settle ordinary frivolous lawsuits, which courts do not consider

extortion.") (Internal Citations and Quotations Omitted) In an earlier decision in *Edelson PC v. Bandas Law Firm PC*, Judge Pallmeyer rejected an attempt to premise an abuse of process claim on a mere allegation of "bad faith" in the context of class action objections. *Edelson PC v. Bandas Law Firm PC*, No. 16-cv-11057 at *14 (N.D. Ill. Feb. 6, 2018). (Declining "to depart from the long line of precedent under which demanding payment while threatening to bring or continue litigation does not constitute a predicate act of extortion.") Having failed to sufficiently allege this first element, that Plaintiff acted with an improper purpose, the Intuii Defendants' claim fails as a matter of law.

      **b)**      **The Intuii Defendants Fail to Plausibly Allege Any Use of Process by Plaintiff**

As this Court explained in its opinion in *Slep-Tone Entertainment Corp. v. Coyne et al.*, "Because the tort of abuse of process is not favored under Illinois law... [t]he word 'process' has been given its literal meaning: "[p]rocess is issued by the court[] under its official seal and must be distinguished from pleadings, which are created and filed by the litigants." Case No. 13-cv-02298 at *14 (N.D. Ill. January 8, 2015). (Citations Omitted) As in *Slep-Tone*, "Defendants' counterclaim alleges not the use—let alone the misuse—of any 'process' issued by this court, but only that Slep-Tone brought a groundless suit simply to harass them... Because the settled law of Illinois [holds] that mere institution of a suit or proceeding, even with a malicious intent or motive, does not itself constitute an abuse of process," [Id.] the Intuii Defendants' initial counterclaim [Doc. 116 at 19-22] was devoid of ***any*** allegation of a use, much less abuse of process by Plaintiff. The Intuii Defendants apparently took notice of this error when raised in Plaintiff's first motion to dismiss, [Doc. 152 at 6] and set about curing this deficiency in their pleading by peppering their amended counterclaim with references to Plaintiff having sought,

6

obtained and then made improper use of an asset restraint. [Doc. 161, Counterclaim at ¶¶ 19-21, 25] As is apparent from the record in this case, including the moving papers referenced by the Intuii Defendants in their counterclaim, and as fully set out in Plaintiff's previously filed motion to strike, [Doc. 168] the Intuii Defendants are attempting to try a very different case than that which is actually before the Court. These allegations find no support in the record. The Intuii Defendants cannot rely on a fiction to repair their faulty pleadings and rescue their facially deficient counterclaim. Failing to have plausibly alleged any use of process by Plaintiff, Defendants' counterclaim must fail.

c) **The Intuii Defendants Fail to Allege a Misuse of Process**

Moreover, even if Plaintiff improperly obtained any relief in the TRO, this still does not amount to an abuse of process under Illinois law. "The test is whether process has been used to accomplish some end which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing that he could not legally and regularly be compelled to do. In other words, the defendant must have intended to use the action to accomplish some result that could not be accomplished through the suit itself." *Reed v. Doctor's Assocs., Inc.*, 824 N.E.2d 1198, 1206 (Ill. App. Ct. 5th Dist.) This Court and others routinely grant preliminary injunctive relief in Lanham Act cases, including that provided to Plaintiff, [Doc. 16] and asset restraining orders. Such relief is proper in the regular prosecution of the proceedings. See *Rosario v. City of Chicago*, Case No. 11-cv- 456 at *18-19 (N.D. Ill., April 17, 2012) ("Although she contends that defendants lied in order to pursue charges against her, Illinois courts have held that if a litigant's action - here, proceeding with the charges - is proper in the regular prosecution of the proceedings, . . . [t]he fact that the representations made to the

court were allegedly false does not render them an abuse of process.") (Internal Citations and Punctuation Omitted); *Ruehl Bros. Brewing Co. v. Atlas Brewing Co.*, 187 Ill. App. 392, 397 [(1914) ("The affidavit of defendant in error filed in the suit was appropriate to that action and in furtherance thereof, and, therefore, did not, whether true or false, furnish any basis for this claim for malicious abuse of process."); *Erlich v. Lopin-Erlich*, 553 N.E.2d 21, 22 (Ill. App. Ct. 1990) (holding that wife's procurement of an ex parte order restraining husband from disposing of marital assets "[was] not extraneous to the purpose of the [divorce] proceeding," and thus was not an abuse of process, even if wife made false representations to obtain the order); *Dixon v. Smith-Wallace Shoe Co.*, 283 Ill. 234, 242 (1918) (explaining that no abuse of process exists where a creditor knowingly filed a false suit and a judgment in attachment and an order of sale was obtained because the suit was initiated regularly and prosecuted to an ordinary conclusion); *Evans v. West*, 935 F.2d 922, 923 (7th Cir. 1991) (rejecting an abuse of process claim where the plaintiff alleged that the defendant "call[ed] the police and sign[ed] a [false] criminal trespass complaint") and *Barrett v. Baylor*, 457 F.2d 119, 123 (7th Cir. 1972) (Collecting Cases) Having failed to allege a use of process not proper in the regular prosecution of the proceeding, Defendants' counterclaim must be dismissed on this ground as well.

**d)    The Intuii Defendants Fail to Allege Special Injury**

"Under Illinois law, a claim for abuse of process can only proceed where the plaintiff has suffered an actual arrest or a seizure of property." *Neil v. Nesbit*, Case No. No. 13-cv-03809 at *8 (N.D. Ill., September 27, 2014) citing *Parks v. Neuf*, 578 N.E.2d 282, 285 (Ill. App. 4th Dist. 1991). "This requirement is sometimes known as a 'special injury.'"[1] Other than references to

---

[1] While it is true that an arrest or seizure of property is not a formally designated element of the tort of abuse of process, no Illinois case has found an abuse of process minus either. See *Kumar*

8

the non-existent TRO and its effects, the Intuii Defendants generally allege that they have incurred attorney's fees. [Id. at ¶¶ 17, 26] Even if taken as true, the facts pleaded in Defendants' Amended Counterclaim do not establish that any special injuries resulted from these supposed misdeeds. First, "Because anxiety, loss of time, attorney fees, embarrassment, humiliation, injury to personal or professional reputation, and the like are the unfortunate incidents of many, if not all, lawsuits, they do not constitute special injuries." *Neil v. Nesbit*, Case No. 13-cv-03809 at *8 (N.D. Ill., September 27, 2014) (Citation Omitted) In dismissing the Plaintiff's abuse of process claim, Judge Wood further found that the claimant's assertion that a party had "interfere[d] with her ability to work and to conduct business" likewise failed to satisfy the special injury requirement. [Id.] The facts relating to special injury in *Neil v. Nesbit* and the instant case are not at all dissimilar. Therein, the claimant presented as evidence of special injury "the purported unlawful garnishment of her wages." [Id.] A wrongful wage garnishment is an act much more egregious than the brief business interruption seemingly alleged by the Intuii Defendants in that any funds restrained by a wage garnishment would then be subject to turnover rather than merely restrained. For the same reasons, the Intuii Defendants' claim for abuse of process must be dismissed.

e)    **Plaintiff Has Immunity from Defendants' Claim for Abuse of Process Pursuant to the Noerr-Pennington Doctrine**

Above, Plaintiff has shown that Defendants' claim for abuse of process is inadequately pled and should be dismissed with prejudice as no amendment will permit Defendants to allege Plaintiff's pleadings, whether true or not, were an abuse of the Court's process. As such, the

---

*v. Bornstein*, 354 Ill. App. 3d 159, 290 Ill.Dec. 100, 820 N.E.2d 1167, 1173 (Ill. App., 2004); See also *Edelson PC v. Bandas Law Firm PC*, Case No. 16-cv- 11057 (N.D. Ill., July 20, 2018)

9

Court need not necessarily reach Plaintiff's assertion of immunity under the *Noerr-Pennington* doctrine. However, out of an abundance of caution, Plaintiff respectfully submits that the *Noerr-Pennington* doctrine effectively bars Defendants' abuse of process claim as Plaintiff is fully clothed in its immunity. "Whether the branch of government is the legislature, the executive, or the courts, the right to present one's viewpoint is protected by the First Amendment." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 483 (7th Cir., 2017) "There is a 'sham' exception to *Noerr–Pennington*, but it is difficult to show that litigation is so objectively baseless, or so clearly based on knowing and material falsehoods, that the exception applies." *Id.* citing *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). Should it be necessary for the Court to reach Plaintiff's assertion of immunity under the *Noerr-Pennington* doctrine, Plaintiff respectfully submits that the clear language of the 7th Circuit's holding in *Domanus v. Locke Lord LLP* confirms that the burden of showing that litigation is a "mere sham" is on the party making the assertion. Defendants cannot meet this burden nor may they attempt to do as they have conceded their inability to show that any part of the instant case is subjectively unreasonable. [Doc. 161 at ¶ 23]

  f)  **The Intuii Defendants' Abuse of Process Claim is Procedurally Barred by the Rule that Damages Flowing from a TRO May Not Exceed the Bond**

The recovery of a defendant who alleges to have been harmed by the wrongful application of an injunction is limited to the amount of the bond. "Damages cannot exceed the amount of the bond that was in effect while the injunction lasted." *Mead Johnson & Co. v. Abbott Labs.*, 209 F.3d 1032, 1033 (7th Cir., 2000) citing *Thomas & Betts Corp. v. Panduit Corp.*, 65 F.3d 654, 664 n.13 (7th Cir. 1995). "There is neither logical nor legal room for a post-reversal increase in an injunction bond." [Id.] The Defendants in opposition attempt to

circumvent this rule by citing *Coyne-Delany Co. v. Capital Dev. Bd. of State of Ill.*, 717 F.2d 385, 394 (7th Cir. 1983) for the proposition that damages may be had where a Plaintiff acted in "bad faith," that "bad faith" being an alleged failure to adequately investigate. [Doc. 43 at 3] Plaintiff respectfully submits that Defendants may not circumvent this rule by making a separate claim for abuse of process.

Plaintiff respectfully submits that the wholly insufficient pleading of its counterclaim for abuse of process only further demonstrates what has been apparent in this case from near the moment of the Intuii Defendants' appearance: The Intuii Defendants' are so desperate to avoid any liability and so lacking in a meritorious defense that they have, without consideration of the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit[2], persistently caste baseless aspersions upon the integrity of both Plaintiff and its counsel of which its counterclaim is one reiteration. Unfounded conclusory reiterations of vague allegations of "bad faith" do not a viable defense make nor may such conclusions of law and fact be properly considered by the Court in assessing the viability of Defendants' counterclaim. *Kumar v. Bornstein,* 354 Ill. App. 3d 159, 164 (Ill. App., 2004). Though Defendants found some traction in initially moving to have the TRO lifted [Doc. 44] and have been successful in both disrupting the proceeding and directing attention away from their own clear liability, in our precedent based system which affords equal justice and predictable outcomes to each and every litigant, this misconduct will not only ultimately prove to be an unsuccessful litigation tactic but should be properly punished. The Intuii Defendants' ill conceived and poorly pled claim for abuse of

---

[2] Available at
https://www.insd.uscourts.gov/sites/insd/files/Standards%20for%20Professional%20Conduct.pdf

process fails as a matter of law and, consistent with binding precedents and this Court's own previous holdings, must be dismissed.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1) That the Intuii Defendants' counterclaim for abuse of process be dismissed with prejudice;

2) Such further and additional relief as the Court deems necessary and appropriate.

Respectfully submitted this 11th day of February, 2019.

/s/ L. Ford Banister, II
Bar No. 5446539
The Law Office of L. Ford Banister, II
244 5th Ave, Suite 1888
New York, NY 10008
Mailing Address
PO Box 3514 PMB 23332
New York, NY 10008
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*