IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" <br><br> Defendants. | Case No. 18-cv-4651 <br><br> **District Judge Gary S. Feinerman** <br><br> **Magistrate Judge Jeffrey Gilbert** |

**DEFENDANTS INTUII LLC'S AND JENS SORENSEN'S
MEMORANDUM IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**I.     INTRODUCTION**

Selling genuine trademarked products is not a violation of the Lanham Act or Illinois law. Defendants Intuii LLC and Jens Sorensen (collectively, "Intuii") stand accused of offering for sale two of Plaintiff Weifang Tengyi Jewelry Trading Co., Ltd.'s, ("Plaintiff" or "Weifang") ULOVEIDO jewelry products. But there is no genuine dispute that the products that were offered (but never sold) by Intuii were Weifang's own products from Weifang's official Amazon.com online store. Weifang's products cannot be counterfeits of themselves. Such an argument is nonsensical and contrary to law. Moreover, Intuii's use of the ULOVEIDO mark in connection with the offer of sale of genuine ULOVEIDO products is not trademark infringement. The use of a mark on a genuine trademarked product does not confuse the consumer as to the source or origin of product because Weifang is the source/origin of the product and; therefore, does not result in trademark infringement.

Additionally, Plaintiff is not entitled to any damages. Statutory damages under the Lanham Act are only available for counterfeiting, and there is no counterfeiting here. Furthermore, there are no actual damages because there were no sales of the accused products.

## II. FACTUAL BACKGROUND

Intuii LLC, founded by Jens Sorensen, is a San Diego company that operates online retail marketplaces on the eBay consumer platform. Intuii sells products in Home & Garden, Business & Industrial, Health & Beauty, Clothing, Shoes & Accessories and Toys & Hobbies categories, as well as others. Intuii operates its online marketplaces using the drop shipping fulfillment method, whereby Intuii does not maintain inventory of the items it sells, but instead purchases product from a third party and has the third party ship the product directly to the buyer when a sale occurs.

Weifang is a maker and seller of ULOVEIDO branded jewelry. The majority of Weifang's business is conducted online, and Plaintiff operates an Amazon store at https://www.amazon.com/uloveido "where it promotes and sells *genuine* ULOVEIDO Products to consumers." LR 56.1 Statement at ¶ 6. The ULOVEIDO Elephant Pendant Necklace ("Elephant Pendant") and the ULOVEIDO Double Pointed V Shape Adjustable Ring ("Adjustable Ring") (hereinafter referred jointly as the "Accused Products") are both genuine ULOVEIDO products sold online via Weifang's Amazon store. LR 56.1 Statement at ¶¶ 7-8.

Amazon assigns each product listing in its marketplace with a unique identifier called the Amazon Standard Identification Number (ASIN). Weifang's Elephant Pendant has Amazon's unique product identifier ASIN: B06Y2X9X9F and is sold by Weifang on the Amazon marketplace at: https://www.amazon.com/gp/offer-listing/B06Y2X9X9F. LR 56.1 Statement at ¶ 7. Weifang's Adjustable Ring has Amazon's unique product identifier ASIN: B072TVY3ZG

and is sold by Weifang on the Amazon marketplace at: https://www.amazon.com/gp/offer-listing/B072TVY3ZG. LR 56.1 Statement at ¶ 8.

Intuii listed these two *genuine* ULOVEIDO products from Plaintiff's Amazon store on its online eBay store named "diaperdisco" ("Intuii's eBay Store"). LR 56.1 Statement at ¶ 9. Intuii's eBay listing for the Elephant Pendant was linked, using the product's unique ASIN, to Plantiff's Amazon marketplace listing at https://www.amazon.com/gp/offer-listing/B06Y2X9X9F, such that if a consumer had purchased the item from Intuii's eBay Store, Intuii's software would have purchased Plaintiff's genuine Elephant Pendant product (ASIN B06Y2X9X9F) from Plaintiff's Amazon store. LR 56.1 Statement at ¶ 10. Amazon would have drop shipped the Elephant Pendant directly to the customer's mailing address. *Id*. Likewise, Intuii's eBay listing for the Adjustable Ring was linked, using the Adjustable Ring's ASIN, to Weifang's Amazon marketplace listing at https://www.amazon.com/gp/offer-listing/B072TVY3ZG, such that if a consumer had purchased the item from Intuii's eBay Store, Intuii's software would have purchased Plaintiff's genuine Adjustable Ring product (ASIN B072TVY3ZG) from Plaintiff's Amazon store. LR 56.1 Statement at ¶ 11.

Weifang is not alleging that Intuii sold imitation or cheap copies of its products. Rather, in its interrogatory responses, Plaintiff asserts that the basis for its counterfeiting claim is that Intuii allegedly posted the Accused Products "without Plaintiff's knowledge and consent," and because Intuii is "not authorized dealer[] of Plaintiff's products or otherwise affiliated with Plaintiff." LR 56.1 Statement at ¶ 12.

The Intuii eBay Store did not represent itself to be an authorized dealer of ULOVEIDO jewelry. The listings for the Accused Products on the Intuii eBay Store did not state that Intuii was either an authorized dealer of ULOVEIDO jewelry or sponsored or affiliated with Weifang.

LR 56.1 Statement at ¶ 13. The term "Uloveido" appeared in the Intuii eBay Store listings as lawfully allowed to reasonably describe each of the Accused Products. LR 56.1 Statement at ¶ 14.

Moreover, neither of the Accused Products were ever purchased from Intuii and the Intuii eBay Store listings were terminated without sales at least two months prior to the commencement of this litigation. LR 56.1 Statement at ¶ 15. Intuii has never made any sales of any ULOVEIDO products or products using the ULOVEIDO trademark on any of its online stores. LR 56.1 Statement at ¶ 16.

### III. LEGAL ARGUMENT

#### A. Summary Judgment Standard

Summary judgment is proper "if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no dispute as to any material facts relevant to the claims at issue in this Motion. Accordingly, summary judgment should be granted, and Weifang's claims of trademark counterfeiting and infringement should be dismissed with prejudice.

Furthermore, before the nonmoving party "can benefit from a favorable view of evidence, he must first actually place evidence before the courts." *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, they must show through specific evidence that an issue of fact remains on matters for which they bear the burden of proof at trial. *Walker v. Shansky,* 28 F.3d 666, 670-71 (7th Cir.1994), *aff'd,* 51 F.3d 276 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)). No issue remains for trial "unless there is sufficient evidence

favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted); *accord Starzenski v. City of Elkhart,* 87 F.3d 872, 880 (7th Cir.1996); *Tolle v. Carroll Touch, Inc.,* 23 F .3d 174, 178 (7th Cir. 1994). "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 939 (7th Cir. 1997). Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. *Chiaramonte v. Fashion Bed Group, Inc.,* 129 F.3d 391, 401 (7th Cir. 1997). Weifang cannot bear its burden of showing, through specific evidence, that an issue of fact remains on any of its claims against Intuii.

> **B. Intuii Did Not Commit Any Acts Of Counterfeiting And Is Entitled To Summary Judgment Of No Counterfeiting.**

Plaintiff alleges that Intuii is liable for counterfeiting in Count I of its Amended Complaint, but Intuii has not sold or offered for sale any *counterfeit* products. Instead, Intuii offered for sale two *genuine* ULOVEIDO products-- the Elephant Pendant and the Adjustable Ring. Both Accused Products are Plaintiff's own products from Plaintiff's own Amazon store. Intuii linked its two eBay listings to Plaintiff's listings for the Elephant Pendant and the Adjustable Ring on Weifang's Amazon store using Amazon's unique product listing identifier (ASIN) (https://www.amazon.com/gp/offer-listing/B06Y2X9X9F, and https://www.amazon.com/gp/offer-listing/B072TVY3ZG, respectively). LR 56.1 Statement at ¶¶ 10 and 11. If a customer had purchased either item from Intuii, the customer would in fact have purchased Plaintiff's genuine ULOVEIDO products from Plaintiff's Amazon store. In fact, the product would have been drop shipped to the customer from Plaintiff's Amazon store. Plaintiff has declared under penalty of perjury that it sells genuine products from its Amazon store at https://www.amazon.com/uloveido.

LR 56.1 Statement at ¶ 6. Thus, there can be no genuine dispute that the two Accused Products were Plaintiff's own genuine products.

Moreover, when asked to "[f]ully and specifically describe the facts supporting [its] contention that the [Accused Products] are 'counterfeits,' as alleged in paragraph 25 of [Weifang's] complaint," Weifang responded:

> The items identified in Interrogatory No. 1 were posted on at least Defendant's eBay store without Plaintiff's knowledge and consent, without any type of disclaimer stating that Defendants are not authorized dealers of Plaintiff's products or otherwise affiliated with Plaintiff or that Plaintiff's products were not in Defendants' possession, and bearing false UPC and GTIN codes, indicating an intent to deceive potential purchasers.

LR 56.1 Statement at ¶ 12. Weifang does not allege that Intuii offered cheap, knock-off, imitations, or non-genuine versions of ULOVEIDO products. Weifang only alleges that Intuii was not authorized to sell the Accused Products. Thus, there is no dispute or genuine issue that Intuii offered to sell genuine ULOVEIDO products.[1]

By every definition of "counterfeiting," including the express language of the Lanham Act, its legislative history, and cases addressing counterfeiting, genuine goods are not and cannot be counterfeits. The Lanham Act expressly states that the term "counterfeit" does not apply to genuine goods, i.e., products that are made by authorized manufacturers or producers. "[T]he term 'counterfeit mark' … does not include any mark or designation used on or in connection with goods or services of which the manufacture or producer was, at the time of the manufacture or

---

[1] "A party may not create a genuine issue of fact by submitting an affidavit that contradicts his prior deposition testimony and interrogatory responses, and Thompson's affidavit is therefore insufficient to create a genuine issue of material fact." *Thompson v. White,* 2002 WL 31269342, at *3 (N.D.Ill. 2002) *aff'd,* 67 F. App'x 355 (7th Cir.2003). *See also*, *Viasystems Technologies Corp., LLC v. Landstar Ranger, Inc.,* 2011 WL 2912763, at *3 (E.D.Wis. 2011) ("The 'sham affidavit' rule prohibits litigants from creating sham issues of fact with affidavits that contradict their prior sworn testimony, such as answers to interrogatories. If such contradictions were permitted ... the very purpose of the summary judgment motion—to weed out unfounded claims, specious denials, and sham defenses—would be severely undercut.")

production in question authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation." 15 U.S.C. § 1116(d)(1)(B). "Counterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine mark." *Playboy Enters., Inc. v. Universal Tel-A-Talk, Inc.,* 1998 WL 767440, *7 (E.D. Penn. 1998) (quoting J. THOMAS McCARTHY, McCARTHY ON TRADEMARKS § 25:10 (3d ed. 1997)); *Louis Vuitton Malletier v. Veit*, 211 F. Supp. 2d 567, 581 (E.D. Penn. 2002) (same); see also *State of Idaho Potato Comm'n. v. G&T Terminal Packaging*, 425 F.3d 708, 721 (9th Cir. 2005) (a "counterfeit mark" is a "non-genuine mark identical to [plaintiff's] mark").

Furthermore, the Court has already considered this issue and concluded that "'counterfeiting' under the Lanham Act is a type of infringement that does not encompass drop shipping." L.R. 56.1 Statement, Exhibit M at p. 12. *See also Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli,* 575 F.3d 693, 698 (7th Cir. 2009) (counterfeiting is "distinct from cases in which the mark is placed on the defendant's product with the trademark owner's consent but the product is then distributed through an unauthorized channel"). Here, Weifang "indisputably consented to have its mark placed on the products advertised for sale in its Amazon store and subsequently listed on Intuii's website, so under the Seventh Circuit's interpretation in *Gabbanelli* of the term 'counterfeit,' those products are not counterfeit." LR 56.1 Statement, Exhibit M at p. 12. Thus, it is the law of the case that drop shipping Weifang's Uloveido products from its Amazon store is not counterfeiting under the Lanham Act. *Gage v. Metro. Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 938 (N.D. Ill. 2005) (holding that the court's earlier determination on the relevancy of an expert report at the summary judgment phase was the law of the case and should be applied to defendant's subsequent motion *in limine* in preparation for trial).

7

As described above, it is undisputed that Intuii offered for sale the Accused Products from Weifang's Amazon store via drop shipping. Weifang did not identify any evidence or even assertions to the contrary. Accordingly, the Court should grant Intuii's motion for summary judgment that Intuii did not commit any acts of counterfeiting.

  **C.**  **Intuii Is Entitled to Summary Judgment On Weifang's Trademark Infringement and False Designation of Origin Claims.**

    1.  <u>Intuii is Entitled to Summary Judgment Because Its Offer to Sell Genuine Products Was Not Trademark Infringement.</u>

"Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent." *NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987). This is because an essential ingredient of trademark infringement is "a likelihood of confusion among consumers as to the source" of a product. *Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc.,* 149 F.3d 722, 726 (7th Cir. 1998).[2] The purpose of a trademark "is to provide the consuming public with a concise and unequivocal signal of the trademarked product's source and character." *Draeger Oil, Inc. v. Uno–Ven Co.,* 314 F.3d 299, 301 (7th Cir. 2002). A trademark thus serves as an indicator of origin, assuring customers that the goods sold are of a uniform nature and quality. *See, e.g., Geneva Int'l Corp. v. Petrof, Spol, S.R.O.,* 608 F.Supp.2d 993, 1003 (N.D. Ill. 2009). This purpose was fulfilled in this instance where Intuii offered Weifang's genuine ULOVEIDO products from Weifang's own Amazon.com marketplace. There can be no consumer confusion as to the source of the two

---

[2] The same is true under the Illinois Deceptive Trade Practices Act, 815 ILCS §510, et seq. The Illinois trademark claim rises and falls with the Lanham Act claim of trademark infringement and False Designation of Origin, because the elements for an Illinois trademark claim must be resolved according to the principles set forth under the Lanham Act. *Midwest Medical and Occupational Services SC v. SSM Health Care Corporation*, 2018 WL 6446730, at *6 (S.D. Ill. 2018); *Poneman v. Nike, Inc.*, 161 F.Supp.3d 619, 631 (N.D. Ill. 2016).

accused Weifang ULOVEIDO products that were briefly available on Intuii's eBay Store because Weifang was the source of these products.

It has been clearly established, that the use of a trademark in the sale or offer for sale of genuine trademarked products is not trademark infringement because consumers can readily identify the source of the good, i.e. ULOVEIDO. See *Ty v. Perryman*, 306 F.3d 509, 512-13 (7th Cir. 2002). In *Ty*, the court noted that when secondary markets come into existence, the "market is unlikely to operate efficiently if sellers who specialize in serving it cannot use [the product trademark] to identify their business." The court held that "merely reselling genuine products online does not create confusion as to sponsorship." *Id*. Indeed, the "mere unauthorized sale of a trademarked item does not result in a Lanham Act violation." *Leonel & Noel Corp. v. Cerveceria Centro Americana, S.A.,* 758 F. Supp. 2d 596, 603 (N.D. Ill. 2010); *See also Microsoft Corp. v. V3 Sols. Inc.*, 2003 WL 22038593, at *8 (N.D. Ill. 2003) (holding that the mere distribution by defendants of unadulterated product is insufficient to establish trademark infringement).

Likewise, in *Hart v. Amazon.com*, *Inc.,* the plaintiff pursued a trademark claim based on "individuals re-selling copies of [plaintiff's] books through Amazon's website without plaintiff's permission." 191 F. Supp. 3d 809, 819 (N.D. Ill. 2016). The plaintiff argued that the Amazon listings created the false impression that the listings were authorized. *Id*. The court rejected that theory because that is "not the reality of commerce." *Id*. "As a comparison, a shopper at a bookstore does not automatically believe that just because a used book is appearing at the store, the author is expressly endorsing that store. The same is true for a book that is resold on Amazon." *Id*. There is no genuine dispute as to whether Intuii was offering for sale genuine ULOVEIDO products- they were. Thus, similar to *Hart*, merely offering for sale genuine products in an eBay store in no way suggests that the seller of those products is authorized or affiliated with Plaintiff.

Accordingly, Intuii's offer for sale of two genuine ULOVEIDO products sourced from Plaintiff's Amazon store did not constitute trademark infringement or false designation of origin, and the Court should grant summary judgment in Intuii's favor on Counts I-III of the Amended Complaint.

### 2. Intuii Is Also Entitled to Summary Judgment Because Intuii's Use of the ULOVEIDO Trademark Was Lawful Nominative Fair Use.

Intuii is entitled to summary judgment of no trademark infringement for the independent reason that its use of the ULOVEIDO mark was nominative fair use. The nominative fair use defense is a non-statutory doctrine that applies when a defendant uses plaintiff's trademarks to refer to the plaintiff's goods in a non-confusing manner. *New Kids On the Block v. News America Publishing, Inc.,* 971 F.2d 302, 308 (9th Cir. 1992) (*USA Today* advertisement inviting readers to vote which New Kid on the Block was "sexiest" was nominative fair use of plaintiff's trademark). The situations it covers are those "where the use of the trademark does not attempt to capitalize on consumer confusion or to appropriate the cachet of one product for a different one." *Id.* "Such use is fair because it does not imply sponsorship or endorsement by the trademark holder." *Id.*

While the Seventh Circuit has not explicitly adopted the nominative fair use doctrine, lower courts have applied the Ninth Circuit's *New Kids* three-part test for determining when the nominative fair use defense applies. See *DeVry Inc. v. University of Medicine and Health Sciences-St. Kitts*, 2009 WL 260950, at *5 (N.D. Ill. 2009); See also, *Ty, Inc. v. Publ'ns Int'l, Ltd.,* No. 99 C 5565, 2005 U.S. Dist. LEXIS 23420, at *23 (N.D. Ill. 2005). *R. J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 U.S. Dist. LEXIS 8896 at *18 (N.D. Ill. 2001); *World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 843 (N.D. Ill. 2002). The three elements of a nominative fair use defense are: "[1] the product or service in question must be one not readily identifiable without use of the trademark; [2] only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and [3] the user must do

10

nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *New Kids On the Block,* 971 F.2d at 308 (9th Cir. 1992). As a matter of law, Intuii's use of the "ULOVEIDO" mark on its eBay listings was nominative fair use in that the mark is used to accurately identify genuine ULOVEIDO products.

Intuii meets the first prong of the test for nominative fair use, in that the ULOVEIDO products are not readily identifiable without use of the ULOVEIDO trademark. *See Id*.; "Indeed, it is often virtually impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark." *Id.* at 305; *see also Toyota Motor Sales, U.S.A., Inc. v. Tabari,* 610 F.3d 1171, 1175–76, 1180 (9th Cir. 2010) ("[I]t's enough to satisfy our test for necessity that the Tabaris needed to communicate that they specialize in Lexus vehicles, and using the Lexus mark in their domain names accomplished this goal").

Similarly, Intuii satisfies the second prong of the test, as Intuii has used only so much of the mark as is reasonably necessary to identify the product. Intuii used the *unstylized* ULOVEIDO trademark to identify the Accused Products as being genuine ULOVEIDO products -- the absolute bare minimum that was necessary to identify the Accused Products as Plaintiff's ULOVEIDO products. Generally, if a defendant does not use the plaintiff's stylized word mark or logo, the use will fall squarely within the scope of nominative fair use. *See, e.g. Volkswagenwerk Aktiengesellschaft v. Church,* 411 F.2d 350, 352 (9th Cir. 1969) (an automobile repair shop specializing in repair of Volkswagen automobiles lawfully used the Volkswagen trademark, noting that he "did not use Volkswagen's distinctive lettering style or color scheme, nor […] the 'VW' emblem); *World Impressions, Inc. v. McDonald's Corp.,* 235 F.Supp.2d 831, 842–43 (N.D. Ill. 2002) (holding nominative fair use not applicable where defendant used Disneyland *logo* on map of California tourist attractions).

11

Finally, Intuii also satisfies the third prong of the nominative fair use defense. A defendant is entitled to the defense of nominative fair use if they "do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *New Kids on the Block,* 971 F.2d at 308. Intuii offered for sale two genuine products and *did not* claim Intuii was an authorized dealer or retailer or affiliated or sponsored by Weifang. There is no authority to support Weifang's contention that a defendant who merely uses a mark holder's trademark in describing and offering for sale the mark holder's own goods, without more, thereby "suggests sponsorship or endorsement by the trademark holder" of anything other than the product itself. *Id*. Accordingly, Intuii's use of the ULOVEIDO mark was nominative use and, for that independent reason, Intuii is entitled to summary judgment of no infringement on all claims in the Amended Complaint.

### D. Intuii Is Entitled to Summary Judgment of No Monetary Damages.

#### 1. Intuii Is Entitled to Summary Judgment of No Statutory Damages.

Weifang is not entitled to statutory damages because there has been no counterfeiting. Statutory damages may be awarded *only* in trademark cases in which the defendant used a counterfeit trademark. 5 McCarthy on Trademarks and Unfair Competition § 30:95 (5th ed.). "The Lanham Act authorizes statutory damages only in cases in which the violation of the Act takes the form of using a 'counterfeit' mark." *Gabbanelli*, 575 F.3d at 698. However, as previously discussed, *supra* Section III.B, Intuii did not offer for sale *counterfeit* products, but instead offered for sale *genuine* ULOVEIDO products. Accordingly, Weifang cannot, as a matter of law, be awarded statutory damages in this action, and the Court should grant Intuii's motion for summary judgment as to Plaintiff's claim for statutory damages.

      2.      <u>Intuii Is Entitled to Summary Judgment of No Actual Damages.</u>

As described above, Weifang is not entitled to statutory damages because Intuii did not sell or offer to sell counterfeit products. Weifang is not entitled to recover actual damages because, even if Weifang were able to establish liability, Intuii did not actually sell any Accused Products.

To recover monetary damages under the Lanham Act, a plaintiff must not only establish liability, but must also prove "that the violation caused actual confusion among consumers of the plaintiff's product, and, as a result, that the plaintiff suffered actual injury." *Web Printing Controls Co. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204–05 (7th Cir. 1990); See also *Schutt Mfg. Co. v. Riddell, Inc.*, 673 F.2d 202 (7th Cir. 1982). Only then does the Lanham Act § 35(c), 15 U.S.C. § 1117(a), authorize the Court to award monetary damages based on (1) defendant's profits and (2) any damages sustained by the plaintiff. Here, not only has there been no infringement, but there has been no sales or profit.

First, there cannot be a disgorgement of profits when no profits were realized. Intuii *never sold* the Accused Products, nor any other ULOVEIDO products. LR 56.1 Statement at ¶¶ 15-16. Second, Plaintiff has not presented any evidence of actual confusion or actual injury. Plaintiff has presented no evidence of monetary damages such as loss of sales and profit. *Web Printing Controls Co., Inc. v. Oxy–Dry Corp.,* 906 F.2d 1202, 1205 (7th Cir. 1990) ("lost profits are notoriously difficult to prove"). Nor can they. Intuii asked Plaintiff, in discovery, to provide a computation of their damages claim. In response, Plaintiff made excuses, but did not identify any actual damages. LR 56.1 Statement at ¶ 16. It makes sense that if Intuii only briefly listed two Accused Products and never sold either of them, Weifang cannot meet its burden of showing *actual* injury. Thus, the Court should grant Intuii's motion for summary judgment as to Weifang's claim for monetary damages.

## IV.  CONCLUSION

For the forgoing reasons, Intuii's Motion for Summary Judgment should be granted and the Amended Complaint dismissed in its entirety with prejudice.

Respectfully submitted,

**INTUII LLC and JENS SORENSEN**

Dated:  April 10, 2019                         By:  */s/ Boris Zelkind*
                                                                    Attorney for Defendants

Boris Zelkind (*admitted pro hac vice*)
Meghan C. Killian (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
750 B Street, Suite 2900
San Diego, CA  92101-4681
Telephone: (619) 744-2267
Facsimile: (619) 923-2673
BZelkind@duanemorris.com
Mckillian@duanemorris.com

Carrie A. Dolan
J. Michael Williams
**COHON RAIZES & REGAL LLP**
208 South La Salle Street, Suite 1440
Chicago, Illinois 60604
Phone:  (312) 726-2252
Fax:  (312) 726-0609
cdolan@cohonraizes.com
mwilliams@cohonraizes.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants Intuii LLC and Jens Sorensen hereby certify that on **April 10, 2019**, a true and correct copy of **DEFENDANTS INTUII LLC AND JENS SORENSEN'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed electronically with the Clerk of Court through the Court's CM/ECF System, which will provide electronic notification of such filing to the following Counsel of Record:

L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th Avenue, Suite 1888
New York, NY 10001
ford@fordbanister.com

Amy Elizabeth Paluch Epton
438 East 49th
Chicago, IL 60615
amy@epton.org

Charles E. McElvenny
Law Office of Charles E. McElvenny
20 North Clark Street, Suite 2200
Chicago, IL 60602
charlie@cemlawfirm.com

*Attorneys for Plaintiff,* WEIFANG TENGYI JEWELRY TRADING CO., LTD.


Dated: April 10, 2019      By: */s/ Boris Zelkind*
                                 Attorney for Defendants

DM2\9704090.5