**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS, et al.<br><br>Defendants. | Case No. 18-cv-4651<br><br>**Judge Gary S. Feinerman**<br><br>**Magistrate Judge Jeffrey Gilbert** |

**DEFENDANTS INTUII LLC'S AND JENS SORENSEN'S
MOTION FOR SANCTIONS**

Defendants Intuii LLC and Jens Sorensen (collectively, "Intuii") respectfully move this Court to impose sanctions against Plaintiff and Counsel for Plaintiff pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 37, and 28 U.S.C. § 1927.

## I.     INTRODUCTION

Intuii regrets being placed in the position of having to raise this motion with the Court but has been forced to do so in light of Plaintiff's pattern of engaging in a meritless paper assault on Intuii. This action has been plagued with duplicative, groundless, and unjustified filings that have resulted in Intuii having to expend excessive time and resources. Each of these filings needlessly multiplied and prolonged the litigation, wasted court resources, and caused unnecessary effort on Intuii's part to respond and address each in turn.   As such, pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 37, and 28 U.S.C. § 1927, Intuii requests the Court

1

impose sanctions against Plaintiff and Plaintiff's Counsel and order them to pay reasonable costs and attorneys' fees in addressing and opposing the following motions:

- Plaintiff's Motion For Recusal [Doc. 83]

- Plaintiff's Motion For Recusal (refiled) [Doc. 97]

- Plaintiff's Motion To Compel Complete MIDP Disclosures and Responses to Requests for Production of Documents from Defendants Intuii LLC and Jens Sorensen [Doc. 233]

- Plaintiff's Motion to Compel Complete MIDP Disclosures and Responses to Requests for Production of Documents from Defendants Intuii LLC and Jens Sorensen [Doc. 247]

- Plaintiff's Motion to Stay, and for Discovery Supervision [Doc. 250]

- Plaintiff's Motion for Recusal [Doc. 257]

- Plaintiff's Motion for Reconsideration regarding Motion to Stay and For Discovery Supervision and Incorporated Memorandum of Law [Doc. 261]

- Plaintiff's Motion for Reconsideration regarding Discovery Supervision and Intuii and Jens Sorensen's Motion For Leave To Conduct Deposition Of Teng Guangyao Outside The Fact Discovery Period and to vacate [Doc. 263]

- Plaintiff's Motion for Sanctions for Willful Spoliation of Evidence [Doc. 288]

- Plaintiff's Motion To Strike Defendants Intuii LLC's And Jens Sorensen's Reply Memorandum In Support Of Motion For Summary Judgment [Doc. 295]

Intuii also requests the Court impose sanctions against Plaintiff and Plaintiff's Counsel for forcing Intuii to file:

- Defendants' Motion to Compel the Deposition of Teng Guangyao [Doc. 283]

2

DM2\10642082.1

II.     **THE COURT SHOULD REQUIRE PLAINTIFF TO PAY REASONABLE EXPENSES AND ATTORNEYS' FEES INCURRED IN OPPOSING PLAINTIFF'S MOTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY.**

A.      **Legal Authority**

Courts have the inherent power to impose a wide range of sanctions upon parties for abusive litigation.  The Court's authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–631 (1962)).  This inherent authority "can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at 49; *Dotson v. Bravo*, 202 F.R.D. 559, 574 (N.D. Ill. 2001) (recognizing the court's inherent authority to rectify abuses to the judicial process through sanctions) (*citing Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993)); *See Fuery v. City of Chi.,* 900 F.3d 450, 464 (7th Cir. 2018) ("A district court may impose sanctions under its inherent authority 'where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith.'")  Accordingly, sanctions in this case may be entered against Plaintiff under the Court's inherent power.

B.      **Plaintiff's Motions For Recusal [Docs. 97 and 257] Were Groundless And Duplicative**

Plaintiff has filed two groundless and duplicative motions for recusal in this action.  [Docs. 97 and 257].  These motions were founded upon nothing more than Plaintiff's dissatisfaction with prior rulings.  Yet, Intuii was forced to spend time and expense to oppose each of these motions, which unnecessarily increased the cost of this litigation.

There are two circumstances in which a federal judge is expected to recuse oneself pursuant to 28 U.S.C. § 455.  Whereas § 455(b) sets forth specific situations in which recusal is required based upon actual bias, § 455(a) was designed to act as a "catch-all provision" to account for the

DM2\10642082.1

perception of bias.  However, the case law is abundantly clear that statements "that are critical or disapproving of, or even hostile, to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  It is only in "the rarest circumstances" that judicial statements show "the degree of favoritism or antagonism required ... when no extrajudicial source is involved." *In re City of Milwaukee*, 788 F.3d 717, 721 (7th Cir. 2015) citing *Liteky*, 510 U.S. at 555.  Plaintiff is well aware of this standard.

The Court has been more than fair and extremely patient with Plaintiff and Plaintiff's counsel. Nonetheless, on September 17, 2018, Plaintiff filed its initial recusal motion [Doc. 83], which was subsequently refiled on September 26, 2018 [Doc. 98].  Plaintiff's entire motion arose from its displeasure with certain rulings in Intuii's favor.  Specifically, Plaintiff asserted that the Court, among other things:

- lifted the TRO based on the uncritical acceptance of Intuii's factual averments[1];

- improperly accused Plaintiff of obtaining the TRO under "incorrect pretenses"[2];

- denied Plaintiff an opportunity to be heard prior to the preliminary injunction decision[3]; and

- trespassed into settlement negotiations.[4]

*See* Doc. 98; *see also* Zelkind Decl., Ex. A.

---

[1] Plaintiff made the argument notwithstanding the fact that Plaintiff did not challenge Intuii's factual description of its business. (Ex. A, 10/24/19 Transcript, p. 5:14-16.)

[2] Even though Plaintiff obtained the TRO on the premise that Intuii was a foreign company that was selling "fake" goods, when it is a San Diego based business that offered Plaintiff's own products. (Ex. A, 10/24/18 Transcript, p. 6:19-14:11.)

[3] Even though Plaintiff submitted its motion and the Court decided the matter on the papers. (Ex. A, 10/24/18 Transcript, p. 14:19-15-16.)

[4] Even though the Court was merely instructing a pro se defendant of the various procedural mechanisms afforded to him. (Ex. A, 10/24/18 Transcript, p. 15:24-20:7.)

4

None of these arguments form the proper basis for a motion for recusal under 28 U.S.C. § 455. Yet, rather than address the merits of the case, Plaintiff accused the Court of favoritism towards Intuii even though such accusations clearly contradicted the facts in this case and were not grounds for recusal. Plaintiff's decision to move forward with its groundless motion required Intuii to take on the undue expense of opposing it.

Moreover, even after the Court explained in detail at the October 24, 2018 hearing why each of Plaintiff's arguments failed to meet the standard for a recusal, Plaintiff filed yet another 40-page motion for recusal on July 21, 2019. [Doc. 257]. Plaintiff's second motion for recusal illogically asserted that the Court must recuse itself because a potential future judgment on Intuii's counterclaim for abuse of process would allegedly require the Court to pass judgment on "its own error and/or that of its staff members." *See* Doc. 257, p. 7. Plaintiff's motion was meritless and Intuii was forced to expend resources in opposing the second baseless attempt to cause Judge Feinerman to recuse himself. [Doc. 292].

Furthermore, in what has become a frequent pattern of behavior, Plaintiff spent over twenty pages belaboring the same meritless arguments it made in its prior motion for recusal—that it was threatened and pressured by the Court to dismiss or settle with Intuii. [Doc. 98]. That is simply untrue and the Court has already rejected this argument.

Plaintiff's recusal motions were unjustified and frivolous. Plaintiff's counsel is well aware of the standard for a motion for recusal, yet, insisted on putting forth groundless arguments and then reasserting each argument in its subsequent motion. Plaintiff's intention of delaying the judicial process is clearly evident. As such, the Court should exercise its inherent authority to appropriately sanction Plaintiff's egregious behavior. *See Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 759 (7th Cir. 2005)("to allow the offending party to continue to invoke

DM2\10642082.1

the judicial mechanism for [his] own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court.")

### C. Plaintiff's Motion To Strike Defendants Intuii LLC's And Jens Sorensen's Reply Memorandum In Support Of Motion For Summary Judgment [Doc. 295] Was Groundless And Misleading

Plaintiff filed a motion to strike Intuii's summary judgment reply on the basis that it contained improper citations to previously filed motions in this action. [Doc. 295]. The arguments were without merit. Plaintiff's motion was denied and the Court noted that the motion "rests on a fundamental misunderstanding of the Local Rule" and "had no bearing on Plaintiff's present ability to prepare its own summary judgment motion and thus would not have justified extending the dispositive motion deadline." [Doc. 301]. The most egregious portion of Plaintiff's motion was that it included miscellaneous requests for relief, which were completely unrelated to the motion to strike, unsupported by any argument or authority in the motion papers, not identified in the Notice of Motion, and not the subject of any meet and confer between counsel. Specifically, Plaintiff's "Prayer for Relief" improperly requested the Court grant Plaintiff an additional 10 days after disposition of the motion to strike to submit dispositive motions and to reschedule Intuii's summary judgment hearing.

These unrelated requests for relief appear to have been included by Plaintiff as a cynical attempt to sneak in relief without warning or notice that was completely unrelated to the motion in which they were included. Once again, Intuii had no choice but to expend resources in opposing Plaintiff's motion in an effort to address these unsupported and unrelated requests for relief. Plaintiff's attempt to surreptitiously gain an extension of time to submit its dispositive motions was bad faith conduct aimed at circumventing the judicial process. It is within the Court's inherent

authority to sanction Plaintiff's bad faith conduct. *See Fuery v. City of Chi.,* 900 F.3d 450, 464 (7th Cir. 2018).

> **D.** **Plaintiff's Motion To Stay And For Discovery Supervision [Doc. 250] And Motion For Reconsideration Of Motion To Stay And For Discovery Supervision [Doc 261] Were Groundless and Duplicative.**

Plaintiff's motion to stay and for discovery supervision and motion for reconsideration of motion to stay were frivolous, entirely without merit, and wasted judicial and litigant resources.

On July 16, 2019, Plaintiff filed a Motion to Stay and For Discovery Supervision on the basis that Plaintiff renewed its motion for recusal and did not trust this Court to act in an impartial manner in view of the renewed recusal motion, but *only* if the Court ruled against Plaintiff. [Doc. 250]. Specifically, Plaintiff argued that "to avoid the appearance of the absence of impartiality, the Court should refrain from ruling substantively against Plaintiff until the [recusal] motion is resolved." *See* Motion for Stay [Doc. 250] at p. 3. (emphasis added). In other words, as long as the Court ruled in Plaintiff's favor, Plaintiff would have no objection regarding the Court's partiality. The Court denied this motion stating "Plaintiff's arguments for a stay are meritless. Plaintiff does not establish the need to refer discovery supervision". [Doc. 255].

Nevertheless, two weeks later, Plaintiff filed its Motion for Reconsideration of Motion to Stay, and For Discovery Supervision. [Doc. 261]. Plaintiff's motion failed to cite any change in the law or newly discovered facts or point to any alleged "manifest error" to support filing this motion. Rather, Plaintiff simply disregarded the Court's prior order and reargued its previously denied motion. Not only was the underlying motion meritless, but so was the subsequent request for reconsideration. Intuii did not feel Plaintiff's original meritless motion required a formal

response.  However, Intuii was forced to dedicate time and resources to formally oppose Plaintiff's

frivolous and duplicative motion for reconsideration. [Doc. 293].[5]

Plaintiff's conduct in filing duplicative, baseless motions is an abuse of the judicial process

that is an appropriate basis for sanctions.  *See Greviskes v. Universities Research Ass'n, Inc.,* 417

F.3d 752, 759 (7th Cir. 2005)(finding the court rightfully invoked its inherent authority in

sanctioning plaintiff due to her abusive litigation strategy of filing multiple baseless motions).

### III.    THE COURT SHOULD REQUIRE PLAINTIFF TO PAY REASONABLE EXPENSES AND ATTORNEYS' FEES INCURRED IN OPPOSING PLAINTIFF'S MOTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37.

#### A.    Legal Authority

Federal Rules of Civil Procedure 37(a)(5)(B) states that if a motion to compel is denied,

"the court may issue any protective order authorized under Rule 26(c) and must, after giving an

opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party

or deponent who opposed the motion its reasonable expenses incurred in opposing the motion,

including attorney's fees" unless the motion was substantially justified or other circumstances

make an award of expenses unjust.  Rule 37(a)(5)(C) states that if the motion is granted in part and

denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable

expenses for the motion."

Furthermore, under Rule 37(b)(2), the court may order "the party failing to obey the order

or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees,

caused by the failure."  *See Serritella v. Markum,* 119 F.3d 506, 513 (7th Cir.1997) (affirming

sanctions imposed by district court who noted that "[c]ounsel must realize that the Court—every

---

[5] The Court has not yet issued an order on Plaintiff's Motion for Reconsideration Motion to Stay, and For Discovery Supervision.

DM2\10642082.1

court—does its best to make correct decisions and, once made, counsel is expected to respect (hopefully gracefully) the decision and act accordingly"); *see also Magicsilk Corp. of New Jersey v. Vinson,* 924 F.2d 123, 125 (7th Cir.1991) (sanctions against an attorney under Rule 37(b) are proper where an attorney directly failed to obey a discovery order of the court or advised or condoned his client's disobedience).

  **B.**   **Plaintiff's Motions To Compel [Docs. 233 and 247] And Motion For Sanctions For Spoliation [Docs. 288] Were Unjustified And Disregard The Court's Prior Discovery Order.**

Plaintiff has filed three nearly duplicative motions reiterating the same arguments and seeking non-existent documents. [Docs. 233, 247, 288]. Intuii has been forced to spend time and money defending against these baseless arguments and motions, which again needlessly increased the cost of litigation.

On June 11, 2019, Plaintiff filed a motion to compel three categories of documents that it already knew either did not exist or were outside the proper scope of discovery. [Doc. 233]. On multiple occasions, Intuii informed Plaintiff that it did not have a copy of the accused eBay listing of the ULOVEIDO Elephant Pendant Necklace. This listing was removed by eBay prior to this litigation. Intuii provided to Plaintiff all documents in its possession, custody or control related to the two accused eBay listings, including any copies of the listings. Plaintiff insisted it wanted production of non-existent archived copies. Despite Intuii's repeated assurances that the documents Plaintiff was seeking did not exist, Plaintiff proceeded with filing an unjustified motion to compel. Moreover, Plaintiff moved to compel production of *every* invoice for *every* sale of *all* products sold by Intuii even though those products were clearly not at issue in this case and outside the scope of discovery. The Court denied each of these requests on the basis that it cannot compel the production of something that does not exist and the request for invoices for products unrelated to this litigation was outside the scope of discovery. [Doc. 239]. Plaintiff demands were

9

DM2\10642082.1

objectively unreasonable, but Intuii was still required to appear and defend itself against the unjustified motion at the June 18, 2019 hearing.

Then, a month later, on July 15, 2019, Plaintiff filed <u>another</u> motion to compel that <u>again</u> sought production of the accused eBay listing of the ULOVEIDO Elephant Pendant Necklace. [Doc. 247]. Plaintiff's motion was in direct contradiction to the Court's June 18, 2019 order [Doc. 239]. Plaintiff's motion was frivolous and designed to further harass Intuii. After being informed by the Court that its motion was denied for failure to comply with L.R. 37.2, Plaintiff was cautioned to "consider the arguments made in Defendants' response in deciding whether to renew the motion to compel." [Doc. 255]. Instead of renewing the motion, on September 8, 2019, Plaintiff filed a motion for sanctions for willful spoliation of evidence based on the non-existent accused eBay listing of the ULOVEIDO Elephant Pendant Necklace. [Doc. 288].[6]

The purpose of Rule 37(a)(5)(B) is to discourage unjustified motions and encourage the informal resolution of most discovery matters without court intervention. *See First Fin. Bank, N.A. v. Bauknecht*, No. 12-CV-1509, 2014 WL 1347104, at *1 (C.D. Ill. Apr. 4, 2014). An unsuccessful movant can only avoid payment where their position was justified. *Id.* Here, Plaintiff lacked any good faith basis in bringing its motions. Intuii repeatedly informed Plaintiff the invoice request was clearly outside the scope of discovery and a copy of the accused Elephant Pendant Necklace did not exist. Yet, Plaintiff proceeded in unjustly filing not one but two frivolous motions. Plaintiff should be ordered to pay Intuii's attorneys' fees and costs for opposing the motions.

---

[6] The Court has not yet issued an order on Plaintiff's Motion for Sanctions for Willful Spoliation.

**C.**  **Plaintiff's Motion For Reconsideration Of Discovery Supervision And Defendants' Motion For Leave To Conduct Deposition Of Teng Guangyao Outside The Fact Discovery Period [Doc. 263] Was Unjustified And In Disregard Of A Prior Court Order, Which Resulted In Intuii Being Forced To File Its Motion To Compel Deposition Of Teng Guangyao [Doc. 283]**

On July 16, 2019, the Court granted Intuii's Motion for leave to conduct the deposition of Teng Guangyao and ordered the parties to confer regarding the time, place, and manner of the deposition. *See* Zelkind Decl., Ex. B; *see also* Doc. 252. Intuii immediately attempted to schedule the deposition, but Plaintiff failed to cooperate. *See* Declaration of Boris Zelkind In Support of Motion to Compel [Doc. 283-1].

Instead, in a transparent attempt to evade discovery and prevent Intuii from taking Mr. Teng's deposition, on August 7, 2019, Plaintiff filed its motion for reconsideration of discovery supervision and Defendants' motion for leave to conduct deposition of Teng Guangyao outside the fact discovery period. [Doc. 263]. Plaintiff's motion failed to assert any change in law, newly discovered fact, or manifest error that would justify reconsideration. [Doc. 263]. Plaintiff's counsel was aware of the standard for a motion for reconsideration and was, likewise, aware that a motion based upon its mere displeasure with having to produce its executive for deposition cannot meet that standard. Plaintiff's reconsideration motion was unjustified and frivolous. This motion was nothing more than a litigation tactic designed to prevent the deposition of Mr. Teng who has submitted multiple factual declaration in this case.

In response to Plaintiff's evasive and dilatory tactics, Intuii was forced to not only oppose Plaintiff's motion for reconsideration [Doc. 294], but also to file a motion to compel the deposition of Teng Guangyao. [Doc. 283].[7] Pursuant to Rule 37, it is appropriate for the Court to sanction

---

[7] The Court has not yet issued an order on Plaintiff's Motion for Reconsideration of Discovery Supervision And Defendants' Motion For Leave To Conduct Deposition Of Teng Guangyao Outside The Fact Discovery Period [Doc. 263] or Intuii's Motion to Compel Deposition Of Teng Guangyao [Doc. 283].

DM2\10642082.1

Plaintiff for its utter disregard of the Court's order and subsequent attempts to circumvent the Court's order. *See Parker v. Freightliner Corp.*, 940 F.2d 1019, 1024 (7th Cir.1991)(Rule 37(b) sanctions provide the district court with an effective means of ensuring that litigants timely comply with discovery orders).

**IV. PLAINTIFF'S COUNSEL SHOULD BE SANCTIONED FOR HIS UNREASONABLE CONDUCT ARISING FROM THE FILING OF NUMEROUS DUPLICATIVE AND GROUNDLESS MOTIONS**

A court may impose sanctions under 28 U.S. § 1927 when "an attorney has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice,' pursued a claim 'without a plausible legal or factual basis and lacking in justification,' or 'pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bass v. Portfolio Recovery Associates, LLC*, No. 2018 WL 4005199, 2018 WL 4005199, at *4 (N.D. Ill. Aug. 22, 2018) (internal brackets and citations omitted); *The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir.2006).

As shown above, this litigation has been marked by excessive and unnecessary filings that disregarded prior Court rulings, reargued already denied motions, and served no purpose but to inflict monetary pressure on Intuii. Plaintiff's counsel has pursued an unreasonable litigation strategy centered on filing groundless, duplicative motions and disregarding the Court's orders and authority. This is precisely the conduct the Court should curb by granting an award of §1927 sanctions. *See IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 654 (7th Cir.2001) (finding § 1927 sanctions appropriate when the offending attorney blatantly disregarded the order of the District Court); *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1490-91 (7th Cir.1989) (granting an award of § 1927 sanctions against attorneys for filing multiple groundless motions and motions to reconsider). Plaintiff's counsel has pursued arguments and motions without plausible legal or factual basis and lacking in justification and has pursued a path that a

reasonably careful attorney would have known, after appropriate inquiry, to be unsound. Accordingly, the Court should impose sanctions pursuant to 28 U.S. § 1927.

## V.    CONCLUSION

For all the reasons discussed above, Intuii respectfully requests that this Court grant Defendants Intuii LLC's and Jens Sorensen's motion for sanctions. The Court should rely on its inherent authority, Rule 37, and 28 U.S. § 1927 to require Plaintiff, its counsel, or both, to pay Intuii its reasonable expenses, including attorneys' fees, incurred in opposing Plaintiff's frivolous motions and having to move to compel the deposition of Teng Guangyao.

Respectfully submitted,

**INTUII LLC and JENS SORENSEN**

Dated: December 23, 2019              By: /s/ Boris Zelkind
                                            Attorney for Defendants


Boris Zelkind (*admitted pro hac vice*)
Meghan C. Killian (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
750 B Street, Suite 2900
San Diego, CA  92101-4681
Telephone: (619) 744-2267
Facsimile: (619) 923-2673
BZelkind@duanemorris.com
MCKillian@duanemorris.com

Carrie A. Dolan
J. Michael Williams
**COHON RAIZES & REGAL LLP**
208 South La Salle Street
Suite 1440
Chicago, Illinois 60604
Phone:  (312) 726-2252
Fax:  (312) 726-0609
cdolan@cohonraizes.com
mwilliams@cohonraizes.com

DM2\10642082.1

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants Intuii LLC and Jens Sorensen hereby certify that on **December 23, 2019**, a true and correct copy of **DEFENDANTS INTUII LLC'S AND JENS SORENSEN'S MOTION FOR SANCTIONS** was filed electronically with the Clerk of Court through the Court's CM/ECF System, which will provide electronic notification of such filing to the following Counsel of Record:

L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th Avenue, Suite 1888
New York, NY 10001
ford@fordbanister.com

Amy Elizabeth Paluch Epton
438 East 49th
Chicago, IL 60615
amy@epton.org

Charles E. McElvenny
Law Office of Charles E. McElvenny
20 North Clark Street, Suite 2200
Chicago, IL 60602
charlie@cemlawfirm.com

*Attorneys for Plaintiff,* WEIFANG TENGYI JEWELRY TRADING CO., LTD.

Dated: <u>December 23, 2019</u>          By: <u>*/s/ Boris Zelkind*</u>
                                                          Attorney for Defendants

1

DM2\10642082.1