IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS, et al.<br><br>    Defendants. | Case No. 18-cv-4651<br><br>**Judge Gary S. Feinerman**<br><br>**Magistrate Judge Jeffrey Gilbert** |

## DEFENDANTS INTUII LLC'S AND JENS SORENSEN'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS

Defendants Intuii LLC and Jens Sorensen (collectively, "Intuii") submit this reply memorandum in support of its Motion for Sanctions against Plaintiff and Counsel for Plaintiff. [Doc. 319.]

**I. INTRODUCTION**

Intuii filed this motion seeking sanctions for Plaintiff's litigation misconduct involving the filing of numerous baseless and frivolous motions, some of which were also duplicative of motions already decided. Plaintiff's conduct needlessly multiplied and prolonged the litigation, wasted court resources, and needlessly drove up litigation costs for Intuii. The Court afforded Plaintiff an opportunity to substantively oppose Intuii's motion. [Doc. 325.] Yet, Plaintiff has chosen not to do so, stating that it "is loath to reward Sorensen's tactics by addressing any of the arguments substantively." Opp'n [Doc. 327], p. 13.

Plaintiff did not present any argument to explain or justify its litigation activity. Plaintiff did not attempt to explain how the motions in question were grounded in fact and law or that they were anything other than baseless and frivolous pleadings. Plaintiff did not attempt to rebut the fact that certain of these motions were entirely duplicative. Plaintiff did not address the fact that its numerous filings needlessly multiplied and prolonged the litigation. Plaintiff did not counter Intuii's assertion that Plaintiff's conduct wasted court resources and needlessly drove up litigation costs for Intuii. Accordingly, the grounds of Intuii's sanctions motion stand substantively unopposed. Therefore, the Court should not hesitate to require Plaintiff to pay reasonable expenses and attorneys' fees incurred by Intuii in opposing these motions, pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 37, and/or 28 U.S. § 1927.

## II. PLAINTIFF, ONCE AGAIN, SEEKS THE COURT'S RECUSAL

Rather than address the substance of Intuii's sanctions motion or attempt to provide some justification for its numerous duplicative and/or baseless motions, Plaintiff chooses to insist that the Court recuse itself. Plaintiff is fixated on recusal and continues to complain about the Court's prior rulings. This third request for recusal (Plaintiff already filed <u>two prior</u> motions for recusal [Docs. 97 and 257]) does nothing to address the merits of Intuii's motion.

Plaintiff's argument that recusal is warranted due to the Court's alleged "rush to brief Sorensen's motion for sanctions" is without merit and irrelevant to this motion. The Court set the briefing schedule for this motion in accordance with the Local Rules of this District Court. Furthermore, the Court has broad discretionary authority to manage its own docket. *Beatrice Foods Company v. Lithographing Company,* 899 F.2d 1171, 1177 (Fed.Cir.1990). Federal courts are vested with the control necessary "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash Railroad Company,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The court set a generous briefing schedule to allow Plaintiff

a full and fair opportunity to respond to this sanctions motion. Intuii filed this motion on December 23, 2019, almost two months ago. The briefing schedule has not been rushed and Plaintiff's attacks on the Court are unfounded.

### III.    PLAINTIFF USES ITS OPPOSITION AS A MEANS TO HURL INSULTS

Plaintiff incredulously accuses Intuii of engaging in a "campaign of disparagement" while devoting six pages of its opposition to accusing Intuii of engaging in "falsehoods," "subm[itting] sham pleadings," making "demonstrably false statements to the Court," and being an "IP Predator."[1] Furthermore, Plaintiff asserts that the sanctions motion is "simply more of Sorensen's persistent, unceasing and unfounded characterization of Plaintiff's entire case and as part of an attempt by Sorensen to harass and intimidate Plaintiff and its counsel." [Doc. 327, p. 4.] These *ad hominem* attacks are not relevant to the sanctions motion. They fail to address any of the arguments raised by Intuii or the ultimate question of whether Plaintiff's conduct is sanctionable.

---

[1] This is the <u>fourth time</u> Plaintiff has reiterated its accusations that Jens Sorensen is an "IP Predator" and the "most notorious patent troll", including using these same in <u>pages of footnotes</u> addressing litigation involving the Sorensen Research and Development Trust. *See* Docs. 199, 263, and 312. Litigation involving a third-party entity for unrelated claims is completely irrelevant to this action and this motion. Intuii has tolerated Plaintiff's disparaging comments and irrelevant accusations in each of Plaintiff's prior three briefings and has refrained from engaging in this extraneous argument. However, due to the extent of Plaintiff's false accusations and the persistent nature of this line of attack, Intuii feels obligated to respond. During Defendant Sorensen's deposition, counsel for Intuii objected on numerous occasions as to the relevance of Plaintiff's questions regarding the Sorensen Research and Development Trust ("SRDT"). Nevertheless, Plaintiff's counsel continued to pursue this irrelevant line of questioning.

Defendant Sorensen's father, Jens Ole Sorensen ("Ole Sorensen"), is an inventor with over a hundred patents to his name. Ole Sorensen has a long history of protecting his innovations and defending his patent rights. Ole Sorensen formed SRDT for the benefit of his family and transferred ownership of his patents to the trust. He also named Defendant Sorensen as the trustee of the SRDT. The SRDT continued Ole Sorensen's efforts to protect the patent rights in Ole Sorensen's patents. Defendant Sorensen's role as trustee is administrative in nature. He had no involvement in the patent litigation involving SRDT. In his role as trustee, Defendant Sorensen was not tasked with evaluating the strength of his father's patents, identifying patent infringers, or managing the day-to-day activity of the SRDT patent litigation. Defendant Sorensen has never had his deposition taken in relation to any patent litigation involving SRDT. *See* Declaration of Jens Sorensen. As such, Plaintiff's references to these prior actions are not only irrelevant but incorrect and are merely attempts to tarnish Defendant's reputation.

3

Plaintiff's proffered cases fail to support its contention that Intuii is somehow limited in its ability to seek sanctions for Plaintiff's litigation tactics of filing numerous frivolous and often duplicative motions that are intended to harass. In *Boren v. BOC Grp., Inc.*, 385 Ill. App. 3d 248, 256–57, 895 N.E.2d 53, 62 (2008), the court did not "condemn" a party for asserting that a case was baseless and frivolous. Rather, the Court merely granted a motion *in limine* barring counsel from arguing that "[w]elding lawsuits" are a "cottage industry". Similarly, in *Colida v. Panasonic Corp. of N. Am.*, No. 09 C 1786, 2011 WL 1743383 (N.D. Ill. May 3, 2011), the Court did not admonish a party for asserting its belief that the litigation was baseless. Rather, the Court admonished Plaintiff for making "repeated racist and abusive statements to opposing counsel relating to the litigation and then, when called upon to explain his conduct, repeatedly lied under oath in numerous written submissions and in oral testimony before the Court." *Id*. at *7. Accordingly, Intuii is well within its rights to seek sanctions for Plaintiff's numerous frivolous and duplicative motions.

Plaintiff's assertion that Intuii's conduct is "virtually indistinguishable" from conduct recently punished by the Court in *Twyman v. S&M Auto Brokers* is simply false. *See* Opp'n [Doc. 327] at p. 9. In *Twyman v. S&M Auto Brokers,* counsel for defendant was sanctioned for "repeatedly request[ing] sanctions without any good-faith basis," "fil[ing] a number of baseless or unnecessary motions [..] prolonging the litigation and the costs of litigation," and making unsupported "allegations of fabrication and criminal conduct against an expert witness". *Id.,* No. 16 C 4182, 2018 WL 1519159, at *3 (N.D. Ill. Mar. 28, 2018). Here, it is Plaintiff who has filed nearly a dozen motions without a good faith basis, many of which are duplicative and seek relief already denied by the Court. It is Plaintiff who is prolonging the litigation, increasing litigation costs, and making unsupported allegations of misconduct by the presiding Judge and

opposing counsel. Rather than support Plaintiff's position, *Twyman* counsels for an award of monetary sanctions against Plaintiff and in Intuii's favor.

## IV. INTUII'S MOTION FOR SANCTIONS IS NOT DUPLICATIVE, UNTIMELY, OR AN ATTEMPT TO REARGUE ITS PRIOR MOTIONS

Plaintiff's assertion that Intuii's motion for sanctions is untimely flies counter to Plaintiff's repeated call for Intuii to file a formal motion laying out the basis for a sanctions request.[2]

Plaintiff contends that Intuii's sanctions request is untimely with respect to certain motions because the Court chose not to award attorneys' fees *sua sponte* in ruling on those motions.[3] However, the fact that the Court does not grant sanctions *sua sponte,* does not bar a party from later seeking a sanctions award. In fact, it is precisely because the Court chose not to award sanctions *sua sponte* that Intuii brought this formal motion for sanctions pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 37, and 28 U.S. § 1927. Plaintiff cites no authority for its position that Intuii is prohibited from filing this motion.

///

///

///

///

---

[2] Notably, during the last hearing before the Court on September 25, 2019, Plaintiff's counsel once again "demanded" that Intuii file the very motion for sanctions that it now asserts is untimely. *See* Trans. 9/25/19, 14:12-15 ["And it's taken everything in my body and soul, and it takes it right now, not to pound this table and demand that Mr. Zelkind file the motion for sanctions, and it just doesn't happen. We've challenged them over and over."].

[3] Plaintiff's Motion For Recusal [Doc. 83]; Plaintiff's Motion For Recusal (refiled) [Doc. 97]; Plaintiff's Motion To Compel Complete MIDP Disclosures and Responses to Requests for Production of Documents from Defendants Intuii LLC and Jens Sorensen [Doc. 233]; Plaintiff's Motion to Compel Complete MIDP Disclosures and Responses to Requests for Production of Documents from Defendants Intuii LLC and Jens Sorensen [Doc. 247]; Plaintiff's Motion to Stay, and for Discovery Supervision [Doc. 250]; Plaintiff's Motion To Strike Defendants Intuii LLC's And Jens Sorensen's Reply Memorandum In Support Of Motion For Summary Judgment [Doc. 295].

Plaintiff also contends that Intuii's motion is untimely because it addresses certain motions that have not yet been ruled upon.[4] Intuii has accurately noted, within its motion, the current status of the motions upon which its request for sanctions is based. Intuii has also pointed out how these motions were either duplicative, frivolous or both. The Court is able to award sanctions pursuant to its inherent authority, Federal Rule of Civil Procedure 37, or 28 U.S. § 1927.

Plaintiff's arguments that Intuii's motion is duplicative are unfounded. This is the first formal motion seeking sanctions pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 37, and 28 U.S. § 1927 for Plaintiff's litigation misconduct that occurred subsequent to the lifting of the TRO against Intuii. Plaintiff's decision not to "address[] any of [Intuii's] arguments substantively" although questionable is clear and express. *See* Opp'n [Doc. 327] at p. 9 ("Plaintiff is loath to reward Sorensen's tactics by addressing any of the arguments substantively."). Accordingly, the Court should issue sanctions against Plaintiff for needlessly multiplying and prolonging the litigation, wasting court resources and needlessly driving up litigation costs for Intuii.

///

///

///

///

///

---

[4] Plaintiff's Motion for Reconsideration regarding Motion to Stay and For Discovery Supervision and Incorporated Memorandum of Law [Doc. 261]; Plaintiff's Motion for Reconsideration regarding Discovery Supervision and Intuii and Jens Sorensen's Motion For Leave To Conduct Deposition of Teng Guangyao Outside The Fact Discovery Period and to Vacate [Doc. 263]; Defendants' Motion to Compel the Deposition of Teng Guangyao [Doc. 283]; Plaintiff's Motion for Recusal [Doc. 257]; Plaintiff's Motion for Sanctions for Willful Spoliation of Evidence [Doc. 288].

V.      CONCLUSION

For all the reasons discussed above, Intuii respectfully requests that this Court grant Defendants Intuii LLC's and Jens Sorensen's motion for sanctions. The Court should require Plaintiff and its counsel, jointly, to pay Intuii its reasonable expenses, including attorneys' fees, incurred in opposing Plaintiff's frivolous motions and having to move to compel the deposition of Teng Guangyao pursuant to the Court's inherent authority, Rule 37, and 28 U.S. § 1927.

Respectfully submitted,

**INTUII LLC and JENS SORENSEN**

Dated: February 21, 2020                By: */s/ Boris Zelkind*
                                            Attorney for Defendants

Boris Zelkind (*admitted pro hac vice*)
Meghan C. Killian (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2267
Facsimile: (619) 923-2673
BZelkind@duanemorris.com
MCKillian@duanemorris.com


Carrie A. Dolan
J. Michael Williams
**COHON RAIZES & REGAL LLP**
208 South La Salle Street
Suite 1440
Chicago, Illinois 60604
Phone: (312) 726-2252
Fax: (312) 726-0609
cdolan@cohonraizes.com
mwilliams@cohonraizes.com

# CERTIFICATE OF SERVICE

The undersigned counsel for Defendants Intuii LLC and Jens Sorensen hereby certify that on **February 21, 2020**, a true and correct copy of **DEFENDANTS INTUII LLC'S AND JENS SORENSEN'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS** was filed electronically with the Clerk of Court through the Court's CM/ECF System, which will provide electronic notification of such filing to the following Counsel of Record:

L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th Avenue, Suite 1888
New York, NY 10001
ford@fordbanister.com

Amy Elizabeth Paluch Epton
438 East 49th
Chicago, IL 60615
amy@epton.org

Charles E. McElvenny
Law Office of Charles E. McElvenny
20 North Clark Street, Suite 2200
Chicago, IL 60602
charlie@cemlawfirm.com

*Attorneys for Plaintiff,* Weifang Tengyi Jewelry Trading Co., Ltd.


Dated: February 21, 2020          By: */s/ **Boris Zelkind***
                                       Attorney for Defendants

1

DM2\12293829.1