IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-4651 |
| v. | ) ) ) | **Judge Gary S. Feinerman** |
| | ) ) | **Magistrate Judge Jeffrey Gilbert** |
| JENS SORENSEN, et al. | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF WEIFANG TENGYI JEWELRY TRADING CO., LTD'S
MOTION TO WITHDRAW MOTION FOR RECONSIDERATION OF
MOTION TO STAY AND FOR DISCOVERY SUPERVISION**

Comes Now, Plaintiff Weifang Tengyi Trading Co., Ltd. ("Plaintiff" or "ULOVEIDO") and moves the Court to withdraw its Motion for Reconsideration of Motion to Stay and for Discovery Supervision. [Doc. 261] In support here, Plaintiff submits as follows:

**Relevant Procedural History**

1. Only July 16, 2019, Weifang Tengyi Jewelry Trading Co., Ltd., (hereinafter "Plaintiff" or "ULOVEIDO"), Plaintiff in the above styled civil action, by and through its attorneys, FORD BANISTER IP, moved this Honorable Court to stay decision on all motions currently pending and for a referral to the assigned magistrate for supervision of discovery between it and Defendants Jens Sorensen and Intuii LLC, (hereinafter, "Defendants" or "Sorensen") including decision on all upcoming discovery related motions, as well as report and

1

recommendation on all non-discovery related motions currently outstanding. (hereinafter, the "motion to stay") [Doc. 250]

2. The Court denied Plaintiff's motion in its entirety, without hearing or setting a briefing schedule, on July 19, 2019. [Doc. 255]

3. On August 1, 2019, Plaintiff moved for reconsideration as to its request for a stay of decision on all outstanding motions pending resolution of its motion for recusal [Doc. 256] and for a referral to the assigned magistrate judge for decision on all outstanding and upcoming discovery motions and for a report and recommendation on all outstanding non-discovery motions. [Doc. 261]

4. Defendants submitted their opposition on September 9, 2019. [Doc. 293]

5. Plaintiff replied on September 23, 2019. [Doc. 313]

6. On December 31, 2019, Plaintiff moved to set a briefing schedule on its motions for spoliation sanctions [Doc. 288] and for partial summary judgment, [Doc. 302] to expedite decision on its motion for recusal [Doc. 256] and to deem Plaintiff's motion to expedite as supplementary to Plaintiff's initial and memorandum on reply in support of its motion for recusal. [Doc. 256, 312, 321]

7. The Court responded, on January 11, 2020, by setting a briefing schedule on Sorensen's motion for sanctions, [Docs. 319, 325] relief not requested by Plaintiff and entered over Plaintiff's objection that forcing it to answer Sorensen's motion for sanctions on matters that either remain pending before the Court or upon which no briefing schedule has been set is both unfair and inefficient. [Doc. 321 at 12-13]

8. The Court did not enter a ruling on Plaintiff's request, clearly set out in its memorandum of law and on the docket, to deem Plaintiff's motion to expedite as supplementary to Plaintiff's initial and memorandum on reply in support of its motion for recusal. [Docs. 256; 312; 321 at 2, 15; 325]

9. The Court's minute order on Plaintiff's motion to expedite states, in pertinent part, that "The court will set a briefing schedule on Plaintiff's motion for partial summary judgment 302 and spoliation motion 288 after it rules on Plaintiff's motion for discovery supervision 261 and motion for reconsideration 263 and Defendants' motion to compel the deposition of Teng Guangyao 283." [Doc. 325]

10. The Court further stated that "The parties have put a lot on the court's plate, and this is far from the court's only case." [Id.]

11. For the reasons set out below, Plaintiff now moves to withdraw its Motion for Reconsideration of Motion to Stay and for Discovery Supervision. [Doc. 261]

**Argument**

12. In his September 9, 2019, opposition to Plaintiff's motion to stay, Sorensen stated that "the motion is largely moot as the Court has ruled on most of the then-pending motions identified by Plaintiff." [Doc. 293 at 2]

13. In its September 23, 2019 reply, Plaintiff acknowledged that as to the motions that the Court had ruled on in the interim, Plaintiff's motion to stay was then moot. [Doc. 313 at 2-3]

14. Since briefing was completed on Plaintiff's motion to stay more than five months ago, the Court has continued to rule on pending motions [Doc. 325] and to generally move forward with the case prior to resolution of Plaintiff's now pending motion for recusal [Doc.

3

256] with the noted exception of Plaintiff's dispositive motions for spoliation sanctions [Doc. 288] and for partial summary judgment. [Doc. 302]

15. The Court's minute order on Plaintiff's motion to expedite indicates that the Court will rule on Plaintiff's motion to stay [Doc. 261] prior to its determination of other pending motions or setting a briefing schedule on Plaintiff's dispositive motions for spoliation sanctions [Doc. 288] and for partial summary judgment. [Doc. 302]

16. In light of the Court's admonition that "The parties have put a lot on the court's plate, and this is far from the court's only case," [Id.] Plaintiff moves to withdraw its motion to stay in the interest of judicial efficiency and to lighten to Court's workload in hopes that the Court may soon move forward in requiring Sorensen to respond to Plaintiff's dispositive motions for spoliation sanctions [Doc. 288] and for partial summary judgment, [Doc. 302] filed on September 8, 2019 and September 15, 2019 respectively, which will conclude the case in Plaintiff's favor. Withdrawal of what the parties agree is a motion mooted by the Court's continued rulings will excuse the Court from entering a formal ruling although any such ruling could necessarily be nothing more than an acknowledgment that the motion to stay [Doc. 261] is indeed moot.

18. In addition to requesting that the Court stay decision pending resolution of the motion for recusal [Doc. 256] submitted on July 31, 2019, Plaintiff also sought in the motion to stay to have all then pending and anticipated discovery related motions to the magistrate judge for disposition and the referral of all non-discovery related motions outstanding and anticipated for report and recommendation as authorized by 28 U.S.C. § 631(b)(1)(A) and Fed.R.Civ.P. 72. [Doc. 261 at 6]

4

19. This request is moot for the same reasons as those presented above.

20. In addition, only two discovery matters remain pending which are motions concerning the potential deposition of Teng Guangyao, [Docs. 263 & 283] submitted on August 7 and September 6, 2019, respectively.

21. Plaintiff requests in its motion for reconsideration of the Court's order permitting Sorensen to take the deposition of Teng Guangyao outside the discovery period that the Court reconsider its earlier ruling denying Plaintiff discovery supervision in light of the circumstances set out therein. [Doc. 263 at 11-13] This request remains as stated therein until resolution of the motions concerning the potential deposition of Teng Guangyao. [Docs. 263 & 283]

22. The instant motion is not brought for the purposes of delay or harassment.

23. The instant motion is, as fully set out above, in the interest of judicial efficiency and the speedy resolution of claims.

## Prayer for Relief

**Wherefore,** Plaintiff respectfully requests that the Court grant the following relief:

1) That the Court deem withdrawn Plaintiff's Motion for Reconsideration of Motion to Stay and for Discovery Supervision; [Doc. 261]

2) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 25th day of February, 2020,

/s/ L. Ford Banister, II
FORD BANISTER IP
244 5th Ave., Ste. 1888
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*

5