IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO., LTD<br><br>Plaintiff,<br><br>v.<br><br>JENS SORENSEN, AN INDIVIDUAL, AND INTUII, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.<br><br>Defendants. | Case No. 18-cv-4651<br><br>**Judge John F. Kness**<br><br>**Mag. Judge. Jeffrey Gilbert** |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Comes Now, Weifang Tengyi Jewelry Trading Co, Ltd., Plaintiff in the above styled civil action, by and through its attorneys, Ford Banister IP, and moves this Honorable Court for leave to file its Second Amended Complaint (hereinafter, "SAC") in the form attached hereto as Exhibit One. In support of its request, Plaintiff states as follows:

**Background and Relevant Procedural History**

1.  Plaintiff filed its initial complaint for trademark counterfeiting and infringement, false designation of origin and violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") on July 5, 2018. [Doc. 1]

2.  Plaintiff submitted its First Amended Complaint on August 15, 2018. [Doc. 26]

3.  Defendants Jens Sorensen and Intuii LLC (hereinafter, "Defendants") answered Plaintiff's First Amended Complaint on November 13, 2018. [Doc. 116]

1

4. On December 19, 2018, the Court set the deadline for amendment as February 28, 2019. [Doc. 149]

5. On April 8, 2019, Defendants first moved for summary judgment. [Doc. 204; refiled at Doc. 11]

6. On July 14, 2019, the Court entered a final judgment order against certain defaulting defendants. [Doc. 178]

7. On September 15, 2019, Plaintiff moved for partial summary judgment. [Doc. 302]

8. On February 26, 2020, the Court denied the pending motions for summary judgment [Docs. 211 and 302] pending the deposition of Plaintiff's principal, Teng Guangyao. [Doc. 336]

9. On February 28, 2020, the instant case was reassigned to the Honorable John F. Kness. [Doc. 337]

10. On March 10, 2022, this Court granted the motion of Defendants' previous counsel to withdraw. [Doc. 372]

11. Defendants' current counsel appeared on March 25 and September 20, 2022. [Docs. 375, 385]

12. On September 21, 2022, at Plaintiff's request, the assigned magistrate entered a briefing schedule on the instant motion for leave to file, requiring Defendants to respond by October 19 with Plaintiff to reply by November 2, 2022. [Doc. 386]

13. No dispositive motions are now pending.

14. Plaintiff now timely moves for leave to submit its SAC, clean and redlined copies of which are attached hereto as Exhibits One and Two, respectively.

**Argument**

15. Fed. R. Civ. P. 15(a)(1)(2) provides as follows:

(1) A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(1)(2).

16. Leave must be freely granted unless the court determines the amendment presents "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court has broad discretion in allowing or denying amendments. See *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

17. A plaintiff may also supplement its complaint to include events that occurred after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d); see also *Jude v. City of Milwaukee*, 573 Fed. Appx. 601, 602 (7th Cir. 2014) (distinguishing Rule 15(a) from Rule 15(d) because the latter applies to allegations about events occurring after the first pleading was filed)

18. The primary purpose of Plaintiff's Second Amended Complaint is to fully identify the Defendants as Jens Sorensen, an Individual, and Intuii LLC, a California limited liability company and the relationship between them, separate from the numerous other defendants identified in the First Amended Complaint. [Doc. 26]

19. The instant case does not vary from the intellectual property suits filed against multiple defendants identified on Schedule A in that Plaintiff initially identified the defendants as the internet stores through which they do business. [Docs. 1, 1-2] Plaintiff submitted its First Amended Complaint to add parties and to more fully identify the then current defendants based on expedited discovery received from the ecommerce platforms upon which they do business. [Doc. 26] Plaintiff's First Amended Complaint specifically refers to Defendants among numerous other Defendants, none of whom continue to actively litigate, having either been dismissed or subject to the default judgment order [Id.; 178.]

20. Plaintiff respectfully submits that the current operative complaint [Doc. 26] may tend to confuse rather than delineate and simplify the issues due its having been filed early when the case was in a decidedly different posture than at present, where only Defendants remain.

21. Specifically, Plaintiff seeks to remove reference to the now long dismissed or defaulted defendants, language regarding joinder and relationships between the previously identified defendants and Defendants. [Ex. 2] The proposed Second Amended Complaint identifies only Defendants Sorensen and Intuii as being subject to this action and clearly sets out the relationship between them. [Ex. 1 at ¶¶ 17-19]

22. The SAC also specifically addresses Defendant Sorensen's knowledge of and experience with intellectual property rights and intellectual property litigation and sets out the specific conduct upon which Plaintiff bases its claims. [Id. at ¶¶ 20-52]

23. Plaintiff's proposed SAC also removes its request for certain injunctive relief. [Ex. 2 at 27]

24. Plaintiff respectfully submits the instant motion for leave to file its SAC is timely filed. Here, the deadline for amendments was set early for February 28, 2019. [Doc. 149] The default judgment order, necessarily excluding the defaulting defendants subject thereto from further, current, proceedings, was not entered until July 14, 2019. [Doc. 178] Defendants moved for summary judgment early, on April 8, 2019, [Doc. 204; refiled at Doc. 11] thus making it impractical and disadvantageous for Plaintiff to move for leave to refile.

25. Further, in its order of September 30, 2021, the Court included the following statement:

> ***PLEASE NOTE: No motions for reconsideration of these rulings, or further Briefing on the motions, will be entertained before the status of the case is addressed further by the Court and the parties. Any motions seeking reconsideration or similar relief that are filed before the Court has the opportunity to address the status of this case are subject to being summarily stricken.***

[Doc. 368] [Unquote]

26. As the Seventh Circuit has noted, delay alone is generally an insufficient ground to justify denial of a leave to amend; rather, "[d]elay must be coupled with some other reason;" usually, that reason is "prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). "[A] party seeking an amendment carries the burden of proof in showing that prejudice will result to the non-moving party." See *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994). Because almost every amendment to a complaint results in some prejudice to the opponent, the operative inquiry is whether the resulting prejudice is undue. See *Carlson v. Northrop Grumman Corp.*, No. 13 C 2635, 2014 WL 5334038, at *3 (N.D.Ill. Oct. 20, 2014). Undue prejudice exists "when the amendment brings entirely new and separate claims . . . or at

least entails more than an alternative claim or a change in the allegations of the claimant and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D.Ill. 1999) (internal citations omitted).

27. Here, Plaintiff's proposed SAC does not include any new causes of action but merely restates those set out in its original and FAC. [Docs. 1, 26] There is no conceivable reason that Defendants may need to reopen discovery. Defendants merely need to respond to Plaintiff's SAC. The parties will suffer no delay as Defendants currently seek to depose Plaintiff, a matter upon which the magistrate has set a briefing schedule, requiring Defendants to submit their motion to compel by October 7 with Plaintiff to respond by October 21 and Defendants to reply by November 4, 2022. [Doc. 386] Decision on Defendants' anticipated motion to compel is unlikely to be rendered prior to its response to Plaintiff's proposed SAC.

28. Plaintiff has properly pled a claim for trademark counterfeiting and infringement. To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. See *Neopost Industrie B.V. v. PFE Int'l Inc.*, 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC*, 268 F.3d 494, 496-97 (7th Cir. 2001)) Plaintiff has properly pled each required element in its proposed SAC. [Ex. 1 at ¶¶ 53-59]

29. Plaintiff has likewise properly pled a claim for false designation of origin. In order to establish liability for false designation of origin under 15 U.S.C. § 1125(a), Plaintiff must show that: (1) the ULOVEIDO mark is a protectable trademark; and (2) a likelihood of confusion will exist as to the origin of Plaintiff's products. *Johnny Blastoff, Inc. v. Los Angeles*

6

*Rams Football Co.*, 188 F. 3d 427, 436 (7th Cir. 1999)) citing *International Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1988). This is the same test that is used for bringing a trademark infringement claim under the Lanham Act. *Id*. Plaintiff has properly pled a claim for false designation of origin in its proposed SAC. [Ex. 1 at ¶¶ 60-63]

30. Finally, Plaintiff has properly pled a claim for violation of the Illinois Uniform Deceptive Trade Practices Act. The Uniform Deceptive Trade Practices Act codifies the common-law tort of unfair competition. *McGraw–Edison Co. v. Walt Disney Prods.*, 787 F.2d 1163, 1173 n.9 (7th Cir. 1986) In order to show a violation of the Act, Plaintiff must first allege that a defendant made some form of communication to the public regarding the plaintiff's services that is "false, misleading, or deceptive." *Lynch Ford, Inc. v. Ford Motor Co.*, 957 F.Supp. 142, 147 (N.D. Ill. 1997). Second, Plaintiff must allege that defendant's action led to confusion in the marketplace. *Hooker v. Columbia Pictures Indus., Inc.*, 551 F.Supp. 1060, 1064 (N.D. Ill. 1982) "Likelihood of confusion" under the Deceptive Trade Practices Act has the same meaning as it does in trademark infringement cases. See *McGraw–Edison Co.*, 787 F.2d at 1174; *Rock–A–Bye Baby, Inc. v. Dex Prods., Inc.*, 867 F.Supp. 703, 713 (N.D. Ill. 1994). Plaintiff has properly pled a claim for violation of the IUDTPA in its proposed SAC. [Ex. 1 at ¶¶ 64-67]

31. All causes of action restated in Plaintiff's proposed SAC being properly stated, Plaintiff's proposed amendment is not futile.

32. Plaintiff respectfully submits that grant of the instant motion for leave to amend is in the interest of judicial efficiency as Plaintiff's pleading with greater specificity as to Defendants, removing what development of the case has rendered surplusage, will likely tend to narrow the issues and avoid potential confusion.

33. The instant motion for leave to amend is not interposed for delay or harassment.

34. Consistent with the Court's published case management orders, Plaintiff reached out to Defendants who indicated in their section of the Joint Status Report filed on September 26, 2022 that they oppose any request to amend. [Doc. 30 at 5] The basis for Defendants' objection is unclear as Defendants have not reviewed Plaintiff's proposed SAC, the presentation of which is necessary for the Court to pass on the instant motion for leave to amend. See *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986) ("A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment.")

## **Prayer for Relief**

Based on the foregoing, Plaintiff respectfully requests that the Court grant the following relief:

1) That Plaintiff be granted leave to file its Second Amended Complaint in the form presented herewith as Exhibit One;

2) That Defendants be required to answer within fourteen (14) days thereafter;

3) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 5th day of October, 2022.

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*