IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEIFANG TENGYI JEWELRY TRADING CO, LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:18-cv-04651<br>) |
| INTUII, LLC AND JENS SORENSEN, | )<br>)<br>) |
| Defendants. | ) Hon. John F. Kness<br>) Magistrate Hon. Jeffrey T. Gilbert |

**DEFENDANT'S MOTION TO COMPEL DEPOSITION OF TENG GUANGYAO**

COME NOW Defendants Jens Sorensen and Intuii, LLC, by and through counsel, and in support of their Motion to Compel Deposition of Teng Guangyao show the Court as follows:

I.     INTRODUCTION

This matter began as one of a slew of "Schedule A" trademark infringement cases, the likes of which have become very common in the Northern District of Illinois. The case, when filed in July of 2018, had approximately 400 defendants. Plaintiff sought to file their case in this District, accepted settlements of the claims raised in this case with foreign entities in this case, and obtained a $200,000 default judgment against each of a large list of defaulting defendants in this case. Since the entry of that default, Plaintiff has spent two years litigating against Intuii and its owner, Jens Sorensen, alone.

II.     STATEMENT OF FACTS

Defendants require the deposition of Teng Guangyao. Mr. Teng is the founder, owner, and General Manager of Plaintiff Weifang Tengyi Jewelry Trdaing Co., Ltd. [ECF No. 10] Defendants attempted to take Teng's deposition much earlier in this matter. Their motion to compel was filed and briefed, and on July 16, 2019 the Court ordered that the deposition of Mr. Teng was to proceed,

and that the parties should confer regarding the manner in which it would proceed. [ECF No. 252] On August 7, 2019, Plaintiff filed a motion to reconsider that ruling. [ECF No. 263] On September 6, 2019, Defendants filed a second motion to compel the deposition of Teng. [ECF No. 283] On February 26, 2020, the Court denied Defendants' second motion to compel the Teng deposition as moot and ordered that Teng appear for a video deposition or an in-person deposition in Illinois or California, at a mutually agreeable time, by March 26, 2020. As the Court and all parties are aware, in March of 2020 the COVID-19 pandemic shut down public entry to the Court (*see* General Order 20-0014, dated March 20, 2020), as well as both domestic and international travel. Throughout much of 2020 and 2021, the activity in this matter was limited to briefing on a multitude of motions, including motions for sanctions and motions to reconsider the Court's previous rulings. In February of 2020, the Executive Committee issued an Order reassigning this matter from Judge Feinerman to Judge Kness. [ECF No. 337]

In September of 2021, Defendants' previous attorneys filed a motion to withdraw. That motion was granted on March 10, 2022. [ECF No. 372] Defendants were ordered to retain new counsel, and on March 25, 2022, undersigned defense counsel Erin Russell filed her appearance. In April of 2022, the parties held a telephone conference to determine whether the litigation would continue, or whether they could work toward settlement. The parties were not able to reach an agreement. Due in part to the busy schedules of counsel, the case lay quiet until August of 2022.

On August 11, 2022 the Court entered an Order directing the parties to submit a joint status report no later than August 22, 2022, that was to, among other things, propose a schedule to govern the remainder of the case. [ECF No. 377] Plaintiff requested an extension of time to submit said joint report, to which Defendants did not object. An unopposed motion for extension of time through September 5, 2022 was granted. [ECF No. 379] The parties filed their joint status report on September 6, 2022. [ECF No. 380]

Chinese law prohibits depositions of Chinese citizens in mainland China. However, there are

2

means by which the deposition of a Chinese party may be taken outside of the mainland. As is the common practice, a Chinese citizen may travel to Hong Kong, Taiwan, or Macau to participate in a deposition. Defendants have no objection to Mr. Teng appearing by video from any of these locations. Defendants have made it clear that in light of the COVID-19 pandemic and its impact on international travel and safety they have no objection to conducting the deposition of Mr. Teng via Zoom or video. Defendants are also willing to take the deposition of Mr. Teng during business hours in Mr. Teng's time zone. Plaintiff's position has been that as Mr. Teng's deposition in mainland China is not permitted by law, that Defendants must therefore forego obtaining his deposition testimony. Defendants disagree[1].

In the alternative, if the Court does not agree that Teng should be required to testify, Defendants propose that the Court order Plaintiff to produce a representative for a 30(b)(6) deposition. Such a representative could be obtained outside of mainland China, and doing so would remove the obstacles presented by Chinese law on depositions of its citizens in foreign matters.

III.     LEGAL ARGUMENT

Defendants have the right to take the deposition of Plaintiff, and particularly the deposition of Teng Guangyao. "Any individual inserted into the lineup to play offense (for example, through the submission of an affidavit in support of a party's contentions) also must be prepared to play defense (that is, by submitting to a deposition). Simply put, one cannot have its cake and eat it too." *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D.487, 497 (2021). Mr. Teng has executed numerous affidavits in support of Plaintiff's claims in this matter. (*See* ECF Nos. 9, 10, 52, and 268). Moreover, Plaintiff chose to file this matter in this District against largely foreign entities. Even Defendants are not from nor are they located in Illinois. Yet, Plaintiff has already benefitted greatly

---

[1] Defendants believe the deposition of Teng is appropriate and logistically possible, in an effort to resolve the matter Defendants have raised the proposition of taking a 30(b)(6) deposition with Plaintiff. That suggestion has not been accepted by Plaintiff as of the filing of this motion.

from this lawsuit. For example, on February 14, 2019, the Court entered a default judgment granting Plaintiff a default judgment in the amount of $200,000.00 against a long list of defaulting Defendants, presumably those who were not already dismissed after having settled with Plaintiff. [ECF No. 181]

The taking of discovery from foreign entities in civil litigation pending in the United States federal courts is regulated by two sets of rules: The Federal Rules of Civil Procedure and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature Mar. 18, 1970 ("the Hague Convention"). *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D.487, 2021 U.S. Dist. LEXIS 188965, 2021 WL 4477940 (Northern District of Illinois, September 30, 2021), citing 23 U.S.T. 2655, 847 U.N.T.S. 231, 28 U.S.C.S. § 1781.

> As applied to discovery, district courts are directed to balance the intrusiveness of the discovery requests, the sovereign interests involved, and the likelihood that resort to the Hague Convention would be an effective discovery device. Ultimately, district courts have complete discretion in resolving conflicts between the application of the Federal Rules and the Hague Convention. Courts have observed that the Hague Convention procedures are unduly time-consuming and expensive, and less likely to produce needed evidence than direct use of the Federal Rules. Compliance with the Hague Convention may be difficult and time consuming. With respect to China specifically, many courts have found that the Hague Convention would not be a viable alternative in light of China's tendency to deny the full scope of requested discovery and the undue delay that would result from resorting to the Hague procedures.

*Inventus Power*, 339 F.R.D. at 495.

This Court has complete discretion in resolving conflicts between the application of the Federal Rules of Civil Procedure and the Hague Convention. *Inventus* at 498, *citing Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F.Supp.3d 916, 926 (N.D. Ill. 2019), *Aerospatiale,* 482 U.S. at 534, 539).

The United States Supreme Court has held that the Hague Convention is merely alternative route to the Federal Rules of Civil Procedure for the taking of evidence abroad. It rejected mandatory

use of the Hague Convention, and instead adopted a case-by-case approach. *Hagenbuch v. 3B6 Sistemi Elettronici No. 04C3109,* 2005 U.S. Dist. LEXIS 20049 (N.D. Ill. Sept. 12, 2005). The Court has also held that the Hague Convention was intended as a "permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad." *Aerospatiale,* 482 U.S. at 536.

<u>The *Aerospatiale* balancing test applies here.</u>

As the court noted in *Inventus*, the *Aerospatiale* balancing test for determining whether to apply the Federal Rules of Civil Procedure or the Hague Convention applies. The *Aerospatiale* balancing test requires that the Court balance a) the intrusiveness of the discovery requests, b) the sovereign interests involved, and c) the likelihood that resort to the Hague Convention would be an effective discovery device. *Inventus* at 498.

Application of the *Aerospatiale* balancing test weighs in favor of Defendants. Defendants' request for the deposition of either Teng Guangyao or a 30(b)(6) representative of Plaintiff, is not intrusive. Defendants are merely seeking to take a single deposition. It is undisputed that discovery is prohibited in mainland China pursuant to Article 277 of The Civil Procedure Law of the People's Republic of China. *See Inventus* at 499, 500. However, residents of mainland China can travel to Hong Kong, Taiwan, and other locations in Southeast Asia to attend depositions. This is, in fact, not at all uncommon. There are many court reporting services in Hong Kong and Taiwan that specialize in providing video deposition and interpreting services for this purpose.

Defendants have expressed their willingness to conduct the deposition via Zoom or other video means and to do so on a date and at a time of Plaintiff's regular business hours, which would require Defendants to conduct the deposition in the dead of night. Defendants have offered every accommodation to conduct the deposition sparing as much expense as possible while retaining the right to obtain the necessary testimony.

The comity factors also weigh in favor of Defendants. Under *Aerospatiale*, the Court must consider 1) the importance to the investigation of the…information requested; 2) the degree of

5

specificity of the request; 3) whether the information originated in the United States; 4) the availability of alternative means of securing the information; and 5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located. *Invevntus*, at 500, *citing Aerospatiale*, 482 U.S. at 544 n. 28.

None of the *Aerospatiale* factors weigh in favor of Plaintiff. The first factor, the importance of the information requested, weighs obviously in favor of Defendants. The deposition testimony of Mr. Teng is critical to Defendants' defenses and counterclaims. Teng is the owner of Plaintiff. He executed numerous affidavits in support of the claims leveled against Defendants. He presumably authorized the course of action taken on behalf of Plaintiff in this matter. His testimony will be necessary as this case moves through summary judgment and ultimately trial.

The second factor, degree of specificity, also weighs in favor of Defendants. Defendants are seeking the deposition of Teng, the owner of the company suing them for trademark infringement. They are seeking only to take one deposition. There is no lack of specificity in that request.

The third factor, whether the information originated in the United States, also falls in favor of Defendants. Defendants are residents of California involved in a federal lawsuit in Illinois. Plaintiff is a Chinese entity operated by Teng, a citizen of the People's Republic of China. Teng is in mainland China and his testimony, and whatever evidence he can give, originated there.

The fourth factor, whether Defendants can secure the information requested elsewhere, also falls in their favor. There is only one Teng. He resides in mainland China. The testimony of Teng, which Defendants need and have a right to seek from the person who selected this forum and has maintained this long-lived litigation against them, cannot be obtained elsewhere.

The fifth and final factor, comity, also falls in favor of Defendants. The United States has an interest in vindicating the rights of American litigants and an "overriding interest in the just, speedy, and inexpensive determination of litigation in its courts." *Inventus* at 503, *citing Aerospatiale,* 482

6

U.S. at 542-43. Defendants posit that a China has very little national interest in the deposition testimony of one of its citizens who has chosen to file a trademark infringement lawsuit alleging infringements inside the United States against an American limited liability company and its owner.

IV. CONCLUSION

Defendants should be permitted to take the deposition of Teng Guangyao, or in the alternative the 30(b)(6) deposition of Plaintiff. Defendants respectfully request that the Court grant this motion and order Plaintiff to produce either Teng Guangyao or a 30(b)(6) representative for deposition via Zoom or other remote video means within 30 days.

Respectfully Submitted,

*/s/ Erin K. Russell*
Erin K. Russell
The Russell Firm
833 W. Chicago Avenue, Suite 508
Chicago, IL 60642
312-994-2424
erin@russellfirmip.com

/s/ Jonathan LA Phillips
Jonathan LA Phillips (IL 6302752)
PHILLIPS & BATHKE, P.C.
4541 North Prospect Road Suite 300A
Peoria Heights, Illinois 61616
Tel: (309) 643-6518x701
Email: jlap@pb-iplaw.com

Counsel for Defendants Intuii, LLC and Jens Sorensen

CERTIFICATE OF SERVICE

This is to certify that on October 7, 2022, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

/s/ Erin K. Russell