IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEIFANG TENGYI JEWLERY TRADING CO, LTD.,<br><br>                Plaintiff,<br><br>v.<br><br>INTUII, LLC AND JENS SORENSEN,<br><br>                Defendants. | No. 18 C 4651<br><br>Magistrate Judge Jeffrey T. Gilbert |

## **MEMORANDUM ORDER**

The Motion to Compel Deposition of Teng Guangyao [ECF No. 388] ("Motion") filed by Defendants Intuii, LLC, and Jens Sorensen ("Defendants") is granted. Defendants are given leave to depose Mr. Teng via video during business hours in the time zone in which Mr. Teng resides or, in the alternative, at the election of Plaintiff Weifang Tengyi Jewelry Trading Co., Ltd. ("Plaintiff") and in accordance with the procedure set forth at the end of this Order, Plaintiff shall produce a corporate representative for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) if that Rule 30(b)(6) deposition will meet Defendants' needs.

Plaintiff's objections to producing Mr. Teng for deposition are overruled. Mr. Teng is Plaintiff's owner, principal, and the person who verified Plaintiff's interrogatory responses and declarations filed in connection with earlier summary judgment practice in this case. Defendants have been trying to depose Mr. Teng literally for years. Judge Feinerman, who was then presiding over this case, granted Defendants' motion to compel Mr. Teng's deposition on July 16, 2019 [ECF No. 252]. He also denied Plaintiff's motion to reconsider that ruling on February 26, 2020 [ECF No. 336]. Judge Feinerman ordered that Mr. Teng be deposed (by video since he lives in China) because he concluded that he could not rule on cross-motions for summary judgment when Plaintiff's arguments were based in part on Mr. Teng's declarations and discovery responses, and those statements had not been tested in the adversary process under oath. [ECF No. 336], at 2. That remains the law of this case. *Cobbs v. Sheahan,* 385 F. Supp. 2d 731, 734 N.D. Ill. 2005) (holding that "[u]nder the law of the case doctrine, 'a ruling made in an earlier phase of the litigation controls the later phases unless a good reason is shown to depart from it'").

Very shortly after Judge Feinerman denied Plaintiff's motion for reconsideration as to Mr. Teng's deposition in February 2020, however, the Covid pandemic shut down travel around the world and severely restricted the ability to conduct business, including legal business, the way it had been conducted before then in the United States, China, and elsewhere. The parties agree that Mr. Teng would have to travel outside China to be deposed. These unexpected and frankly unprecedented developments (at least in the modern era) along with a change in defense counsel, distraction resulting from other motion practice in this case, new defense counsel's schedule, and the normal vagaries of litigation prevented Defendants from scheduling Mr. Teng's deposition. In the fall of 2022, however, Defendants again sought to schedule that deposition, and this motion practice followed.

The world, meanwhile, is slowly recovering from Covid-related shutdowns and restrictions, and travel into and out of China has resumed sufficiently for Defendants to contemplate once again being able to depose Mr. Teng and for Plaintiff to make him available for deposition. Although Chinese law does not permit Defendants to take Mr. Teng's deposition inside China where he lives, the parties seem to acknowledge that Mr. Teng can be deposed in places relatively nearby such as Hong Kong, Macau, or Taiwan. Plaintiff has no legitimate excuse not to produce Mr. Teng for deposition or to honor Defendants' alternative request that Plaintiff produce a Federal Rule of Civil Procedure 30(b)(6) witness to testify about identified topics relevant and proportional to the needs of this case within the meaning of Federal Rule of Civil Procedure 26(b)(1).

Plaintiff raises several arguments in opposition to Defendants' Motion. None of them hold water.

Plaintiff complains that Defendants have not properly noticed Mr. Teng's deposition, and that such a notice is a necessary precursor to a court ordering Plaintiff to produce Mr. Teng for a deposition. The prisoner case Plaintiff cites in support of this argument, *Evans v. Griffin,* 932 F.3d 1043 (7th Cir. 2019), arose in a different context and the comments by the court of appeals in that case that are cited by Plaintiff are limited by the facts of that case in which a prisoner did not receive any notice that a defendant wanted to take his deposition until guards pulled him from his cell and put him in a room with the defendant's counsel. More to the point, Defendants noticed Mr. Teng for deposition years ago. Plaintiff filibustered that notice, and Judge Feinerman twice rejected Plaintiff's arguments aimed at defeating Defendants' attempts to take Mr. Teng's deposition. [ECF Nos. 252, 336]. In addition, before Defendants filed the instant Motion, they again gave Plaintiff notice of their desire to schedule Mr. Teng's deposition. *See* Defendants' Reply in Support of Motion [ECF No. 400-2], at Exhibit B (email from Defendants' counsel dated September 2, 2022). Plaintiff clearly knows Defendants have long wanted to depose Mr. Teng, and

they have noticed his deposition in the past. As soon as the parties agree on a date and time for Mr. Teng's deposition, or the Court orders the deposition to occur on a date certain if the parties cannot agree as described below, then Defendants can serve a notice for his deposition, and Mr. Teng can be deposed pursuant to that notice.

Plaintiff also says Defendants have dragged their feet in moving to take Mr. Teng's deposition, but the Court does not read the record that way. Plaintiff and Defendants flagged anticipated problems concerning Defendants' desire to depose Plaintiff in the first status report filed in this case in December 2018. [ECF No. 144] ("[t]he parties anticipate a discovery dispute regarding the location of depositions of Plaintiff and its corporate representatives. The Intuii Parties intend to depose Plaintiff and its corporate representative in Illinois. . . ."). Mr. Teng's deposition has been delayed since Judge Feinerman ordered that deposition to proceed in July 2019 and again in February 2020 in large part because of the intervention of the Covid pandemic. To the extent that other motion practice in this case, Defendants' change of counsel in March 2022, or various scheduling and logistical issues have delayed the deposition, those delays are not such that Defendants can be said to have lost the right to take Mr. Teng's deposition under any circumstances. In the Court's view, Mr. Teng's deposition has been delayed primarily because Plaintiff does not want to produce him for a deposition. The Court can see no prejudice to Plaintiff resulting from not producing Mr. Teng for a deposition during the last four years. Further, to the extent Plaintiff wanted to produce Mr. Teng for deposition before now, it could have reached out to Defendants' counsel, suggested dates, an appropriate venue, and medium for that deposition, and the deposition could have occurred, Covid and counsels' schedules permitting.

More substantively, Plaintiff says Mr. Teng's deposition is unnecessary. The Court disagrees. First, Judge Feinerman already disposed of that argument. [ECF No. 336], at 2. Second, Defendants argue they want to depose Mr. Teng because he owns Plaintiff, he executed numerous affidavits in support of Plaintiff's claims against Defendants, and he presumably authorized the course of action Plaintiff has taken against Defendants in this case. Motion [ECF No. 388], at 6. The Court agrees with Defendants' assessment that "[Mr. Teng's] testimony will be necessary as this case moves through summary judgment and ultimately trial." *Id.* Defendants say they intend to renew their motion for summary judgment after they depose Mr. Teng. Defendants' Reply [ECF No. 400], at 2.

Finally, Plaintiff argues Defendants have not complied with Local Rule 37.2 by exhausting all reasonable efforts to meet and confer about Mr. Teng's deposition to avoid motion practice about it. Even a cursory review of the docket in this case, however, shows that Defendants exhausted all reasonable efforts to get Mr. Teng's deposition on the calendar before moving to compel Plaintiff to produce him. Defendants obtained court orders in July 2019 and February 2020 requiring that Mr. Teng sit for a deposition. The Covid pandemic then intervened. In September 2022,

3

defense counsel attempted to engage with Plaintiff's counsel to schedule Mr. Teng's deposition but that did not work. *See* Defendants' Reply in Support of Motion [ECF No. 400-2], Exhibit B (email from Defendants' counsel dated September 2, 2022). Plaintiff's argument that Defendants could have avoided the instant motion practice by meeting and conferring with Plaintiff's counsel before the Motion was filed rings hollow given the suggestions Plaintiff says it would have made in those conferences. Plaintiff's suggestions are aimed at preventing Defendants from taking Mr. Teng's deposition, not at facilitating it. *See* Plaintiff's Opposition Brief [ECF No. 391], at 7 (suggesting that Mr. Teng's deposition is unnecessary, that Mr. Teng can be deposed before trial if the case proceeds past summary judgment, and that Defendants should issue additional interrogatories to be answered by Plaintiff instead of deposing Mr. Teng). There is no reason to require Defendants to jump through more hoops or do more than they already have done to comply with Local Rule 37.2. *See* Federal Rule of Civil Procedure 1 ("These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Therefore, for all these reasons, the Court grants Defendants' Motion to Compel Deposition of Teng Guangyao [ECF No. 388]. Mr. Teng shall sit for his deposition within 60 days of the date of this Order. Alternatively, Plaintiff may choose to produce a Rule 30(b)(6) corporate representative for deposition in lieu of producing Mr. Teng for a Rule 30(b)(1) deposition. Defendants say they are willing to substitute a Rule 30(b)(6) corporate designee for Mr. Teng at Plaintiff's option. The Court agrees with Defendants that a Rule 30(b)(6) deposition may be a good solution to the parties' dispute but only if such a deposition is sufficient for Defendants' needs. *See Playboy Enterprises International, Inc. v. Smartitan (Singapore) PTE, Ltd.,* 2011 WL 5529928 (N.D. Ill. Nov. 14, 2011).

Accordingly, within 7 days of the date of this Order, Defendants shall serve upon Plaintiff a Rule 30(b)(6) notice specifying a date, time, location, and medium for that deposition. The parties also shall meet and confer after this Order is entered about a date, time, and location for a video deposition of Mr. Teng. Within 14 days of its receipt of Defendants' Rule 30(b)(6) notice, Plaintiff shall inform Defendants in writing whether it will produce Mr. Teng for a video deposition or, alternatively, produce a Rule 30(b)(6) witness whether in person or by video. This should provide sufficient time for the parties to meet and confer about the topics contained in Defendants' Rule 30(b)(6) notice. If the parties cannot agree on Rule 30(b)(6) topics, then Plaintiff must produce Mr. Teng for deposition for all the reasons set forth above in this Order. The Court finds that a video deposition of Mr. Teng or a Rule 30(b)(6) corporate designee is appropriate here pursuant to Rule 30(b)(4). The parties shall file a joint report on or before the 28th day after the date of this Order confirming the date, time, and location for Mr. Teng's deposition or the date, time, and location for a deposition of Plaintiff's Rule 30(b)(6) corporate designee. The deposition of Mr. Teng

or Plaintiff's Rule 30(b)(6) witness shall be taken within 60 days of the date of this Order.

In the unlikely event that the parties cannot agree on a date, time, and location for either Mr. Teng's deposition or the deposition of Plaintiff's Rule 30(b)(6) designee, then the joint report they file 28 days after the date of this Order shall contain each side's position about those disputes. The Court will enter an appropriate order after it reviews the parties' joint submission setting the date, time, and location (and, if necessary, the medium) for either Mr. Teng's deposition or the deposition of Plaintiff's Rule 30(b)(6) designee. Again, the Court intends for Mr. Teng or Plaintiff's Rule 30(b)(6) designee to be deposed within 60 days of the date of this Order whether the deposition proceeds on an agreed date or on a court ordered date.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 15, 2023

5