**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Weifang Tengyi Jewelry Trading Co. Ltd

    Plaintiff,

v.

Case No.: 1:18−cv−04651

Honorable John F. Kness

The Partnerships and Unincorporated Associations Identified on Schedule "A", et al.

    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 5, 2025:

    MINUTE entry before the Honorable John F. Kness: Plaintiff's motion for reconsideration (Dkt. 448) is denied. To prevail on a motion to reconsider, the movant must establish "a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)). For any avoidance of doubt, and as was made clear in the Court's March 3, 2025 Order (Dkt. 446), the Court finds that, given the litigation history of this case and the Pace factors, Plaintiff's decision to seek voluntary dismissal with prejudice, *if and only if* Defendants are barred from seeking a fee motion that they would otherwise be entitled to file as prevailing parties, constitutes "plain legal prejudice" to Defendants, *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008), and is not a term "that the court considers proper." Fed. R. Civ. P. 41(a)(2). There was no manifest error of law. As Plaintiff's own lead case, *Colon v. HY Supplies, Inc.*, makes clear, context matters. No. 22 CV 05915, 2024 WL 2972364, at *3 (N.D. Ill. May 28, 2024). Dismissal with prejudice, even when voluntarily sought, "materially alters the legal relationship of the parties." *Id.* Defendants' submission explained how this gambit would be prejudicial; it would preclude their ability to file a fee motion they would otherwise be entitled to file and would require any fee issues to be litigated prematurely and in an abbreviated manner within an opposition brief to Plaintiff's motion for dismissal. (Dkt. 437 at 1, 4.) In its motion for reconsideration, Plaintiff submits that, because Defendants might not prevail in a fee motion and have not yet sought fees (even though Defendants could not properly do so unless they are a prevailing party), Defendants suffer only "potential" and not "actual" legal prejudice. (Dkt. 448 15.) Adjectives aside, Plaintiff misses the point. That finding is revealed by Plaintiff's failure to grapple with the Court's repeated statement that it is the "the history of this case, in which the Court (by the formerly−assigned Judge) raised questions concerning Plaintiff's litigation conduct and the merits of its claims," that renders the *ab initio* preclusion of a fee motion legal prejudice in this context. (Dkt. 446 at 2.) Plaintiff&#0;39;s contention that the Court's decision would "eviscerate[]" Rule 41(a)(2) by permitting any Defendant to defeat a motion for dismissal with prejudice by citing a bogus intent to seek fees is a makeweight. (Dkt. 448 17.) It is Plaintiff's specific

litigation conduct, as reflected by the Court's earlier statement that Plaintiff's arguments at the TRO stage were "meritless," that render a bar on Defendants' ability to seek a fee award plain legal prejudice. (Dkt. 437 at 5; Dkt. 196 at 11.) More broadly, Plaintiff's pronouncement that "[n]othing could possibly be more taxing to the resources of the parties and the public good" than for Plaintiff to take a case to trial that it filed, for which it sought emergency *ex parte* relief, and litigated for over six years is telling. (Dkt. 448 23.) Plaintiff has gotten its day in court, and then some. But the case is not done, and Plaintiff cannot walk away at this point without either seeing the case through to the end, abandoning it, or asking for a dismissal without prejudicial strings attached. A final point: the legal prejudice to Defendants Intuii LLC and Sorensen is the loss of a chance to seek a fee award, not the certainty of a fee award. As the Court has previously stated (Dkt. 442 at 2 & n.1), Defendants Intuii and Sorensen may very well file a fee motion only to have it denied, perhaps even without the need for a response from Plaintiff. But that decision cannot be made unless and until those Defendants have made their motion and argument. For these reasons, the motion to reconsider is denied with prejudice. All existing hearing dates and deadlines remain absolutely firm. In the absence of a timely and effective stipulation of dismissal or motion to voluntarily dismiss, any failure to meet those deadlines or to be ready for the trial date that was set months ago may well result in consequences to one or both sides, including a finding of default, dismissal with prejudice for failure to prosecute, and/or monetary sanctions directed to counsel. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.