```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3   WEIFANG TENGYI JEWELRY TRADING     )  Case No. 18 C 4651
     CO., LTD,                          )
 4                                      )
                    Plaintiff,          )
 5                                      )
          v.                            )
 6                                      )
     THE PARTNERSHIPS AND                )
 7   UNINCORPORATED ASSOCIATIONS         )
     IDENTIFIED ON SCHEDULE A,           )
 8   INTUII LLC, and JENS SORENSEN,      )  Chicago, Illinois
                                        )  December 18, 2024
 9                  Defendants.          )  10:06 a.m.

10           TRANSCRIPT OF PROCEEDINGS - MOTION HEARING
                BEFORE THE HONORABLE JOHN F. KNESS
11
     APPEARED TELEPHONICALLY:
12
     For the Plaintiff:         MICHAEL STANLEY and ASSOCIATES, P.C.
13                              BY: MR. MICHAEL T. STANLEY
                                5455 N. Sheridan Road, Unit 503
14                              Chicago, Illinois  60640

15   APPEARED IN PERSON:

16   For the Defendants         THE RUSSELL FIRM
     Intuii and Sorensen:       BY: MS. ERIN K. RUSSELL
17                              10 S. Riverside Plaza, Suite 8058
                                Chicago, Illinois  60606
18

19

20   Court Reporter:            NANCY C. LABELLA, CSR, RDR, FCRR
                                Official Court Reporter
21                              219 S. Dearborn Street, Room 2128
                                Chicago, Illinois  60604
22                              (312) 435-6890
                                Nancy_LaBella@ilnd.uscourts.gov
23
                  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
24
                     PROCEEDINGS REPORTED BY STENOTYPE
25       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1      (Proceedings heard in open court:)
2           THE CLERK: 18 cv 4651, Weifang Jewelry vs. Schedule A
3  Defendants.
4           THE COURT: Good morning.
5           MS. RUSSELL: Good morning, your Honor. Erin Russell
6  for defendants Jens Sorensen and Intuii.
7           THE COURT: Good morning to you. I don't see counsel
8  for the plaintiff.
9           MS. RUSSELL: No, Mr. Stanley is not here. I've not
10 seen him this morning. I checked my e-mails to see if he had
11 contacted me, and he has not. I just sent an e-mail to him at
12 the e-mail that -- it's not the one apparently that's on the
13 docket, but it's the one that Ford Banister has been using to
14 communicate with him when he copies him on e-mails.
15          So I just sent an e-mail to that e-mail address asking
16 him if he's in the building. He has not responded to that
17 e-mail yet, but I probably sent it two or three minutes ago.
18          THE COURT: The time is 10:07. The case was set for
19 hearing at 10:00. Would you be willing as a professional
20 courtesy to pass the case for a few minutes to see if he shows
21 up?
22          MS. RUSSELL: Yes.
23          THE COURT: Thank you. We'll call the case again here
24 in a few minutes. Thank you.
25          MS. RUSSELL: And if I receive any word from him, I'll

1 notify your staff.

2 THE COURT: Thank you.

3 MS. RUSSELL: Thank you.

4 (Whereupon, the case was passed, after which the following
5 proceedings were had:)

6 THE CLERK: 18 cv 4651, Weifang Jewelry vs. Schedule A
7 Defendants.

8 THE COURT: Good morning. This is the judge. Do we
9 have counsel for the plaintiff?

10 MR. STANLEY (appearing telephonically): Correct.
11 This is Michael Stanley for the plaintiff.

12 THE COURT: Good morning, Mr. Stanley.

13 The record will reflect that I had set this for an
14 in-person hearing. I called Mr. Stanley because he was not
15 here at 10:00 a.m. He advised me that there was a calendar
16 mishap, so I am allowing him to appear by telephone, and he is
17 present now by telephone.

18 We have counsel for the defendant Sorensen and Intuii
19 in person; is that correct?

20 MS. RUSSELL: Correct, Your Honor. Erin Russell for
21 Sorensen and Intuii.

22 THE COURT: Good morning to you.

23 MS. RUSSELL: Good morning.

24 THE COURT: We are here for a motion for leave to file
25 in this 2018 case an amended complaint, and I have reviewed the

1   filings.  I'm not going to hear argument this morning.  I may
2   have a couple of clarifying questions, but I'm prepared to
3   issue an oral ruling on that motion.
4           Mr. Stanley, I have a question for you.  There was a
5   deadline to amend that Judge Feinerman -- to whom this case was
6   previously assigned -- there was a deadline back in 2019 as set
7   forth in Docket 149, correct?
8           MR. STANLEY:  I believe so.
9           THE COURT:  And then I believe at Docket 182, the
10  plaintiff filed a motion for an extension of that time, and
11  that was denied at Docket 184 by Judge Feinerman; is that
12  correct too?
13          MR. STANLEY:  It appears to be the case, yes, your
14  Honor.
15          THE COURT:  Has there been any further motion for --
16  under Rule 16(b)(4) of the Federal Rules of Civil Procedure for
17  the plaintiff -- by the plaintiff seeking an extension of the
18  time to file motions regarding amended pleadings?
19          MR. STANLEY:  No.
20          THE COURT:  Very well.
21          Now, the record reflects that Judge Gilbert back in
22  February of this year at Docket 415, he entered an order noting
23  that discovery is complete and that settlement was not a
24  realistic possibility.  He did note that the plaintiff had
25  reported its intention to refile its motion for leave to file

1  an amended complaint. Then he cited two docket entries, 387,
2  which was the earlier motion for leave that I terminated
3  because of settlement discussions, as well as Docket 409, which
4  was where I did terminate that motion.
5          That was back at the end of 2023, end of September
6  2023. But Judge Gilbert entered that order at the end of
7  February of 2024, and then I didn't see anything filed by any
8  party for eight months. It was only through an audit of our
9  open cases -- I have over 400 civil cases, so we have to audit
10 the docket periodically.
11         I didn't see any filing from the plaintiff in that
12 time asking for leave to file an amended complaint; is that
13 correct?
14         MR. STANLEY: Correct.
15         THE COURT: Do you have any explanation for why it
16 wasn't until I set the case for a status hearing that the
17 plaintiff decided to resuscitate the request for filing an
18 amended complaint?
19         MR. STANLEY: I had seen that the parties were in kind
20 of a standoff, and it wasn't going to settle at that point.
21 What has changed since then is we had offered a -- made an
22 offer of judgment, and it's been accepted by the defendants in
23 their counterclaim, so now half the case is gone. So if it
24 proceeds, it will be just on the plaintiff's complaint, and,
25 you know, the settlement posture may be different.

1    THE COURT:  All right.  Thank you.

2    I am denying the motion for leave to amend on two
3 bases.  First, as noted in the case Flowers vs. Kia Motors
4 Finance, Seventh Circuit decision 105 F.4th 939, Seventh
5 Circuit 2024 at pages 944 to 945 -- the Seventh Circuit made
6 reference to an appellant's motion that was denied by the
7 district court, motion seeking leave to file an amended
8 complaint.  Seventh Circuit noted that that motion was filed
9 after the scheduling order deadline.

10   So the district court could have applied the good
11 cause standard of Federal Rule of Civil Procedure 16(b)(4).
12 Instead, in that case the Court applied the more lenient
13 standard of Rule 15(a)(2) which says the Court should freely
14 give leave to amend when justice so requires.

15   I am applying Rule 16(b)(4).  It's puzzling to me that
16 there was no motion in the eight months intervening between
17 when Judge Gilbert, Magistrate Judge Gilbert closed discovery
18 and noted the issue about the amended complaint and when I set
19 the case for a status hearing after an audit of the docket.  I
20 don't know why the plaintiff didn't file a motion to extend
21 that deadline or otherwise address the delay.

22   So I don't find that there's good cause under 16(b)(4)
23 to permit the amended complaint at this point given that the
24 amending of pleadings deadline ran five years ago.  As well, I
25 note that Judge Feinerman when he had the case had denied an

1 effort to extend that deadline.  So for that reason alone, I
2 think the motion is due to be denied.
3 　　　　If I were to apply Rule 15(a)(2), I still think that
4 the good cause -- or the standard, rather, of 15(a)(2) has not
5 been met.
6 　　　　One of the bases for not allowing amendment is when
7 the district court -- I should say one of the bases for finding
8 a good reason for not allowing an amendment is undue delay.
9 There was quite a bit of discussion between the parties in the
10 briefing about whether undue delay by itself is sufficient or
11 whether the -- we have to look at the prejudice to the opposing
12 party.
13 　　　　I think that here, there is undue delay even without
14 looking at the effect on the opposing party.  Given the length
15 that this case has been pending, given the delays in it, I do
16 think that I should be entitled under the justice standard set
17 forth in Rule 15 to consider the fact that the case is so aged
18 and has been proceeding in such fits and starts that the delay
19 is undue merely for purposes of docket management and the
20 interest of moving cases forward.
21 　　　　But I'll assume that I have to look at -- as well at
22 the prejudice to the non-moving party, and here for the reasons
23 stated in the defendants' brief, I do think that there would be
24 prejudice to the non-moving party.  Whether any motions
25 directed to the amended pleading would have merit, I don't

1 know. But it would require, if I were to allow amendment, it
2 would require the defendants to expend resources filing those
3 motions, one of which would be a motion to dismiss; another one
4 of which they suggested would be a motion to strike, given the
5 heated allegations in the proposed amended complaint, which I
6 will note I have reviewed, the redlined version.

7 Given that motion practice and the costs to the
8 plaintiffs as well as the plaintiffs' statement that they
9 would need -- I keep saying plaintiffs; I meant to say
10 defendants -- the defendants' statement that they would need to
11 ask the Court to reopen discovery, I do think that there would
12 be undue -- there is undue delay here, and there would be
13 prejudice to the defendants were I to allow an amended
14 pleading.

15 I'll note some of the language of Seventh Circuit case
16 law cuts both ways here. I will frankly and freely admit that.
17 For example, I'm looking at the case Allen v. Brown Advisory.
18 That's 41 F.4th 843. It's a 2022 Seventh Circuit decision.

19 And among other things, at page 853 of that case the
20 Seventh Circuit said, An amended pleading is less likely to
21 cause prejudice if it comes without delay or asserts claims
22 related to allegations asserted in prior pleadings.
23 Conversely, prejudice is more likely when an amendment comes
24 late in the litigation and will drive the proceedings in a new
25 direction.

1       I will concede absolutely that the claims asserted
2  largely relate to allegations in prior pleadings.  But it also
3  remains true under the Allen case that this request for an
4  amendment comes very late in this litigation and would tend to
5  drive the proceedings in a new direction in the sense that the
6  case might become about the allegations -- proposed allegations
7  concerning Sorensen's alleged status as a patent troll.
8       So for all of those reasons, I think there is undue
9  delay.  There is prejudice to the defendants who remain in this
10 case, and there is no good cause even backing up under
11 Rule 16(b)(4) to allow the amendment.  So the motion to amend
12 is denied.
13      Discovery is closed.  We need to resolve this case.  I
14 am setting the case for trial beginning March 17th.  You will
15 have one week to try the case.  That date will not be changed.
16 The case is set for trial.  I've seen no motions for summary
17 judgment.  Motions for summary judgment are to be filed within
18 30 days of the close of discovery.  There was no motion filed
19 by either side for summary judgment.
20      If you wish to ask for leave to file a motion for
21 summary judgment, you will have to file a motion in front of
22 me.  I may or may not grant that; I'll see what you say.  In
23 any event, you may not get a ruling on summary judgment before
24 the trial date.  This case needs to get resolved.  Trial is set
25 for March 17th, 2025.

1            Anything from the plaintiff?
2            MR. STANLEY:  No, your Honor.
3            THE COURT:  Thank you.  Anything from the defense?
4            MS. RUSSELL:  Not at this time, your Honor.
5            THE COURT:  Very well.  Thank you.  The hearing is
6    concluded.
7        (Concluded at 10:25 a.m.)
8                    *   *   *   *   *
9    I certify that the foregoing is a correct transcript of the
10   record of proceedings in the above-entitled matter.
11
12   */s/ Nancy C. LaBella*                    *January 21, 2025*
     Nancy C. LaBella, CSR, RDR, CRR
13   Official Court Reporter